UNITED STATES DISTRICT COURT
NORTHERNDISTRICT OF NEW YORK

---

Anne Pope, Janis Gonzalez, and Wanda Willingham,

Plaintiffs,

-against-

County of Albany, and the Albany County Board of Elections,

Defendants.

---

**COMPLAINT**

No. ~~XXXX~~- 1:11-CV-0736 (LEK/DRH)

## PRELIMINARY STATEMENT

1. This action is brought by three duly registered minority voters in the City of Albany, New York (hereinafter "Plaintiffs") whose rights to participate in the electoral process have been unlawfully denied or abridged. Plaintiffs file this action seeking declaratory and injunctive relief to prevent defendants County of Albany and Albany County Board of Elections ("Defendants") from holding any future Albany County Legislature elections or related processes under the current scheme implemented in 2004 or Albany County Local Law C of 2011, the redistricting plan signed into law by the Albany County Executive on June 6, 2011 ("Local Law C"). Local Law C dilutes the voting strength of minority voters by denying them meaningful participation in Albany County Legislature elections, in violation of Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973.

2. Plaintiffs present an alternative redistricting plan developed by the Arbor Hill Environmental Justice Corporation (the "AHEJ Plan") that demonstrates the feasibility of creating five majority-minority districts ("MMDs") and complying with Section 2 of the

Voting Rights Act. This plan was presented to the Legislature prior to the adoption of Local Law C, both before and on May 23, 2011.

3. Plaintiffs bring a civil rights action pursuant to 42 U.S.C. § 1973, 42 U.S.C. § 1983, and 42 U.S.C. § 1988 for deprivations of Plaintiffs' rights secured by Section 2 of the Voting Rights Act.

## JURISDICTION

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), and 42 U.S.C. § 1973(j).

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 because the cause of action arises under the laws of the United States.

## VENUE

6. Venue properly lies in the Northern District of New York pursuant to 28 U.S.C. § 1391(b) in that Defendants reside in this Federal district and a substantial part of the events or omissions giving rise to the claims occurred in this district. This is a related case.

## THE PARTIES

7. Anne Pope is a registered voter in Albany County, New York. She resides in the First Legislative District under both Local Law C and the AHEJ Plan.

8. Janis Gonzalez is a registered voter in Albany County, New York. She resides in the Sixth Legislative District under Local Law C and in the First Legislative District under the AHEJ Plan.

9. Wanda Willingham resides in Albany, New York, is a registered voter in Albany County and is an elected member of the Albany County Legislature. She resides in the Second Legislative District under both Local Law C and the AHEJ Plan.

10. Defendant County of Albany (hereinafter the "County") is a municipality organized pursuant to the laws of the State of New York, and its business office is located at 112 State Street, Albany, New York, which is located within the County of Albany, State of New York.

11. Defendant Albany County Board of Elections, pursuant to the laws of the State of New York, is vested with the authority and power to conduct county elections for the offices of members of the Albany County Legislature.

12. At all times relevant and material to this action, the Defendants, their officers, agents, attorneys and employees were responsible for the election policies and procedures for the County of Albany as well as all other governmental functions of the County.

## FACTS

### Legislative Districting in Albany County

13. Pursuant to the Albany County Charter, the Albany County Legislature (the "Legislature") is made up of 39 single-member districts.

14. The United States Constitution, Section 2 of the Voting Rights Act, the New York State Constitution, the New York Municipal Home Rule Law, and the Albany County Charter require that Albany County apportion the districts that make up the Legislature as defined so that each district contains approximately the same population and does not dilute minority voting strength.

15. On May 23, 2011, the Legislature passed Local Law C, which is the 2011 apportionment plan for the 39 legislative districts that comprise the Albany County Legislature.

16. A true and accurate copy of Local Law C is attached hereto as Exhibit A.

17. On June 6, 2011, Albany County Executive Michael G. Breslin signed Local Law C into law.

18. Local Law C violates Section 2 of the Voting Rights Act because it dilutes minority voting strength such that the political processes leading to nomination or election in Albany County are not equally open to participation by minorities in that they have less opportunity than majority citizens to participate in the political process and to elect representatives of their choice.

19. There are three different sets of legislative districts to which this complaint refers: (1) districts drawn by the Defendant County pursuant to a 2004 Federal consent decree; (2) Local Law C districts, which are those districts created by Local Law C that the Legislature passed and County Executive Michael G. Breslin signed into law in 2011 and that are the subject of this challenge; and (3) AHEJ Plan districts that were drawn by Arbor Hill Environmental Justice Corporation as an alternative to Local Law C.

**Population**

20. According to the 2010 U.S. Census, the population of Albany County is 304,204.

21. According to the 2010 U.S. Census, the non-Hispanic white population of Albany County is 231,152 or 76.0% of the County's total population. According to the 2000 U.S. Census and 2010 U.S. Census, the non-Hispanic white population of Albany County declined by 9,761 or 4.1% from the 2000 U.S. Census to the 2010 U.S. Census.

22. According to the 2010 U.S. Census, the non-Hispanic black population of Albany County is 36,396 or 12.0% of the County's total population. According to the 2000 U.S. Census and 2010 U.S. Census, the non-Hispanic black population of Albany County increased by 4,882 or 15.5% from the 2000 U.S. Census to the 2010 U.S. Census.

23. According to the 2010 U.S. Census, the Hispanic population of Albany County is 14,917 or 4.9% of the County's total population. According to the 2000 U.S. Census and 2010 U.S. Census, the Hispanic population of Albany County increased by 5,838 or 64.3% from the 2000 U.S. Census to the 2010 U.S. Census.

24. According to the 2010 U.S. Census, the minority population of Albany County is 73,052 or 24.0% of the County's total population. According to the 2000 U.S. Census and 2010 U.S. Census, the minority population of Albany County increased by 36.2% from the 2000 U.S. Census to the 2010 U.S. Census.

25. The shift of racial demographics between the 2000 and 2010 censuses took place in significant part in a geographically compact area located within the City of Albany (the "City").

26. According to the 2010 U.S. Census, the non-Hispanic white population of the City is 52,857 or 54.0% of the City's total population. According to the 2000 U.S. Census and 2010 U.S. Census, the non-Hispanic white population of the City decreased by 5,602 or 9.6% from the 2000 U.S. Census to the 2010 U.S. Census.

27. According to the 2010 U.S. Census, the non-Hispanic black population of the City is 28,479 or 29.1% of the City's total population. According to the 2000 U.S. Census and 2010 U.S. Census, the non-Hispanic black population of the City increased by 2,437 or 9.4% from the 2000 U.S. Census to the 2010 U.S. Census.

28. According to the 2010 U.S. Census, the Hispanic population of the City is 8,396 or 8.6% of the City's total population. According to the 2000 U.S. Census and 2010 U.S. Census, the Hispanic population of the City increased by 3,047 or 57.0% from the 2000 U.S. Census to the 2010 U.S. Census.

29. According to the 2010 U.S. Census, the minority population of the City is 44,999 or 46.0% of the City's total population. According to the 2000 U.S. Census and 2010 U.S. Census, the minority population of the City increased by 21.0% from the 2000 U.S. Census to the 2010 U.S. Census.

30. Despite the decrease in white voters and the dramatic increase in minority voters, Albany County failed to increase the number of majority-minority county legislative districts.

**Minority Representation in Albany County Government**

31. Upon information and belief, only one minority individual has ever been elected to a countywide office in Albany County.

32. Upon information and belief, only one minority individual has been nominated by a major political party to run for a countywide office in Albany County.

33. Upon information and belief, no minority individual held elective office in Albany County government until 1967.

34. Upon information and belief, only once has a major party endorsed a minority candidate to run in a majority white county legislative district.

35. Upon information and belief, Albany County has 23 unelected departments (Aging, Board of Elections, Alternate Public Defender, Children Youth and Families, Civil Service, Cornell Cooperative Extension, Crime Victim and Sexual Violence Center, Economic Development, Conservation and Planning, General Services, Health, Hockey Facility, Human Resources, Law, Management and Budget, Mental Health, Probation, Public Defender, Public Works, Residential Health Care Facilities, Sewer District, Social Services, and Veterans Bureau) that make up County Government and 23 Department heads who run the departments.

36. Upon information and belief, there has been only one minority individual ever to head any one of the government Departments in Albany County.

37. Upon information and belief, in addition to the 23 Departments, there are at least 38 Deputy Department heads who assist in the management of the aforementioned departments.

38. Upon information and belief, no minority individual is currently a Deputy Department head in Albany County.

**1990 Albany County Legislature Redistricting**

39. After receiving the 1990 U.S. Census data in 1991, the Legislature passed the local reapportionment law that redrew the 39 legislative districts that were created in 1980.

40. In 1991, the reapportionment law passed by the Legislature contained a single MMD.

41. In 1991, there was a sufficient geographically condensed and politically cohesive minority population in the City to create three MMDs.

42. Minority voters sued in the United States District Court for the Northern District of New York, alleging that the 1990 legislative districts and the 1980 legislative districts violated Section 2 of the Voting Rights Act.

43. The minority voters and Albany County entered into a consent decree dated November 13, 1991. A true and accurate copy of the consent judgment and decree is attached hereto as Exhibit B.

44. In approving the consent decree, the Honorable Con Cholakis, United States District Court Judge for the Northern District of New York, ordered that "[t]o remedy the existing claimed non-compliance with the Voting Rights Act," Albany County must adopt a "redistricting plan [that] include[s] three districts in the area of the City of Albany equal to or greater in black and Hispanic combined population of at least 63%." Exhibit B, ¶ 2 of Order.

45. Pursuant to the 1991 consent decree, three MMDs were created, and three minority legislators ultimately were elected from those districts.

**2000 Albany County Legislature Redistricting**

46. After receiving the 2000 U.S. Census data in 2001, the Legislature adopted Local Law J on December 2, 2002, which redistricted the County according to the 2000 Census.

47. In 2002, the Legislature's reapportionment law contained only three MMDs, the same number of MMDs as the 1991 consent decree directed the County to create.

48. In 2002, there was a sufficient geographically condensed and politically cohesive minority population in the City to create four MMDs.

49. Minority voters sued in the United States District Court for the Northern District of New York, alleging that the post-2000, Local Law J Legislative Districts violated Section 2 of the Voting Rights Act.

50. The Honorable Norman A. Mordue, United States District Court Judge for the Northern District of New York, by memorandum decision and order dated August 22, 2003, enjoined "the scheduled 2003 election of Albany County legislators pending adoption by the legislature of a new redistricting plan which creates a fourth majority/minority district determined to be compliant with the Voting Rights Act." A true and accurate copy of Judge Mordue's memorandum decision and order is attached hereto as Exhibit C.

51. Judge Mordue also noted, in his October 20, 2003 decision, that "[t]he County created the present circumstances by adopting a redistricting plan which flagrantly violated the rights of minority voters." A true and accurate copy of Judge Mordue's decision is attached hereto as Exhibit D.

52. The minority voters and Albany County entered into a consent decree and judgment dated August 19, 2004. A true and accurate copy of the consent decree and judgment is attached hereto as Exhibit E.

53. In his order approving the decree, Judge Mordue directed that the County of Albany conform to its agreement to "directly initiate the legislative process to amend Local Law No. 4 for 2003, adopted by the Albany County Legislature on September 5, 2003, by incorporating the changes set forth in the County's revised redistricting plan identified as Revision 4b2, dated July 12, 2004." Exhibit C. A true and accurate copy of Local Law No. 4, as amended to reflect the County's revised redistricting plan, is attached hereto as Exhibit F.

54. Pursuant to the August 19, 2004 consent decree, the County's revised redistricting plan created four MMDs, from which minority legislators are generally elected.

55. In 2004, several individuals and organizations, including Plaintiffs Willingham and Pope, brought a claim against Albany County, the Albany County Board of Elections, and several individual defendants concerning systematic and unlawful activity discovered in connection with absentee ballots and applications for them in Albany County, alleging violations of Voting Rights Act of 1965, and in violation of the Equal Protection Clause and Due Process Clause of the U.S. Constitution. By consent judgment and decree in this Court, dated January 22, 2007, Albany County and the Albany County Board of Elections agreed to reform policies and procedures with regard to absentee ballots and applications for them, including security procedures regarding absentee ballots, and agreed to promulgate a procedures manual for the Board's employees. A true and accurate copy of the consent judgment and decree dated January 22, 2007 is attached hereto as Exhibit G.

**2010 Albany County Legislature Redistricting**

56. From the 2000 U.S. Census to the 2010 U.S. Census, the minority population growth in Albany County occurred in significant part in a compact geographical area within the eastern part of the City of Albany.

57. Despite the growth of the minority population, the County enacted Local Law C, which kept the number of MMDs at four.

58. Local Law C violates established districting criteria by splitting up historic districts of minority voters with shared community interests, and diluting the voting strength and thwarting the natural growth of such communities of interest.

59. The Legislature formed the 2011 Redistricting Commission of the County of Albany, New York (the "Commission"). The Commission held public hearings throughout the County regarding the redistricting of the Legislature to receive input from the voters on how new legislative district lines should be drawn.

60. The Commission held a hearing neither in any minority community nor in any of the existing MMDs.

61. In response to complaints from members of the majority community, changes were made relative to the proposed redistricting plan as it was originally introduced. Despite the fact that members of the minority community also voiced complaints regarding the redistricting plan, none of those complaints resulted in changes.

62. On or about May 23, 2011, during a public hearing before the entire Legislature, Aaron Mair, a local community activist and party to the post-2000 districting litigation, presented the Legislature with a plan that would create five compact MMDs within the City. The AHEJ Plan is attached hereto as Exhibit H.

**Political Cohesion**

63. The black population and the Hispanic population in the County of Albany and in the City are politically cohesive.

64. Elections in Albany County have historically been characterized by racial polarization and remain that way today. Local elections are characterized by patterns of racial bloc voting.

**Discrimination**

65. There is a long history of discrimination against minorities in Albany County, and minorities continue to face the lingering effects of past official and private discrimination against them.

66. Minority residents of Albany County continue to bear the effects of past official discrimination in housing, health, education and employment opportunities, which serve to hinder their ability to effectively participate in the political process.

67. Minority residents of Albany County continue to fall behind the white population on common measures of socioeconomic status, educational attainment, and access to the resources necessary to participate effectively in the political process.

68. The Legislature recognized discrimination against minorities when it passed affirmative action resolutions in 1993 and 1996.

69. A true and accurate copy of the 1993 affirmative action resolution is attached hereto as Exhibit I.

70. A true and accurate copy of the 1996 affirmative action resolution is attached hereto as Exhibit J.

71. In 1991 this Court found a need "[t]o remedy the existing claimed non-compliance with the Voting Rights Act." Exhibit B, at 7.

72. In 2003, this Court concluded that "[t]he history of the County . . . demonstrates that except for elections in majority-minority districts, minorities have been effectively excluded from meaningful participation in County elections and governance." Exhibit C, at 24.

73. Members of the minority community in Albany County have been denied access to the candidate slating and nomination slating process for the Legislature.

## CAUSE OF ACTION

### Local Law C violates Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, by not creating a fifth majority-minority district for the Albany County Legislature.

74. Plaintiffs repeat and reallege all the preceding paragraphs of this complaint as if fully set forth herein.

75. Section 2 of the Voting Rights Act is a federal ban on any voting standard, practice or procedure that has the purpose or effect of denying or abridging the right to vote on account of race. Section 2 is violated where, in the totality of circumstances, members of racial and ethnic minorities have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice.

76. Local Law C created only four MMDs, while the minority population in Albany County and the 2010 U.S. Census data support the creation of a fifth MMD.

77. The black and Hispanic populations in the County of Albany are sufficiently large and geographically compact to constitute a majority in five legislative districts.

78. The black and Hispanic populations in the City are politically cohesive.

79. Upon information and belief, elections in Albany County have been and are generally characterized by racially polarized voting.

80. Upon information and belief, the white majority in Albany County votes sufficiently as a bloc to enable it to defeat the preferred candidates of minorities in all districts except the MMDs.

81. Elections in Albany County legislative races are characterized by an electoral process that greatly reduces the opportunity of members of the minority community to elect candidates of their choice.

82. Local Law C violates Plaintiffs' rights under Section 2 of the Voting Rights Act by diluting the voting strength of minority citizens in Albany County. Minority voters in Albany County are therefore denied an equal opportunity to that of white voters to elect candidates of their choice to the Legislature and have less opportunity than whites to participate in the political process.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendants, by:

(1) Declaring Local Law C void because it violates Section 2 of the Voting Rights Act;

(2) Preliminarily and permanently enjoining and restraining the Defendants County of Albany and Albany County Board of Elections, their officers, agents, attorneys, employees and successors in office as well as all persons in active concert with them from conducting the petition process, gathering signatures for elections, holding and conducting any further primary or general elections, or implementing or certifying elections in the districts under the current

scheme implemented in 2004 or those created by Local Law C for any term of office commencing January 1, 2012;

(3) Ordering in effect the AHEJ Plan, Exhibit G, for the election of members of the Legislature, or an alternative plan, under which all 39 members are elected from fairly drawn single-member districts that provide the minority voters of Albany County with a remedy for the above-stated violations of their rights;

(4) Ordering the appointment of a Special Master to assist the Court in drawing district lines for the Legislature that are consistent with the United States Constitution and the Voting Rights Act;

(5) Retaining jurisdiction to render any and all further orders that this Court may, from time to time, deem appropriate;

(6) Awarding Plaintiffs nominal damages in the amount of $1.00;

(7) Awarding Plaintiffs the costs, expenses and disbursements of prosecuting this action together with attorneys' fees pursuant to 42 U.S.C. § 1988;

(8) Retaining jurisdiction over this action until districting plans are in place that comply with the requirements of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973, and that give minority voters an equal opportunity to elect candidates of their choice to the Legislature; and

(9) Granting such other and different relief that the Court deems just and proper.

Submitted on this 29th day of June, 2011.

By: ______________________

Paul DerOhannesian II

DEROHANNESIAN & DEROHANNESIAN

Paul DerOhannesian II
derolaw@verizon.net
677 Broadway, Suite 202
Albany, New York 12207-2996
Telephone: 518.465.6420
Fax: 518.427.0614
Bar Roll No. 104792

GIBSON, DUNN & CRUTCHER LLP

Mitchell A. Karlan
mkarlan@gibsondunn.com
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Fax: 212.351.4035
Bar Roll No. 511874

*Attorneys for Plaintiffs*