# Exhibit 1

**CONSOLIDATED ALBANY COUNTY CHARTER**

**LOCAL LAW NO. 8 FOR 1993, AS AMENDED BY:**
**LOCAL LAW No. 7 FOR 1996**
**LOCAL LAW No. 6 FOR 1998**
**LOCAL LAW No. 7 FOR 1998**
**LOCAL LAW No. 8 FOR 2000**
**LOCAL  LAW No. 6  for  2003**
**LOCAL LAW No. 2 FOR 2004**

A LOCAL LAW OF THE COUNTY OF ALBANY, NEW YORK, REPEALING LOCAL LAW
NO. 2 OF 1973 AS AMENDED, ENTITLED A LOCAL LAW IN RELATION TO THE
ADOPTION OF A COUNTY CHARTER FOR THE COUNTY OF ALBANY, AND
ENACTING IN PLACE THEREOF A REVISED ALBANY COUNTY CHARTER

BE IT ENACTED by the County Legislature of the County of Albany as follows:

SECTION 1. Pursuant to Article 4 of the Municipal Home Rule Law of the State of New
York, the present Albany County Charter is hereby repealed, and a revised Albany County
Charter is hereby enacted in place thereof, to read as follows:

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| ARTICLE | 1 | Albany County and Its Government |
| ARTICLE | 2 | Legislative Branch |
| ARTICLE | 3 | Executive Branch |
| ARTICLE | 4 | Department of Audit and Control |
| ARTICLE | 5 | Department of Finance |
| ARTICLE | 6 | Financial Procedures |
| ARTICLE | 7 | Department of Public Works |
| ARTICLE | 7A | Department of General Services |
| ARTICLE | 8 | Department of Social Services |
| ARTICLE | 9 | Department of Health |
| ARTICLE | 10 | Department of Mental Health |
| ARTICLE | 11 | Department of Planning and Conservation |
| ARTICLE | 12 | Department of Human Resources |
| ARTICLE | 12A | Department of Civil Service |
| ARTICLE | 13 | Board of Contract Administration |
| ARTICLE | 14 | Service Relationships |
| ARTICLE | 15 | Department of Law |
| ARTICLE | 16 | Department of Records |
| ARTICLE | 17 | District Attorney |
| ARTICLE | 18 | Sheriff |
| ARTICLE | 19 | Coroners |
| ARTICLE | 20 | Department of Consumer Affairs |
| ARTICLE | 21 | Human Services Advisory Board |
| ARTICLE | 22 | Department of Residential Health Care Facilities |

ARTICLE   23         Public Defender
ARTICLE   24         Department of Aging
ARTICLE   24A        Department for Children, Youth & Families
ARTICLE   25         Other County Boards, Offices, Institutions and Functions
ARTICLE   26         General Provisions
ARTICLE   27         Application of Charter
ARTICLE   28         Other County Functions

# ARTICLE I

## ALBANY COUNTY AND ITS GOVERNMENT

Section    101.     Title and purpose.
           102.     County status, powers and duties.
           103.     Effect on state laws.
           104.     Effect on local laws, ordinances and resolutions.
           105.     Gender.
           106.     Definitions.

Section 101. Title and purpose. This Charter, together with any and all amendments, if any, shall provide for and constitute the form of government for Albany County (the "County") and be known as the "Albany County Charter." Among the purposes of this Charter are the separation of legislative and executive functions and responsibilities, the securing of the greatest possible county home rule, except where supersession is restricted by New York State Law, and the increase of efficiency, economy and responsibility in Albany County government.

Section 102. County status, powers and duties. The County shall be and remain a municipal corporation and exercise all of the rights, privileges, functions and powers conferred upon it by this Charter and any other applicable statute not inconsistent with such Charter. It shall be subject to all duties and obligations imposed upon it by existing or subsequent laws not inconsistent with this Charter, including all powers necessarily incidental to, or which may be fairly implied from the powers specifically conferred upon the County.

Section 103. Effect on State laws. This Charter provides a form and structure of county government in accordance with the provisions of the Municipal Home Rule Law. All special laws relating to the County and all general laws of the State of New York (the "State") shall continue in full force and effect except to the extent that such laws have been repealed, amended, modified or superseded in their application to the County by enactment and adoption of this Charter. Within the limitations prescribed in the Municipal Home Rule law, wherever and whenever any State law, general, special or local in effect, conflicts with this Charter or is inconsistent with this Charter, such law shall be deemed, to the extent of such conflict or inconsistency, to be superseded by this Charter insofar as the County is affected.

Section 104. Effect on local laws, ordinances and resolutions. All local laws, ordinances and resolutions of the County legislature previously adopted, and all of the laws of the State relating to the towns, cities, villages or districts of the County all continue in full force and

effect, except to the extent that such laws have been repealed, amended, modified or superseded in their application to the County by the enactment and adoption of this Charter.

Section 105. Gender. Whenever the context shall require, all words used in this Charter in the female gender shall be deemed to include the male or neuter gender, all singular words deemed to include the plural, and all plural words deemed to include the singular.

Section 106. Definitions. All terms not otherwise defined in this Charter shall have the meanings provided below:

a. "Administrative Code" shall mean the Administrative Code, if any, adopted by the County Legislature.

b. "Administrative Unit" shall mean any department, division, bureau, office, board or commission or other agency of County government., or any subordinate part of the foregoing.

c. "Administrative Head" shall mean the head of any Administrative Unit.

d. "Authorized Agency" shall mean any agency authorized by this Charter, Administrative Code or applicable law, including, but not limited to, those authorized by the County Law, to receive and expend County funds for a County purpose.

e. "Capital Program" shall mean the plan of Capital Projects proposed to be undertaken during a five-year period, the estimated cost of such projects, and the proposed method of financing. It shall be arranged in such manner as to indicate the order of priority of each project, and to state for each project:

(i) a description of the proposed project and the estimated total cost;

(ii) the proposed method of financing, indicating the amount proposed to be financed by direct budgetary appropriation or duly established reserve funds; the amount, if any, estimated to be received from the federal and/or state governments; and the amount to be financed by the issuance of obligations, showing the proposed type or types of obligations, together with the period of probable usefulness for which they are proposed to be issued; and

(iii) an estimate of the effect, if any, upon operating costs of the municipal corporation within each of the three fiscal years following completion of the project.

f.  "Capital Project" shall mean (i) any physical betterment or improvement including furnishings, machinery, apparatus or equipment for such physical betterment or improvement when first constructed or acquired, or (ii) any preliminary studies and surveys relating to any physical betterment or

improvement, or (iii) land or rights in land, or (iv) any combination of (i), (ii), or (iii).

g.  "Chairperson" shall mean the chairperson of the County Legislature.

h. "Charter" shall mean this Albany County Charter and all its amendments, if any.

i. "Clerk" shall mean the clerk of the County Legislature.

j.  "County" shall mean the County of Albany.

k. "County Executive" shall mean the elective chief executive officer of the County, who shall govern according to those powers provided for in this Charter, or under any other provision of applicable law.

l.  "County Law" shall mean the County Law of the State of New York.

m. "County Legislature" shall mean the elective legislative, appropriating and policy determining body of the County. Whenever the term "County Board", Board of Supervisors," "County Governing Board," or it elective governing body of the County," is referred to in any law it shall be deemed to mean and refer to the County legislature.

n.  "Department" shall mean the Administrative Unit which is the primary level of County government.

o.  "Department Head" shall mean the administrative head of any Department, and may also be referred to herein as a Commissioner or Director.

p.  "Division" shall mean the Administrative Unit which is the secondary level of County government.

q.  "Election Law" shall mean the Election Law of the State of       New York.

r.  "Executive Law" shall mean the Executive Law of the State of New York.

s.  "Final Annual Budget" shall mean the final annual budget of the County, as adopted by the County Legislature by December 20th of each year.

t.  "General Municipal Law" shall mean the General Municipal Law of the State of New York.

u.  "Legislative Budget Report" shall mean the report by the County Legislature containing proposed changes to the Tentative Annual Budget.

v.  "Legislative Operational Budget" shall mean the operational budget for the County Legislature and its staff.

w.  "Local Law" shall mean a legislative act of the County Legislature adopted pursuant to the Municipal Home Rule Law, but shall not mean or include a resolution, ordinance or other similar act of the County Legislature.

x.  "Local Finance Law" shall mean the Local Finance Law of the State of New York.

y.  "Municipal Home Rule Law" shall mean the Municipal Home Rule of the State of New York.

z. "Political Party Committee" shall mean any committee of a political party, as defined under the Election Law of the State of New York.

aa. "Public Office" shall mean any office of federal, state or local   government whether elected or appointed.

ab. "Public Officers Law" shall mean the Public Officers Law of the State of New York.

ac. "Quorum" shall mean a majority of the Whole Number of the membership of the County Legislature, other group of persons or officers charged with any County public power, authority or duty to be performed or exercised by them jointly.

ad. "Real Property Tax Law" shall mean the Real Property  Tax Law of the State of New York.

ae. "Secretary of State" shall mean the Secretary of State of the State of New York.

af. "Tentative Annual Budget" shall mean the tentative annual budget proposed for the County by the County Executive for submission to the County Legislature.

ag. "Whole Number" shall mean the total number of persons which the County Legislature or other group of persons would have were (i) there no vacancies and (ii) none of the persons disqualified from acting.

## ARTICLE 2

## LEGISLATIVE BRANCH

Section    201.        County Legislature; status and title.
           202.        County legislators; qualifications; term.

This document is a consolidation of relevant local laws. It has not been adopted in this format.

203.    Organization; officers; committees.
204.    Compensation of County Legislators, Chairperson, Clerk, deputy clerk, and other employees of the County Legislature.
205.    Vacancies.
206.    Districts.
207.    Change in-districts.
208.    Powers and duties of the County Legislature.
209.    Filing and publication of local laws; judicial notice.

Section 201.  County Legislature; status and title. The legislative branch of the government of the County shall consist of an elective governing body which shall be known as the Albany County Legislature. Its members shall be known as County Legislators. The County Legislators shall be elected from each of the districts into which the County shall be divided as provided in this Charter. The County Legislature shall constitute the legislative, appropriating and policy determining body of the County.

It is not the intention of this Charter to abolish, supersede, curtail or in any way affect any powers or rights heretofore conferred upon or delegated to the prior County legislature, nor shall the provisions of this Charter be construed as superseding any provisions of any law, resolution, or enactment having the effect of law, relating to the functions, powers, duties, rights, methods or procedures of the prior County Legislature, unless a contrary intention is clearly manifested from the express provisions of this Charter.

Section 202. County legislators; qualifications; term. All County Legislators shall be electors of the County and have been residents continuously in the County and the district represented for at least one year prior to taking office. Each County Legislator shall reside in the district from which that County Legislator seeks election at the time of nomination for office, and continue to be a resident of the County and of the district within the County which she represents for the entire term of her office, subject, however, to the following exception: in the case of an election immediately following the reapportionment of County Legislative districts, the incumbent County Legislator representing a district redrawn in such reapportionment shall be eligible for nomination for election in either the district of residence, or any newly drawn district which is contiguous to the district of residence, provided that the County Legislator shall become a resident of the district represented prior to taking office. Members of the County Legislature shall be nominated at the primary election in the same manner other County officers are nominated pursuant to the provisions of the Election Law.

Except as provided in this Section 202, or as otherwise provided by law, the term of office for each member of the County Legislature shall begin on January 1st following the member's election. The elections for County Legislators shall be conducted at the general election of 1995 and at general elections every fourth year thereafter.

Section 203. Organization; officers; committees. (a) The County Legislature shall meet on or before January 8th following its election, and in each even numbered year thereafter, for the purpose of organization and for the transaction of such other business as may come before it.

After such organizational meeting, the County Legislature shall hold monthly meetings on the days designated in the rules of the County Legislature, and at such other times as it may fix by resolution, duly adopted by a vote of a majority of the Whole Number of the County Legislature, or as authorized by its rules.

(b) At the organizational meeting of the County Legislature a permanent Chairperson shall be elected. The Chairperson shall serve until the next organizational meeting of that County Legislature. In case of her death, removal, resignation or retirement from the County Legislature, a successor Chairperson shall be elected for the unexpired term. In the event of a failure to elect a permanent chairperson on any day provided in this Charter, the County Legislature shall adjourn from day to day, Sundays and holidays excepted, until a Chairperson is elected.

(c) The Chairperson shall have and may cast the vote to which she is entitled as a member of the County Legislature.

(d) At the organizational meeting of the County Legislature in January 1996, and at each organizational meeting thereafter, the County Legislature shall appoint a Clerk, a deputy clerk, and such majority and minority counsels as it may deem appropriate, together with such other employees as it may deem necessary. Such officers and employees of the County Legislature shall serve until the next organizational meeting of the County legislature. Any majority and minority counsels which may be appointed shall be appointed in the manner provided for in the rules of the County Legislature. The deputy clerk shall perform the duties of the Clerk in the Clerk's absence and such other duties in connection with that office as directed by the County legislature or Clerk. The Clerk and deputy clerk shall each give a bond in amount, and with such sureties as the County Legislature shall require.

(e) The County Legislature shall have power to enact local laws, resolutions or rules fixing the dates and time of its sessions, which shall govern the conduct of the members at such sessions and the manner of transacting business, prescribe penalties for the failure of members to attend stated or adjourned meetings and the manner of enforcing or collecting such penalties, and fix the time when and the form in which reports shall be made to the County Legislature by any officer of the County.

(f) The standing committees prescribed by the rules of the County Legislature, or by any local law adopted by the County Legislature, or which may hereafter be adopted by the County Legislature, shall be appointed by the Chairperson within twenty days of the Chairperson's election. Such appointments shall be in writing and filed with the Clerk of the County Legislature, who shall give notice of such appointments to the members of the County Legislature. The committee members shall continue in office until successors have been appointed, but no member of the County Legislature whose term shall have expired, or who shall have resigned or been removed from office, shall continue to serve on any committee after she has ceased being a member of the County Legislature.

(g) The rules of the County Legislature shall indicate the proportionate make-up of majority and minority members of committees.

Section 204. Compensation of County legislators, Chairperson, Clerk, deputy clerk, and other employees of the County Legislature. The County Legislature shall have the power to fix the compensation of its members and the Chairperson, which compensation shall be a stated annual salary to be paid in equal monthly installments by the County director of finance (the "Director of Finance"). The County Legislature may, however, fix the initial compensation of the County Legislature prior to the next election of such County Legislature. The compensation of the members and the Chairperson shall not be increased nor decreased during the term of office.

Expenses actually incurred by any County Legislator under the authority or direction of the County Legislature, outside the limits of the County, may be paid in the manner as other County charges, but no claims for expenses shall be audited or allowed which are not fully itemized and verified by affidavit of the claimant in the manner prescribed by law.

The Clerk, deputy clerk, and any majority and minority counsels and other employees of the County Legislature shall each receive a stated annual salary which shall be fixed by the County Legislature and paid in the same manner as other County salaries are paid.

The County Legislature shall have sole responsibility for the organization, appointment and removal of its staff. The County Legislature shall also have responsibility for the compensation to be paid for such legislative staff positions within the appropriations approved by the County Executive for such staff.

Section 205. Vacancies. A vacancy in the County Legislature shall be filled by appointment by a majority of the remaining members of the County Legislature within forty days of the vacancy. The appointee shall serve until the January lst following the next general election., at which election such vacancy shall be filled for the unexpired term. Any successor so appointed or elected shall possess all the qualifications required of members of the County Legislature as set forth in this Charter.

Any vacancy in any committee of the County legislature shall be filled by appointment by the Chairperson.

Section 206. Districts. For the purpose of electing County Legislators, the County shall be divided into thirty-nine districts. One County Legislator shall be elected to the County Legislature of the County from each of the districts. The thirty-nine districts within the County shall be as described in apportionment plans duly adopted by the County legislature.

Section 207. Change in districts. The County Legislature shall appoint a reapportionment commission of seven persons evaluate the existing County legislative districts for equity and representation in relation to population: (a) within six months after the publication of census tracts and block statistics based upon each federal census taken in the County; or (b) within six months after the publication of census tracts and block statistics based upon any federal or special population census, taken pursuant to Section 20 of the General Municipal Law, and held not more than once every five years; or (c) after any annexation which has the effect of increasing or decreasing the population of any County Legislative district by more than ten percent. The reapportionment commission shall include representation of the two principal

political parties, and residents of the County in such proportion so as to reasonably reflect the demographic composition of the County.

The reapportionment commission shall review the population data and within three months after appointment shall make recommendations, if necessary, in the form of a proposed local law as to changes in the boundaries of County Legislative districts. In its deliberations to redesign County Legislative districts, the reapportionment commission shall consider the application of the "one person, one vote" concept and the equal protection clauses of the fourteenth amendment of the United States Constitution and Article 1, Sections I and II, of the New York State Constitution.

Section 208. Powers and duties of County Legislature. The County Legislature shall have and exercise all of the powers and duties conferred upon the County Legislature as set forth in this Charter and now or hereafter generally conferred by applicable law, as well as all powers necessarily incidental thereto, and shall, for the purposes of general laws conferring powers upon boards of supervisors, be deemed a board of supervisors, and be the policy-making body of the County.

The County Legislature shall also have, but not by way of limitation, the following powers and duties:

(a) determining policy for the County and to adopt all necessary rules and regulations for its conduct and procedure;

(b) making appropriations, levy taxes, and incur indebtedness;

(c) equalizing real property taxes consistent with standards prescribed by State law and on the basis of information supplied by the New York State Board of Equalization and Assessment and the County Real Property Tax Service Agency;

(d) exercising all powers of local legislation in relation to enacting, amending or rescinding local laws, legalizing acts, ordinances or resolutions, subject to the veto of the County Executive as set forth in Section 309 of this Charter;

(e) adopting, amending or repealing by local law an Administrative Code, subject to the veto of the County Executive as set forth in Section 309 of this Charter, which shall set forth the details of administration of the County government, consistent with the provisions of this Charter. The Administrative Code may contain revisions and restatements of special laws, local laws, resolutions, rules and regulations as are consistent with this Charter;

(f) establishing a schedule of compensation for officers and employees paid from County funds. This schedule of compensation may establish a minimum and maximum for any class of employees, and an increase in compensation, within the limits provided for by any class of employees, as may be granted at any time by the County Executive or other appointing authority;

(g) fixing the amount of bonds of officers and employees paid from County funds;

(h) legalizing and validating any act had and taken in connection with a lawful municipal purpose by the governing board or other local body, officer or agency of a municipality wholly within the County, in the manner provided by Section 227 of the County Law;

(i) exercising legislative oversight of County programs and Administrative Units;

(j) adopting a budget in the manner set forth in the Charter;

(k) confirming, pursuant to Section 302 of this Charter, Administrative Unit Heads appointed by the County Executive;

(l) creating, altering, combining or abolishing Administrative Units within County government, provided that such Administrative Units are not headed by elected officials;

(m) approving contracts for the purchase and sale of real property, contracts for intergovernmental services and collective bargaining agreements, and those contracts subject to and in accordance with Article 13 of this Charter;

(n) determining and making provision for any matter of County government not otherwise provided for;

(o) preparing a Legislative Operational Budget; and

(p) designating on an annual basis, official newspapers for the publication of all enactments, notices and other matters required by law to be published.

Section 209. Filing and publication of local laws; judicial notice. The filing and publication of local laws shall be as provided in Section 27 of the Municipal Home Rule Law, and the courts shall take judicial notice all local laws adopted in such manner.

## ARTICLE 3

## EXECUTIVE BRANCH

| Section | 301. | County Executive; election; term; qualifications; compensation. |
| | 302. | Powers and duties. |
| | 303. | Vacancy |
| | 304. | Removal of County Executive. |
| | 305. | Deputy County Executive. |
| | 306. | Acting County Executive. |
| | 307. | [REPEALED] |
| | 308. | Appointment of Officers and Employees. |
| | 309. | Veto Power. |

Section 301. County Executive; election; term; qualifications; compensation. There shall be a County Executive who shall be an elector of the County, have been residing continuously in the County for at least one year preceding her election, and be elected from the County at large. Her term of office shall be four years and begin on the January 1st following her election. The election for County Executive shall be conducted at the general election of 1995, and at general elections every fourth year thereafter. At the time of her election and throughout her term of office, she shall be a qualified elector of the County and hold no other Public Office. Commencing January 1, 1995, she shall not hold the position of chair, vice-chair, secretary or treasurer or other comparable office of a County Political Party Committee. The County Executive shall receive such compensation for her duties as fixed by the County Legislature. The compensation of the County Executive shall not be increased nor decreased during her term of office.

Section 302. Powers and duties. The County Executive shall be the chief executive and elective officer of the County government and supervise the day-today administration of all Administrative Units, subject to the provisions of this Charter. In addition to any other powers and duties provided by this Charter or imposed by law, the County Executive shall have the following powers and duties:

(a) supervising the structure and organization of each Department and any other Administrative Units under her control;

(b) reporting to the County Legislature on the activities of all Administrative Units by March 15th of each year;

(c) appointing, subject to confirmation by the County Legislature, the Administrative Heads of all Departments and such other Administrative Units as set forth in this Charter which are subject to such confirmation, and filling any vacancy in the position of head of any such Administrative Unit not administered by an elected official:

(i) should the County Executive fail to make such appointment in writing, signed and filed in the offices of the Clerk and the County Clerk within a period of 30 days from a vacancy in such Department or Administrative Unit, as the case may be, the County Legislature may appoint such Department Head or Administrative Unit Head. In no event, unless a default occurs in the confirmation process by the County Legislature, shall any person appointed by the County Executive enter upon her office unless confirmation by the County Legislature shall have been filed by the Clerk in the offices of both the County Clerk and the Clerk.

(ii) In any event, the County Legislature must either confirm, or refuse to confirm, any such appointment by the County Executive within forty five days of the filing with the Clerk of the writing making such appointment.

(iii) In the event the County Legislature refuses to confirm any such appointment, the County Executive shall make a new appointment for such position, which shall be subject to confirmation pursuant to the procedure set forth herein.

(iv) Any individual appointed, or subject to appointment by the County Executive and confirmed by the County Legislature shall serve at the pleasure of the County Executive, and no such appointee shall hold office beyond the term of the County Executive by whom the appointment was made, except as otherwise provided by State Law or the provisions of this Charter.

(d) serving as the chief budget officer of the County, and as such, preparing and submitting to the County Legislature the Tentative Annual Budget, Capital Program, and accompanying message, all as provided in this Charter;

(e) executing contracts and agreements for the County, subject to the provisions of Article 13 of this Charter, and approving and executing those contracts as authorized in this Charter;

(f) exercising all executive and administrative powers in relation to any and all functions of County government not otherwise specified in this Charter; and

(g) possessing all necessary incidental powers to perform and exercise any of the duties and functions specified above or lawfully delegated to her.

Section 303. Vacancy. A vacancy, other than one occurring by expiration of a term in the office of County Executive, shall be filled by appointment of a qualified elector of the County by the County Legislature within 45 days from the time the vacancy occurs. The appointee shall hold office by virtue of her appointment until the January lst following the next general election, at which election a County Executive shall be elected for the balance of the unexpired term, if any. Any successor who shall be so appointed or elected shall possess all of the qualifications required for the office of County Executive as set forth in this Charter.

Section 304. Removal of County Executive. The County Executive may be removed in the manner provided in the Public Officers Law for the removal of other County officers.

Section 305. Deputy County Executive. The County Executive may appoint a Deputy County Executive, to serve at her pleasure. The Deputy County Executive shall act for and in place of the County Executive, except that a Deputy County Executive may not exercise the power of appointment, discharge or veto.

Section 306. Acting County Executive. The Chairperson shall be the acting County Executive and perform the duties of the County Executive when the County Executive is unable to perform for reasons other than absence from the County, temporary disability, or when a vacancy occurs in the office of the County Executive. The acting County Executive shall serve until the vacancy is filled pursuant to this Charter.

Section 307.  [REPEALED]

Section 308. Appointment of officers and employees.

(a) The County Executive shall appoint such officers and employees within the Executive branch as may be necessary for the performance of her duties. Any appointment by the County Executive shall be in writing and filed in both the office of the Clerk and the County Clerk within ten days after the date of such appointment. Except as otherwise provided in the Civil Service Law, no such appointee shall hold office beyond the term of the County Executive by whom the appointment was made, except as otherwise provided by this Charter and except that, unless removed, shall continue to serve until a successor is appointed and has qualified or until an interim appointment is made.

(b) The County Executive shall have sole responsibility for the organization, appointment and removal of her staff. The County Executive shall also have responsibility for the compensation to be paid for such positions, within the appropriations approved by the County Legislature for such staff.

(c) Except where inconsistent with this Charter, the officers and employees of each department shall be appointed by the head thereof and within appropriations made therefore.

Section 309. Veto Power.

(a) Except as specifically provided in Article 6 of this Charter, the County Executive shall have the power to veto any local law, ordinance or resolution passed by the County Legislature, other than local laws, ordinances or resolutions which relate solely to the rules and regulations of the County Legislature, and other matters pertaining solely to the conduct, procedures and internal organization and operation of the County Legislature, including, but not limited to:

> (i) the creation, operation, funding and abolition of standing and special committees of the County Legislature, standing boards and commissions created pursuant to this Charter and temporary studies, commissions, committees, task forces or other such groups created by the County Legislature;
>
> (ii) the appointments to boards, commissions or other such bodies by the Chairperson or the County Legislature, where the legislation creating such bodies authorizes the appointment of members to such bodies by the Chairperson or the County Legislature;
>
> (iii) the day-today operations of the County Legislature;
>
> (iv) the organization of the County Legislative staff, including the creation and abolition of positions for such staff and the compensation to be paid for such positions; and the appointment and removal of such County Legislative staff, and

(v) the adoption, amendment or repeal of rules of the County Legislature.

(b) (i) In the case of ordinances and resolutions, the County Executive shall have such veto power within 10 days (or in the case of a local law, 30 days) following receipt of a certified copy from the Clerk. A copy of such local law, ordinance or resolution shall, immediately after its passage, be separately certified by the Clerk and presented by the Clerk to the County Executive within two business days of passage.

(ii) If the County Executive approves such local law, ordinance or resolution, the County Executive shall sign it and return it to the Clerk, and it shall be deemed to have been adopted.

(iii) If the County Executive vetoes such local law, ordinance or resolution, it shall be returned to the Clerk with the objections stated, and the Clerk shall present such local law, ordinance or resolution, with such objections to the Chairperson within five days after receiving it from the County Executive for presentation at the County Legislature's next regular meeting, and such objections shall be entered in the County Legislature's journal.

(iv) The County Legislature, within forty-five days after the return of such objection to the Clerk, may, by a three-fifths vote of its Whole Number, override such veto. Only one vote shall be had to override such veto, which shall be taken by roll call and entered in the County Legislature's Journal.

(c)  If, within ten days (or in the case of a local law, thirty days,) after its passage, the County Executive shall not return any such local law, ordinance or resolution, either approved or
vetoed, to the Clerk, it shall be deemed to have been adopted with such effect as if it had been approved and signed by the County Executive.

## ARTICLE 4

### DEPARTMENT OF AUDIT AND CONTROL

<table>
<tr><td>Section</td><td>401.</td><td>Department of Audit and Control; County Comptroller.</td></tr>
<tr><td></td><td>402.</td><td>Election.</td></tr>
<tr><td></td><td>403.</td><td>Powers and duties.</td></tr>
<tr><td></td><td>404.</td><td>Vacancy.</td></tr>
</table>

Section 401. Department of Audit and Control; County Comptroller. There shall be a Department of Audit and Control, the head of which shall be the County Comptroller (the "Comptroller").

Section 402. Election. The Comptroller shall be a qualified elector of the County, and have been a resident continuously in the County for at least one year preceding her election, and be elected from the County at large. The term of office of the Comptroller shall be four years, and shall begin on January lst next following her election. The election for Comptroller shall be conducted at the general election of 1995, and at general elections every fourth year thereafter. She shall hold no other Public Office. Commencing January 1995, she shall not hold the positions of chair, vice-chair, secretary, treasurer or comparable office of a County political party committee. The compensation of the Comptroller shall be fixed by the County Legislature and not be increased nor decreased during her term of office.

Section 403. Powers and duties. The Comptroller shall:

(a) except as otherwise expressly provided in this Charter, have all the powers and perform all the duties conferred or imposed upon a Comptroller under the County Law;

(b) be the chief fiscal and auditing officer of the County;

(c) keep records of appropriations, funds and expenditures, and prescribe approved methods of accounting for County officers and Administrative Units;

(d) examine all requisitions for the encumbering of funds for expenditure of which the County is responsible, and certify as to the availability of funds for such purposes;

(e) audit and certify for payment all lawful claims or changes against the County or against funds for which the County is responsible;

(f) audit the financial records and accounts of all officers and employees charged with any duty relating to County funds or funds for which the County is responsible;

(g) procure statements from all depositories of County funds and funds for which the County is responsible, and reconcile such statements with the County accounts, and to consult with the Commissioner of the Department of Management and Budget with respect to the designation of a depository for County funds;

(h) submit to the County Legislature and County Executive annually, at the close of each fiscal year, or as soon thereafter as practicable, but in no event later than March 15th, financial reports in such form and detail and at such times as may be prescribed by the County Legislature; and

(i) perform such additional and related duties as may be prescribed by local law.

Section 404. Vacancy. A vacancy, other than one occurring by expiration of a term in the office of County Comptroller, shall be filled by appointment of a qualified elector of the County by the County Legislature within 45 days from the time the vacancy occurs. The appointee shall hold office by virtue of her appointment until the January 1st following the next general election, at which election a County Comptroller shall be elected for the balance of the

unexpired term, if any.  Any successor who shall be so appointed or elected shall possess all of the qualifications required for the office of County Comptroller as set fourth in this Charter.

# ARTICLE 5

## DEPARTMENT OF MANAGEMENT AND BUDGET

SECTION      501.      Department of Management and Budget; Commissioner; term.
             502.      Powers and Duties of Commissioner.
             503.      Real Property Tax Service Agency; Director.

Section 501. There shall be a Department of Management and Budget, the head of which shall be the Commissioner of Management and Budget. The Commissioner shall be in the unclassified service of civil service and shall be appointed by the County Executive, subject to confirmation by the County Legislature as provided in Section 302[c] of this Charter, and shall serve at the pleasure of the County Executive. Within the Department there shall be a Real Property Tax Service Agency.

Section 502. Powers and Duties. Except as otherwise provided in the Charter, the Commissioner of Management and Budget shall:

a) assist the County Executive in the preparation and administration of the Tentative Annual Budget, Capital Program, and Final Annual Budget, and in the study of administrative efficiency and economy.

b) have charge of the administration of all the financial affairs of the County, except as otherwise provided in this Charter;

c) receive and have custody of all public funds belonging to or handled by the County and have responsibility for the investment and management of such funds;

d) collect all taxes, assessments, license fees and other revenues of the County or for whose collection the County is responsible, except those payable by law to the County Clerk, Sheriff, or other County official;

e) deposit all funds coming into her hands in such depositories as may be designated by her in consultation with the Comptroller, subject to the requirement of law as to depositories and depositories' undertakings;

f) have responsibility for the custody, investment and management of any sinking funds provided for the payment or redemption of County debts;

g) submit to the County Legislature, annually as required by law and at such other times as may be required by the County Legislature, a complete financial statement containing a general balance sheet for the County; and

h) perform all duties required by any law to be performed by a County treasurer, unless such duties shall have been assigned to some other Administrative Unit.

i) have responsibility for the provision of management information services in support of the County's departments and administrative units.

Section 503. Real Property Tax Service Agency; Director. There shall be a Real Property Tax Service Agency which shall undertake the duties and have the powers specified for such agency in the Real Property Tax Law, and such other duties as may be required or delegated by the County Executive or the County Legislature. The Director of the Real Property Tax Service Agency shall be appointed by the County Executive subject to confirmation by the County Legislature as provided in Section 302(c) of this Charter, and serve at the pleasure of the County Executive. The Director of the Real Property Tax Service Agency shall serve as such for a term in accordance with the provisions of the Real Property Tax Law of New York.

## ARTICLE 6

## FINANCIAL PROCEDURES

| Section | | |
|---|---|---|
| | 601. | Oversight of County Financial Affairs. |
| | 602. | Fiscal Year. |
| | 603. | Preparation of the executive budget submission. |
| | 604. | Legislative Action on executive budget submission. |
| | 605. | Executive vetoes and legislative overrides. |
| | 606. | Supplemental and emergency appropriations. |
| | 607. | Reduction and transfer of appropriations after adoption of budget. |
| | 608. | Capital Program. |
| | 609. | Legislative action on capital budget. |
| | 610. | Lapse of appropriations. |
| | 611. | Performance of acts; scheduling. |

Section 601. Oversight of Financial Affairs. Oversight of the financial affairs of the County government shall reside in the County Legislature, which may, at any time, cause an examination and audit of the books, records and papers pertaining to the money, funds or other property belonging to the County, or over which the County shall have control.

Section 602. Fiscal year. The fiscal year of the County shall be the calendar year.

Section 603. Preparation of the Tentative Annual Budget.

(a) Preparation. A Tentative Annual Budget shall be prepared by the County Executive, or by the Commissioner of Department of Management and Budget, or such other officer as may be appointed by the County Executive, on behalf of the County Executive.

(b) Department requests. On or before July lst, each Administrative Unit Head shall submit to the County Executive and County Legislature estimates of revenues and appropriations required for their respective Administrative Unit for the ensuing year, including such estimates for contractual agencies funded through each Administrative Unit, with the cooperation of such contractual agencies. In the event any Administrative Unit Head fails to submit an estimate by July lst, the Commissioner of Department of Management and Budget shall prepare an estimate for that Administrative Unit.

(c) Review of requests. The Commissioner of Department of Management and Budget, upon receipt of the estimates of each of the Administrative Units, shall proceed to review such estimates with the heads of the Administrative Units and contractual agencies as the Commissioner of the Department of Management and Budget deems necessary. Officers or employees of the various Departments shall furnish data and information and answer inquiries pertinent to such review. The Audit and Finance Committee of the County legislature shall be entitled to the information developed by the various Administrative Units.

(d) Elements of the Tentative Annual Budget. Upon completion of her review, the Commissioner of Department of Management and Budget shall prepare the Tentative Annual Budget for the County Executive, which shall be filed with the Clerk on or before October 10th. Upon such filing, the Tentative Annual Budget submission shall become a public record in the office of the Clerk, and copies of it shall be made available by the Clerk for distribution. Elements of the Tentative Annual Budget submission shall be in compliance with the provisions of County law and include such material as the County Executive deems desirable, or the County Legislature may require. In addition, such submission shall include, but not be limited to:

(i) A budget message. The County Executive's Tentative Annual Budget shall explain the budget both in fiscal terms and in terms of the work programs. It shall outline the proposed financial plans of the County for both the current and ensuing fiscal year, describe the important features of the budget, provide aggregate figures for, indicate any major changes from the current year in financial policies, appropriations and revenues, together with the reasons for such changes, and summarize the County's debt position.

(ii) A maintenance and operations budget. The maintenance and operations budget shall provide a complete financial plan of all County funds and activities for the ensuing fiscal year and, except as required by applicable law or this Charter, shall be in such form as the County Executive deems desirable or the County Legislature may require. Such budget shall begin with a clear general summary of its contents, show in reasonable detail all estimated revenues, and indicate the proposed property tax levy and all proposed appropriations, including debt service for the ensuing fiscal year. It shall be arranged- so as to demonstrate revenues and appropriations for each fund, account, and Administrative Unit by item, including but not limited to, a description of each item, the previous year appropriations or revenues, the current year amount appropriated as amended to

date, the ensuing year's amounts requested by Administrative Units and the ensuing year amounts proposed by the County Executive. It shall indicate in separate sections:

> (x) the proposed objectives and appropriations for current operations during the ensuing fiscal year, detailed for each fund by Administrative Unit, program, purpose or activity, and the method of financing such appropriations; and

> (y) the estimated revenues and appropriations and appropriated fund balances for the ensuing year for each fund operated by the County. For any fund, the total of proposed appropriations shall not exceed the total of estimated revenues, plus appropriated fund balances.

(iii) A Capital Budget. The Capital Budget shall include the proposed capital expenditures, detailed for each fund, account, Administrative Unit item and the proposed method of financing each such expenditure. No capital expenditures for construction, reconstruction or acquisition of major Capital Projects or significant repairs, improvements or expansions, as defined in Section 608 of this Charter shall be proposed unless included in the Capital Program pursuant to Section 608 of this Article.

(iv) A Legislative Operational Budget. The Legislative Operational Budget shall include an estimate of appropriations required by the County Legislature for its operations, as submitted to the County Executive by the Clerk or such other officer or employee designated by the Chairperson no later than August 1st.

(v) Proposed local laws, resolutions or other ordinances. The County Executive shall propose any local laws, resolutions or other ordinances which may be required to implement the budget including, but not limited to, such actions as authorizing the property tax levy, authorizing or amending other new or existing revenue sources or to restructure Administrative Units to carry out the purposes of the budget.

Section 604. County Legislative action on budget.

(a) First Public Hearing. Not later than October 20th, the Clerk shall cause to be published in the official newspapers, and such other newspapers as may be designated by the County Legislature, a notice of the place and time (not less than five days after such publication, nor later than October 30th) at which the County Legislature will hold a public hearing on the Tentative Annual Budget as submitted by the County Executive.

(b) Legislative Budget Report. The Audit and Finance Committee (or other such committees as may be designated by the Chairperson) may also hold public hearings or meetings with the heads of the Departments and contractual agencies, as such committees deem necessary, to prepare the proposed Legislative Budget report containing proposed

additions and deletions to the Tentative Annual Budget submitted by the County Executive. The Legislative Budget Report shall be filed with the Clerk no later than November 20th.

(c) Second Public Hearing. Not later than November 20th, the Clerk shall cause to be published in the official newspapers, and such other newspapers as may be required by the County Legislature, a notice of the place and time, (not less than five days after such publication, nor later than December 1st) at which the County Legislature will hold a public hearing on the proposed legislative additions and/or deletions to the Tentative Annual Budget.

(d) Adoption of budget.

(i) After the conclusion of the public hearings, but in no event later than the December 8th, the Chairperson shall convene a regular or special meeting of the County Legislature to consider the Tentative Annual Budget and proposed legislative additions and/or deletions if any, for the ensuing year. The County Legislature may strike items from the Tentative Annual Budget appropriations or anticipated revenues from proposed maintenance and operation, capital and legislative budgets or reduce items therein, except appropriations required by law or for debt service. The County Legislature may add items to or increase items in such budget, provided that such additions or increases are stated separately and distinctly. Decreases or deletions shall not require County Executive approval nor be subject to County Executive veto. Capital appropriations for construction, reconstruction or acquisition of major capital projects or significant repairs, improvements or expansion thereto, as defined in Section 608 of this Article, shall not be adopted unless included in the Capital Program pursuant to Section 608 of this Article, or by an amendment thereto.

(ii) If the Tentative Annual Budget, as submitted by the County Executive, is adopted by the resolution of the County Legislature with no changes, or with decreases or deletions as the only changes thereto, such budget shall be deemed to have been adopted as the Final Annual Budget without any further action by the County Executive. If the budget as adopted by the County Legislature contains any additions or increases, however, that budget shall be presented by the Clerk to the County Executive, not later than December 8th, for her examination and consideration.

(x) If the County Executive approves all such additions and increases, she shall affix her signature to a statement to that effect and return the Tentative Annual Budget together with such statement to the Clerk, and the budget, together with such additions and increases, shall then be deemed adopted as the Final Annual Budget.

(y) If the Tentative Annual Budget, with additions or increases, is not returned by the County Executive to the Clerk with her objection, if any,

on or before 10:00 A.M. on December 12th, it shall be deemed adopted as the Final Annual Budget.

(iii) If the County Executive objects to any one or more of such added or increased items pursuant to this Section, she shall attach to the budget a statement of the added or increased items to which she objects, setting forth her reason therefore and shall, not later than December 12th by 10:00 A.M., return the Tentative Annual Budget with her objections to the Clerk, who shall present such Tentative Annual Budget to the County Legislature at a meeting to be held no later than December 16th. The County Legislature shall thereupon enter the objections upon its journal and proceed to reconsider the additions and increases to which objection is made by the County Executive. If, upon such reconsideration, two-thirds of the Whole Number of the County Legislature vote to approve such additions and increases, or any of them, the budget, with the additions and increases so approved, together with any additions and increases not so objected to by the County Executive, shall be deemed adopted. If the County legislature fails to act on or override such objections by a two-thirds' vote on or before December 18th, the objections and the budget shall become final and be deemed adopted, without the additions and increases objected to by the County Executive.

(iv) If the budget has not been adopted as herein provided on or before December 20th, then the Tentative Annual Budget, plus all deletions, additions and increases to which the County Executive has failed to object, shall constitute the Final Annual Budget for the ensuing fiscal year.

(v) Certification and availability. Four copies of the Final Annual Budget as adopted, shall be certified by the County Executive and the Clerk, and one each of such copies shall be filed in the office of the County Executive, the office of the Comptroller, the office of the Director of Finance and the office of the Clerk. The Final Annual Budget as so certified shall be a public record and be printed or otherwise reproduced and copies shall be made available to the public at suitable places in the County.

Section 605. Levy of taxes; inclusion of reserve for uncollected taxes. The net County tax requirement, determined by subtracting the total estimated revenues from the total proposed appropriations as set forth in the adopted Final Annual Budget, shall be levied in advance by the County Legislature on the taxable real property of the several tax districts of the county. The taxes so levied shall include an amount to be known as of reserve for uncollected taxes" which shall be a county charge. The County Legislature shall fix such an amount as it may deem sufficient to produce in cash form the collection of taxes and other revenues during the year monies required to meet the estimated appropriations of such year, provided that such reserve for uncollected taxes shall not be less than the face amount of unpaid taxes for the preceding completed fiscal year. The amount of all taxes, special ad valorem levies and special assessments levied upon any parcel of real property by the County Legislature shall, except as otherwise expressly provided by law, be and become a lien thereon as of January 1st of the fiscal year for which levied, and shall remain a lien until paid.

Section 606. Supplemental emergency appropriations.

(a) Recommendation and adoption. If during any fiscal year there are available (i) revenues received from sources not anticipated in the budget for that year or (ii) revenues received from anticipated sources but in excess of the budget estimates therefore, the County Legislature may, upon the written, request of the County Executive, or upon its own initiative make supplemental appropriations to meet a public emergency affecting life, health or property. To the extent that there are no available unappropriated revenues to meet such appropriations, the County Legislature may authorize the issuance of obligations pursuant to the Local Finance Law.

(b) Executive vetoes and legislative overrides. If the County Executive approves such supplemental appropriations, she shall affix her signature to a statement to that effect and return the resolution to the Clerk, and it shall then be deemed adopted. If the County Executive objects to such appropriation, she shall append to such resolution a statement setting forth the reason therefor and return it to the Clerk. The County legislature shall thereupon enter the objections upon its journal and proceed, should it so desire, to reconsider the appropriation to which objection is made by the County Executive. If upon reconsideration, two-thirds of the Whole Number of the County legislature votes to approve such transfer, the resolution shall be deemed adopted. If the County Legislature fails to act on or override such objections by two-thirds of the County Legislature, the objections shall become final, and the resolution without the transfers objected to shall be deemed adopted.

Section 607. Reduction and transfer of appropriations after budget adoption.

(a) If, at any time during the fiscal year, it appears that a deficit exists, or is likely to exist in any budget classification, the County Executive shall report to the County Legislature without delay the estimated amount of the deficit, any remedial action taken by her, and her recommendations as to further action. The County Legislature shall take such action as it deems necessary to prevent or minimize any deficit. For this purpose, the County Legislature may by resolution reduce one or more appropriations, but no appropriation for debt service may be reduced and no appropriation may be by more than the unencumbered balance thereof or below any amount required by law to be appropriated. The County Legislature may, if it so determines, borrow temporarily pursuant to the Local Finance Law in an amount not greater than such deficit for such purpose.

(b) The County Executive may, at any time during the fiscal year, transfer part or all of any unencumbered appropriation balance between classifications of expenditures within the same Administrative Unit, provided that prior approval by resolution of the County Legislature shall be required if the proposed transfer (i) would result in an increase exceeding $10,000.00 annually, during the fiscal year in any one line item in the budget as adopted, (ii) would affect any salary rate or salary total except as expressly permitted by this Charter or the Administrative Code, (iii) would represent an annual total of greater than 5% of the appropriation total for a given Administrative Unit, or (iv) would

transfer funds between Administrative Units. Upon written request by the County Executive, or upon resolution adopted on its own initiative, the County Legislature may immediately transfer part or all of any unencumbered appropriation balance from one Administrative Unit to another provided that no such transfer shall be made from appropriations for debt service and no appropriation shall be reduced below any amount required by law to be appropriated. If the County Executive approves such transfer, she shall affix her signature to a statement to that effect and return the resolution to the Clerk of the County Legislature, and such resolution shall be deemed adopted. If the resolution is not returned by the County Executive within four days of its receipt, it shall be deemed adopted. If the County Executive objects to such transfer, she shall attach a statement to the resolution setting forth the reasons for her objection and return the resolution to the Clerk of the County Legislature. The County Legislature thereupon shall enter the objections upon its journal and proceed, should it so desire, to reconsider the transfers to which objection is made by the County Executive. If upon such reconsideration, two-thirds of its Whole Number votes to approve such transfer, the resolution shall be deemed adopted. If the County Legislature fails to act on or override such objections by two-thirds of its Whole Number, the objections shall become final and the resolution, without the transfers objected to, shall be deemed adopted.

(c) A monthly report of all transfers of unencumbered appropriation balances between classification of expenditures within the same Administrative Unit shall be filed with the County Legislature by the County Executive.

Section 608. Capital Program.  All Capital Projects of the County shall be included in a Capital Program.

Submission to County Legislature. The County Executive shall prepare and submit to the County Legislature a five-year Capital Program no later than July 1st. The Capital Program shall include:

(a) a clear summary of its contents;

(b) a list of all capital improvements and other capital expenditures proposed to be undertaken during the next five fiscal years, with appropriate supporting information as to the necessity for each;

(c) cost estimates and recommended time schedules for each capital improvement and other capital expenditure;

(d) the method of financing for each capital expenditure and capital improvement;

(e) the estimated annual cost of operating and maintaining the facilities to be constructed or acquired; and

(f) identification of (1) those portions of the Capital Program for the construction, reconstruction or acquisition of major capital projects. A "major capital project" shall be

defined as (i) a building, capital facility or system comprising a component of the general fixed assets of the County which has a replacement cost of at least $250,000.00 and has a period of probable usefulness of at least 6 years, and (ii) any significant repairs, improvements or expansions to new or existing capital assets of the County, which have a cost of at least $250,000.00.

The above shall be revised and extended each year with regards to Capital Improvements still pending or in the process of construction or acquisition.

Section 609. Legislative action on Capital Program.

(a) Notice and hearing. The County Legislature shall publish in the official newspapers, and such other newspapers as it may designate, a summary of the Capital Program, and a notice stating:

> (i) the times and places where copies of the Capital Program are available for inspection by the public; and

> (ii) the time and place (which shall be not less than two weeks after such publication) for a public hearing on the Capital Program.

(b) Adoption. The County legislature shall adopt by resolution the Capital Program, with or without amendment after the public hearing, and on or before September 1st.

Section 610. Lapse of appropriation. Every appropriation, except an appropriation for a capital expenditure, shall lapse at the close of the fiscal year to the extent that it has not been expended or encumbered. An appropriation for a capital expenditure shall continue in force until expended, revised or repealed; the purpose of any such appropriation shall be deemed abandoned if three years pass without any disbursement from or encumbrance of the appropriation.

Section 611. Performance of acts; scheduling. The scheduling as the performance of an act may be changed by an Administrative Code if adopted by the County Legislature.

## ARTICLE 7

## DEPARTMENT OF PUBLIC WORKS

| Section | 701. | Department of Public Works; Commissioner; qualifications. |
|---------|------|-----------------------------------------------------------|
|         | 702. | Powers and duties. |
|         | 703. | Divisions of the Department. |

Section 701. Department of Public Works; Commissioner; qualifications. There shall be a Department of Public Works headed by a Commissioner of Public Works. The Commissioner of Public Works shall be appointed on the basis of her experience and qualifications for the duties of office. The Commissioner of Public Works shall be appointed by the County Executive,

subject to confirmation by the County Legislature as provided in Section 302(c) of this Charter and shall serve at the pleasure of the County Executive.

Section 702. Powers and duties. Except as otherwise provided in this Charter, the Commissioner of Public Works shall:

(a) have all the powers and duties of a County engineer and a County Superintendent of Highways pursuant to the highway law or other applicable law;

(b) have charge and supervision of the design, construction, and alterations of the County parking fields, drives, walks, docks, marinas, parks and recreational facilities, beaches, erosion projects, and such other structures and facilities in the nature of public works under the jurisdiction of the County;

(c) have charge and supervision of County facilities for drainage, flood control and water supply;

(d) furnish engineering and other services to the County Legislature, the County Executive, the Department of Planning, and other County Departments except as may be otherwise provided in this Charter; and

(e) perform such other functions concerning County property, public works and other matters as the County Legislature or the County Executive may, from time to time, direct.

Section 703. Divisions of the Department. There shall be the following divisions within the Department of Public Works; (a) division of highways, (b) division of parks and recreation, (c) division of highway engineering, and (d) such other divisions as may be created within the Department by local law, or resolution of the County Legislature. The head of each such Division shall be appointed by the Commissioner of Public Works.

## ARTICLE 7A

## DEPARTMENT OF GENERAL SERVICES

SECTION     A701.     Department of General Services; Commissioner; term.
            A702.     Powers and Duties
            A703.     Division of Code Enforcement

SECTION A701. Department of General Services. There shall be a Department of General Services, the head of which shall be the Commissioner of General Services. The Commissioner shall be in the unclassified service of civil service and shall be appointed by the County Executive, subject to confirmation by the County Legislature as provided in Section 302[c] of this Charter" and shall serve at the pleasure of the County Executive. Within the Department there shall be a Division of Code Enforcement.

SECTION A702. Powers and Duties. Except as otherwise provided in the Charter, the Commissioner of General Services shall:

a) make all purchases of materials, supplies and equipment, and contract for rentals and servicing of equipment for the County in accordance with applicable law.

b) provide management and maintenance services for the County's vehicle fleet with the exception of those heavy vehicles which maintain, improve and plow County highways.

c) provide management, maintenance, custodial and security services for the County's owned and leased buildings and real property, except where inconsistent with this Charter.

d) provide project management and engineering services in support of the County's capital program and ongoing major maintenance activities.

SECTION A703. Division of Code Enforcement. The Division of Code Enforcement shall enforce the New York State Uniform Fire Prevention and Building Code for all County owned buildings, premises and equipment. The head of the Division of Code Enforcement shall be appointed by and serve at the pleasure of the County Executive.

# ARTICLE 8

## DEPARTMENT OF SOCIAL SERVICES

Section     801.     Department of Social Services; Commissioner; term.
            802.     Powers and duties.

Section 801. Department of Social Services; Commissioner; term. There shall be a Department of Social Services headed by a Commissioner who shall be appointed on the basis of her administrative experience and her qualifications for the duties of office. The Commissioner of Social Services shall be appointed by the County Executive subject to confirmation by the County Legislature as provided in Section 302(c) of this Charter. The term of office of the Commissioner of Social Services shall be five years.

Section 802. Powers and duties. Except as otherwise provided in this Charter, the Commissioner of Social Services shall:

(a) have all the powers and perform all the duties conferred upon or required of a County Commissioner of Social Services under the Social Services Law of the State of New York, or other applicable law;

(b) administer all mandated and optional social service programs for needy persons throughout the County, including, but not limited to, elderly assistance programs, aid to

dependent children, aid to the disabled, child welfare, institutional care and other related programs;

(c) investigate suspected fraudulent applications for, and the receipt of, public assistance and refer cases where appropriate to the District Attorney for prosecution;

(d) within such appropriations as the County Legislature may make, to employ attorneys who shall act in cooperation and consultation with the Department of Law as legal advisors to the Commissioner, her staff, agents, designees and other employees of the Department of Social Services regarding issues pertaining to the provisions of the Social Services Law of the State and the performance of mandated duties and services as now or hereafter set forth in such law; and

(e) have all the powers and perform such other and related duties as shall be required or delegated to her by the County Executive, or the County Legislature.

## ARTICLE 9

## DEPARTMENT OF HEALTH

Section    901.    Department of Health, Commissioner; appointment; term.
           902.    Powers and duties.
           903.    County Board of health.
           904.    Sanitary code.

Section 901.  Department of Health Commissioner; appointment; term. There shall be a Department of Health headed by a Commissioner of Health. The Commissioner of Health shall be a physician licensed to practice medicine in the State of New York and possess the qualifications for that office as prescribed in the New York State Sanitary Code, or otherwise by the Public Health Council of the State of New York. The Commissioner of the Department of Health shall be appointed by the County Executive subject to confirmation by the County Legislature as provided in Section 302(c) of this Charter, and shall serve at the pleasure of the County Executive.

Section 902. Powers and duties. Except as otherwise provided in this Charter, the Commissioner of Health shall have all the powers and perform all the duties conferred or imposed upon County Health Commissioners and county boards of health by applicable law. In addition,, she shall perform such other and related duties as shall be required or delegated to her by the County Executive or the County Legislature.

Section 903. County Board of Health. There shall be in the Department a County Board of Health, the members of which shall be appointed by the County Legislature. The composition of such board in relation to the number of members and the professional, governmental, or other representation, and the terms of such members, shall be as provided in the public health law for a County Board of Health. The board shall, at the request of the Commissioner of Health, and may on its own initiative, advise the Commissioner of Health, County Executive and County

legislature on matters relating to the preservation and improvement of the public health and be advisory only except as provided for herein. The Board shall also advise the County legislature with respect to the qualifications of candidates appointed to the position of Commissioner of Health.

Section 904. Sanitary Code. The Sanitary Code of the County in effect on the date this Charter becomes effective shall be the Sanitary Code of the County. The Sanitary Code may be amended, repealed or otherwise changed as provided by applicable law.

The provisions of the Sanitary Code shall have the force and effect of law and shall be published as provided in the Public Health Law. Penalties for violation of the Sanitary Code shall be as provided in the Sanitary Code or other applicable law. Certified copies shall be filed with the Commissioner of Health, the Clerk and the County Clerk, and shall be received in evidence in all courts and proceedings in the State.

## ARTICLE 10

## DEPARTMENT OF MENTAL HEALTH

| Section | 1001. | Department of Mental Health; Director; qualifications. |
|---|---|---|
| | 1002. | Powers and duties. |
| | 1003. | Community Mental Health, Mental Retardation, and Alcoholism Services Board. |

Section 1001. Department of Mental Health; Director; qualifications. There shall be a Department of Mental Health headed by a Director and appointed on the basis of her administrative experience and qualifications for the duties of office. Such qualifications shall meet the standards fixed by the State Commissioner of Mental Hygiene and the Mental Hygiene Law of the State. The Director of the Department of Mental Health shall be appointed by the County Executive, subject to confirmation by the County Legislature, as provided in Section 302(c) of this Charter, and serve at the pleasure of the County Executive.

Section 1002. Powers and duties. Except as otherwise provided in this Charter, the Director of Mental Health shall have all the powers and perform all the duties now or hereafter conferred or imposed upon a director of a community services board by applicable law. She shall perform such other duties as may be required or delegated to her by the County Executive or the County Legislature.

Section 1003. Community Services Board. There shall be a Community Services Board which shall be appointed by the County Legislature. The composition of such board in relation to the number of members and the professional, governmental, or other representation, and the terms of such members, shall be as provided in the Mental Hygiene Law of the State for a community services board. Pursuant to the provisions of such law, such members may be reappointed without limitation The community services board shall recommend and suggest to the County Legislature and County Executive a program of community mental health services and facilities, adopt rules and regulations concerning the condition or operation of services and

facilities in the community mental health program, and exercise such other powers and duties as are prescribed in the Mental Hygiene Law of the State. The Board shall also advise the County Legislature with respect to the qualifications of candidates appointed to the position of Director of Mental Health.

# ARTICLE 11

## DEPARTMENT OF ECONOMIC DEVELOPMENT, CONSERVATION AND PLANNING

| Section | 1101. | Department of Economic Development, Conservation and Planning; Director; qualifications. |
|---------|-------|-------------------------------------------------------------------------------------------|
|         | 1102. | Powers and duties. |
|         | 1103. | County Planning Board. |
|         | 1104. | Divisions of the Department. |
|         | 1105. | Office of Natural Resource Conservation. |

Section 1101. Department of Economic Development, Conservation and Planning; Director; qualifications. There shall be a County Department of Economic Development, Conservation and Planning headed by a Director. The Director shall be a person qualified by professional training and experience in the Field of metropolitan, regional, County or municipal planning. The Director shall be appointed by the County Executive, subject to confirmation by the County Legislature as provided in Section 302(c) of this Charter, and shall serve at the pleasure of the County Executive.

Section 1102. Powers and duties. Except as otherwise provided in this Charter, the Director shall promote economic development in the County and have all the powers and duties now or hereafter conferred or imposed upon a County Director of Planning and Conservation by applicable law, and perform such other and related duties as shall be required or delegated to her by the County Executive or the County Legislature. The Director shall assist the County Planning Board in the performance of its duties and functions.

Section 1103. County Planning Board. There shall be in the Department a County Planning Board. The County Planning Board shall be composed of eight members, namely, the Commissioner of Public Works, the Commissioner of Management and Budget and the County Comptroller, each of whom shall be an ex-officio member and five persons who shall be appointed by and serve at the pleasure of the County Legislature. The County Planning Board shall be advisory to and assist the County Legislature and the Director on matters related to comprehensive metropolitan, regional, county and municipal planning and in performing the duties and responsibilities conferred upon a County Planning Board by Article 12-B of the General Municipal Law and on such other related matters as shall be required or requested by the County Legislature. The County Planning Board shall also advise the County Legislature with respect to the qualifications of candidates appointed to the position of the Director.

Section 1104. Divisions of the Department. There shall be in the Department such divisions as may be created within the Department by the County Legislature.

Section 1105. Office of Natural Resource Conservation. There shall be in the Department an Office of Natural Resources Conservation. Such office shall be advisory to and assist the Director of Planning and Conservation, the County Executive and the County Legislature on matters related to the inventory, conservation, management, and use of the natural resources of the County and County compliance with related environmental regulations.

## ARTICLE 12

## DEPARTMENT OF HUMAN RESOURCES

| Section | 1201. | Department of Human Resources; functions; |
|---------|-------|-------------------------------------------|
|         | 1202. | Powers and Duties. |
|         | 1203. | Division of Personnel Services. |
|         | 1204. | Division of Employee Relations. |
|         | 1205. | Division of Affirmative Action. |
|         | 1206. | Directors of the Divisions of Labor Relations and Affirmative Action; appointment. |

Section 1201. Department of Human Resources. There shall be a Department of Human Resources headed by a Commissioner who shall be appointed on the basis of her administrative experience and qualifications for the duties of office. Within such Department there shall be Divisions of Personnel Services, Labor Relations, and Affirmative Action. The Commissioner of the Department of Human Resources shall be appointed by the County Executive, subject to confirmation by the County Legislature as provided in Section 302(c) of this Charter, and serve at the pleasure of the County Executive.

Section 1202. Powers and Duties. Except as otherwise provided in this Charter, the Human Resources Commissioner shall:

(a) formulate and direct the County's overall human resource program, including, but not limited to, each of the Divisions in the Human Resources Department;

(b) be responsible for, and direct the coordination and centralizing of all County Human Resource Administrative Units and functions; and

(c) perform such other duties as may be delegated to her by the County Executive or County Legislature.

Section 1203. Division of Personnel Services. The Division of Personnel Services shall perform such personnel services as shall be directed by the Human Resources Commissioner.

Section 1204. Division of Labor Relations. The Division of Labor Relations shall exercise the duties of a negotiator in the area of employee relations and be the labor negotiator on behalf of the County and administer and implement the County's collective bargaining agreements.

Section 1205. Division of Affirmative Action. The Division of Affirmative Action shall administer all affirmative action programs and policies of the County and those required by applicable State and Federal law.

Section 1206. Directors of the Divisions of Labor Relations, and Affirmative Action. The Directors of the Divisions of Labor Relations and Affirmative Action who shall be appointed by the County Executive, after consultation with the Human Resources Commissioner, and such appointments shall be subject to the confirmation of the County Legislature, as provided in Section 302(c) of this Charter, and serve at the pleasure of the County Executive and the Human Resources Commissioner.

# ARTICLE 12A

## DEPARTMENT OF CIVIL SERVICE

Section      A1201.      Department of Civil Service; functions;
             A1202.      Director of Civil Service, appointment.

Section A1201.  Department of Civil Service.  There shall be a Department of Civil Service administered by a personnel officer or a municipal civil service commission which shall have all the powers and duties as set forth in the Civil Service Law of the State of New York.

Section A1202.  Director of Civil Service.  The Director of the Department of Civil Service shall be appointed by the County Executive, and such appointment shall be subject to the confirmation of the County Legislature.  The term of office of the Director of Civil Service, who serves as the County's personnel officer, shall be in accord with the provisions of the New York State Civil Service Law.

# ARTICLE 13

## BOARD OF CONTRACT ADMINISTRATION

Section      1301.      Board of Contract Administration.
             1302.      Other Contract Approvals.

Section 1301.  Board of Contract Administration. For the purpose of simplifying, clarifying and centralizing the approval process for contracts, there is hereby established a Board of Contract Administration. The Board shall be composed of the County Executive, the Chairperson of the County Legislature and the County Clerk. The Board of Contract

Administration is empowered to approve contracts for execution by the County Executive in amounts of not less than twenty thousand, and, not more than one hundred thousand dollars, or such higher amount as may be established by local law. The Board shall report periodically to the County Legislature, detailing the contracts approved by it.

Section 1302. Other Contract Approvals. The County Executive shall be empowered to approve and execute contracts in an amount less than twenty thousand dollars. The County Legislature shall be empowered to approve contracts for execution by the County Executive in amounts over one hundred thousand dollars, in addition to those mentioned in Section 208(m) of this Charter.

# ARTICLE 14

## SERVICE RELATIONSHIPS

Section      1401.      Local Government Functions, Facilities and
                         Powers.
             1402.      Contracts with Public Corporations and
                         Public Authorities.

Section 1401.  Local government functions, facilities and powers. No function, facility, duty or power of any city, town, village, school district or other district or of any officer thereof is or shall be transferred, altered or impaired by this Charter.

Section 1402. Contracts with Public Corporations and Public Authorities. The County shall have power to contract (a) with any public corporation, including, but not limited to, a municipal, district or public benefit corporation, public authority or combination of the foregoing, and (b) for the establishment, maintenance and operation of any facility or the rendering of any service which each of the contracting parties would have legal authority to establish, maintain, operate or render for themselves. The costs and expenses incurred, as well as charges for central facilities and administrative services relating to such entities, shall be borne proportionately by each such contracting party, as agreed upon by the parties.

# ARTICLE 15

## DEPARTMENT OF LAW

Section      1501.      Department of Law; County Attorney.
             1502.      Powers and Duties.
             1503.      Assistant County Attorneys.

Section 1501. Department of Law; County Attorney. There shall be a Department of Law headed by the County Attorney. She shall be duly admitted to the practice of law in the State of New York and a resident of the County. The County Attorney shall be appointed by the County

Executive subject to confirmation by the County Legislature as provided in Section 302(c) of this Charter, and serve at the pleasure of the County Executive.

Section 1502. Powers and duties. The County Attorney shall be the chief legal advisor for the County, and every agency and officer thereof, on all civil matters and proceedings. The County Attorney shall prosecute and defend on behalf of the County all civil actions and proceedings brought by or against the County, County officers and employees. She shall prepare all necessary papers and written instruments in connection with such representation; prepare resolutions, ordinances, legalizing acts and local laws on request to be presented for action by the County Legislature, notices and other items in connection with the County Legislature, and perform such other and related duties as may be prescribed by applicable law, the County Executive or by resolution of the County Legislature.

Section 1503. Assistant County Attorneys. The County Attorney shall have the power to appoint such confidential Assistant County Attorneys, officers and employees of her Department, as shall be authorized by the County Legislature and within the appropriations made by the County Legislature. All Assistant County Attorneys shall be duly admitted to practice law in the State of New York, be in the exempt class of the civil service and serve at the pleasure of the County Attorney.

# ARTICLE 16

## DEPARTMENT OF RECORDS

| Section | 1601. | Department of Records; County clerk; election |
|---------|-------|------------------------------------------------|
|         | 1602. | Powers and Duties.                             |
|         | 1603. | Records Management Officer; Hall of Records    |
|         | 1604. | Public Information Officer                     |
|         | 1605. | County Historian                              |

Section 1601. Department of Records; County clerk; election. There shall be a Department of Records headed by a County Clerk who shall be elected from the County at large. Her term of office shall be for four years, beginning on January 1st following her election. At the time of her election and throughout her term of office, she shall be a qualified elector of the County and shall hold no other Public Office. Commencing January 1st, 1995, she shall not hold the position of chair, vice-chair, secretary or treasurer of a County Political Party Committee. She shall have been a resident of the County continuously for at least of one year preceding her election. The compensation of the County Clerk shall not be increased or decreased during her term of office.

Section 1602. Powers and duties. Except where inconsistent with this Charter, the County Clerk shall appoint such deputies, officers and employees of the Department as may be authorized by resolution of the County Legislature, and shall have and exercise all powers and duties now or hereafter conferred or imposed upon her by any applicable law. She shall perform such other and related duties as shall be required or delegated to her by the County Legislature.

Section 1603. Records Management Officer; Hall of Records. The County Clerk shall serve as the County's records management officer, or such successor office as may be established under State law, with all powers and duties of such office. The County Clerk shall operate the County Hall of Records for the purpose of central management of the County's records and archives, within such appropriations as shall be made annually by the County Legislature.

Section 1604. Public Information Officer. The County Clerk shall also serve as the County's contact person for records access as described in Article 6 of the Public Officers Law.

Section 1605. County Historian. The role and duties of the County Historian are directly linked to the historical records maintained by the County Clerk. The County Executive shall appoint the County Historian pursuant to the New York State Arts and Cultural Affairs law, subject to the confirmation of the County Legislature as provided in Section 302(c) of this Charter. Compensation for such office, if any, shall be fixed by the County Legislature, except that, in the event that an employee of the County be appointed to such office, such County Historian shall serve without additional compensation.

## ARTICLE 17

## DISTRICT ATTORNEY

| Section | 1701. | Election |
|---------|-------|----------|
|         | 1702. | Powers and duties. |

Section 1701.  Election. There shall be a District Attorney elected from the County at large. Her term shall be for four years, beginning with January 1st following her election. At the time of her election and throughout her term of office she shall be a qualified elector of the County and be duly admitted to the practice of law in the State of New York. She shall hold no other Public Office. Commencing January 1st, 1995, she shall not hold the position of chair, vice-chair, secretary or treasurer of a County Political Party Committee. She shall be a resident of the County continuously for at least one year preceding her election. The compensation of the District Attorney shall not be increased or decreased during her term of office.

Section 1702. Powers and duties. The District Attorney shall have and exercise all powers and duties now or hereafter conferred or imposed upon her by any applicable law. The District Attorney shall have the power to appoint Assistant District Attorneys and employees as may be authorized by the County Legislature. Any Assistant District Attorneys appointed shall be duly qualified to practice law in the State of New York. The District Attorney shall perform such other and related duties as shall be required of or delegated to her by the County Legislature or County Executive.

## ARTICLE 18

## SHIERIFF

Section      1801.      Election.
             1802.      Powers and duties
             1803.      Office of Natural Disaster and Preparedness
                        and Emergency Management Service

Section 1801. Election. There shall be a County Sheriff elected from the County at large. Her term of office shall be for four years, beginning with January 1st, following her election. At the time of her election and throughout her term of office she shall be a qualified elector of the County, and hold no other Public Office. Commencing January 1st, 1996, she shall not hold the position of chair, vice-chair, secretary, treasurer or other comparable office of a County Political Party Committee. She shall have been a resident of the County continuously for at least one year preceding her election. The compensation of the Sheriff shall not be increased or decreased during her term of office.

Section 1802. Powers and duties. The Sheriff shall appoint such deputies, officers and employees as may be authorized by resolution of the County Legislature and within the appropriations made therefore. She shall have and exercise all powers and duties now or hereafter conferred or imposed upon her by any applicable law. She shall perform such other and related duties as shall be required of or delegated to her by the County Legislature.

Section 1803. Office of Natural Disaster Preparedness and Emergency Management Services. There shall be within the Office of the Sheriff an Office of Natural Disaster Preparedness and Emergency Management Services. The Office of Natural Disaster Preparedness and Emergency Management Services shall assist the County Executive and County Legislature in developing and implementing disaster preparedness programs and coordinating emergency response functions and such other functions and related duties as shall be authorized or required pursuant to the provisions of the Executive Law or other law or as may be delegated to said office by the County Legislature or the County Executive.

## ARTICLE 19

## CORONERS

Section      1901. Election.
             1902. Power and duties.
             1903. Vacancy

Section 1901. Election. There shall be four Coroners who shall be elected from the County at large. Their terms of office shall be four years, beginning with January lst following their election. At the time of the election of a Coroner and throughout her term of office she shall be a qualified elector of the County and hold no other Public Office. Commencing January lst, 1995, she shall not hold the position of chair, vice-chair, secretary or treasurer of a County Political Party Committee. She shall have been a resident of the County continuously for at least

one year preceding her election. The compensation of the Coroner shall not be increased nor decreased during her term of office.

      Section 1902. Powers and duties. The Coroners shall have and exercise all powers and duties now or hereafter conferred or imposed upon coroners by any applicable law and perform such other and related duties as shall be required or delegated to them by the County Legislature.

      Section 1903. Vacancy. A vacancy, other than one occurring by expiration of a term in the office of a County Coroner, shall be filled by appointment of a qualified elector of the County by the County Legislature within 45 days from the time the vacancy occurs.  The appointee shall hold office by virtue of her appointment until the January 1st following the next general election, at which election a County Coroner shall be elected for the balance of the unexpired term, if any.  Any successor who shall be so appointed or elected shall possess all of the qualifications required for the office of County Coroner as set fourth in this Charter.

## ARTICLE 20

## DEPARTMENT OF CONSUMER AFFAIRS

SECTION      2001.      Department of Consumer Affairs
                          2002.      Powers and Duties of Commissioner
                          2003.      Division of Weights and Measures; Director

      Section 2001. Department of Consumer Affairs. There shall be a Department of Consumer Affairs, the head of which shall be the Commissioner of Consumer Affairs. The Commissioner shall be in the unclassified service of civil service and shall be appointed by the County Executive, subject to confirmation by the County Legislature, as provided in Section 302[c] of this Charter, and shall serve at the pleasure of the County Executive. Within the Department there shall be a division of Weights and Measures.

      Section 2002. Powers and Duties. The Commissioner of Consumer Affairs shall formulate and direct the County's overall consumer affairs program to protect and promote the best interests of the Albany County consumer public.

      Section 2003. Division of Weights and Measures. There shall be a Division of Weights and Measures, the head of which shall be the Director of Weights and Measures. The Director of the Division of Weights and Measures shall be appointed by the County Executive, subject to confirmation by the County Legislature as provided in Section 302[c] of this Charter, and serve at the pleasure of the County Executive. The Director shall have and exercise all powers and duties now or hereafter conferred or imposed upon a county sealer by applicable law and perform such other and related duties as shall be required of or delegated to her by the County Executive or the County Legislature or the Commissioner of Consumer Affairs.

## ARTICLE 21

### HUMAN SERVICES ADVISORY BOARD

Section     2101.          Human Services Advisory Board.

Section 2101. Human Services Advisory Board. The County Legislature shall establish a Human Services Advisory Board. The purposes of the Human Services Advisory Board shall include:

(a) offering advice designed to promote and coordinate the delivery of human services by the County;

(b) advising the County Legislature with respect to the qualifications of candidates appointed to the positions of administrative head of the Departments of Social Services, Aging, Residential Health Care Facilities and the Department for Children, Youth and Families including the Youth Bureau.

(c) reporting from time to time to the County Legislature and the County Executive on progress in the coordination of the delivery of human services.

Section 2102. Members of the Human Services Advisory Board shall be appointed by the County Legislature. The Human Services Advisory Board shall include representation of client groups and the community at large.

## ARTICLE 22

### DEPARTMENT OF RESIDENTLAL HEALTH CARE FACILITIES

Section     2201.          Department; Director
            2202.          Powers and duties.

Section 2201. Department; Director. There shall be a Department of Residential Health Care Facilities headed by a Director. The Director of Residential Health Care Facilities shall have the qualifications of a nursing home administrator. She shall be appointed by the County Executive, subject to confirmation by the County Legislature as provided in Section 302(c) of this Charter, and serve at the pleasure of the County Executive.

Section 2202. Powers and Duties. The Director shall have and exercise all the powers and duties heretofore or hereafter lawfully granted or imposed by this Charter, local law or resolution of the County Legislature, or by applicable law not inconsistent with this Charter, which shall be necessary to enable her to manage and supervise the County Nursing Home and the Ann lee Home, and any similar institution of the County. The Director is responsible to and shall report

to the County Executive and the Chairperson any deficiencies in the operation of the Department, and submit proposed measures to correct such deficiencies.


# ARTICLE 23

## PUBLIC DEFENDER

Section    2301.    Public Defender; appointment.
           2302.    Division of Alternate Public Defender; appointments


Section 2301. Public Defender; appointment. There shall be an office of the Public Defender headed by an attorney duly admitted to the practice of law in the State. The Public Defender shall be appointed by the County Executive, subject to confirmation by the County Legislature as provided in Section 302(c) of this Charter, and serve at the pleasure of the County Executive. The Public Defender shall have the power to appoint such assistant public defenders and employees as may be authorized by the County Legislature and within the appropriations made for such purpose.

Section 2302. Division of Alternate Public Defender; appointments. There shall be a Division of Alternate Public Defender to provide representation for indigent-defendants who qualify for representation by the Public Defender's Office under state law, but where a conflict of interests precludes the Public Defender's office from providing representation. The Alternate Public Defender shall be appointed by the County Executive, subject to confirmation by the County Legislature as provided in Section 302(c) of this Charter, and serve at the pleasure of the County Executive. The County Executive shall have the power to appoint such assistant alternate public defenders and employees as may be authorized by the County Legislature and within the appropriations made for such purpose. The assistant alternate public defenders shall serve at the pleasure of the County Executive.


# ARTICLE 24

## DEPARTMENT OF AGING

Section 2401. Department of Aging; Commissioner. There shall be a Department for Aging which shall be responsible for devising a comprehensive County-wide plan for services for the Aging; for identifying gaps in such service and encouraging service provision; for applying for funds from all appropriate governmental and private sources for services for the aging; and for providing information relative to programs and services for the elderly in the County and sources of support for such programs and services. The Department Head shall be the Commissioner of Aging. The Commissioner of the Aging Department shall be appointed by the County Executive, subject to confirmation by the County Legislature as provided in Section 302(c) of this Charter, and serve at the pleasure of the County Executive. The Commissioner of

the Department for Aging shall perform such other and related duties as shall be required or delegated to her by the County Executive or the County Legislature.


# ARTICLE 24A

## DEPARTMENT FOR CHILDREN, YOUTH AND FAMILIES

| SECTION | A2401. | Department for Children, Youth and Families; Commissioner; term. |
| | A2402. | Powers and Duties. |
| | A2403. | Youth Bureau Director |

Section A2401.  Department for Children, Youth and Families.  There shall be a Department for Children, Youth and Families, the head of which shall be the Commissioner for Children, Youth and Families.  The Commissioner shall be in the noncompetitive class of the civil service and shall be appointed by the County Executive, subject to confirmation by the County Legislature as provided in Section 302(c) of this Charter.  The term of the Commissioner shall be five years.

Section A2402.  Powers and Duties.  The Commissioner for Children, Youth and Families shall:

a) establish, provide and administer a centralized intake and assessment service to address issues involving children, youth and families;

b) be responsible for the functions, powers, duties and obligations previously performed by the Commissioner of Social Services concerning preventive services to children and their families within the scope of Article 6 of the Social Services Law;

c) be responsible for the functions, powers, duties and obligations previously performed by the Commissioner of Social Services concerning child protective services to children and their families within the scope of Article 6 of the Social Services Law;

d) be responsible for the functions, powers, duties and obligations previously performed by the Commissioner of Social Services concerning out-of-home placement; and adoption services to children within the scope of Article 6 of the Social Services Law;

e) be responsible for and coordinate the operation and functions of the County Youth Bureau; and

f) perform such other and related functions concerning children, youth and families as the County Legislature or the County Executive may from time-to-time direct.

With respect to these functions, the Commissioner shall be deemed a "social services official" as that term is defined under New York State law.

Section A2403.  Youth Bureau.  There shall be a Youth Bureau which shall be responsible for devising, in consultation with the Youth Board established pursuant to the Executive Law, a comprehensive County-wide plan for services for Youth.  The Youth Bureau shall also be responsible for identifying gaps in youth services and encouraging service provisions, applying for funds from all appropriate governmental and private sources for services for youth, stimulating and revising programs and services for the young, cooperating with young residents of the County and organizations servicing or representing such individuals, and providing information relative to programs and services for the young in the County and sources of support for such programs and services.  The Director of the Youth Bureau shall be appointed by the County Executive, subject to the confirmation by the County Legislature as provided in Section 302(c) of this Charter, and serve at the pleasure of the County Executive.  The Director of the Youth Bureau shall perform such other and related functions as the County Legislature or the County Executive may from time-to-time direct.

# ARTICLE 25

## OTHER COUNTY BOARDS, OFFICES, INSTITUTIONS AND FUNCTIONS

| Section | 2501. | Probation Office; Director. |
|---------|-------|------------------------------|
|         | 2502. | [REPEALED] |
|         | 2503. | Airport; Director. |
|         | 2504. | [REPEALED] |
|         | 2505. | [REPEALED] |
|         | 2506. | Other boards, how appointed. |
|         | 2507. | Additional appointments by the County Executive. |
|         | 2508. | Ethics Commission. |

Section 2501. Probation Office; Director. There shall be a County Office of Probation headed by a Director appointed by the County Executive as provided in the Executive Law.

The Director of Probation shall exercise all powers and duties conferred upon Directors of Probation by applicable law.

Section 2502.  [REPEALED]

Section 2503. County Airport; Director. The County may have an Airport Director responsible for managing the County Airport. Any such Airport Director shall be appointed by the County Executive subject to confirmation by the County Legislature as provided in Section 302(c) of this Charter, and serve at the pleasure of the County Executive. Any such Airport Director shall have such powers and duties as provided by law and perform such other duties as may be required of her by the County Executive or the County Legislature.

Section 2504. [REPEALED]

Section 2505. [REPEALED]

Section 2506. Other boards; how appointed. The Board of Elections, the Alcoholic Beverage Control Board, the Forest District Practice Board, the Board of Commissioners of the County Sewer District and the County Youth Board shall continue as provided by law. Appointments to these Boards shall be made by the County Legislature. The appointment of any head, board or agency in relation to a County sewer, water, or any other County District of a similar nature shall be made by the County legislature.

Section 2507. Additional appointments to be made by the County Executive. The County Executive shall appoint the head of any other Administrative Unit not provided for in this Charter as it may be amended from time to time. All such appointees shall serve at the pleasure of the County Executive and have such powers and duties as shall be provided by law, except where such law shall be inconsistent with this Charter.

Section 2508. Ethics Commission. There shall be an Ethics Commission established pursuant to Article 18 of the General Municipal Law. The membership, powers and duties shall be established by local law.

# ARTICLE 26

## GENERAL PROVISIONS

Section          2601. Civil service rights continued; status of certain County officers previously elected or appointed.

2602. Members of County Legislature filling vacancies in County service.

2603.  Members of County Legislature filling vacancies in County service.

Section 2601. Civil service rights continued; status of certain County officers previously elected or appointed. The civil service status and rights of all County employees and their beneficiaries, including but not limited to those with respect to retirement and social security, shall not be affected by this Charter. Nothing contained in this Charter shall affect the terms of office of County Clerk, District Attorney, Sheriff, and Coroners as presently constituted. Nothing contained in this Charter shall affect the term of office of any County officer or member of any board or commission who shall have been appointed prior to the effective date of this Charter.

Section 2602. Classified service; exemptions. (a) All positions in all Administrative Units shall be in the classified service, except those held by the following: (i) elective Public Officers; (ii) Department Heads; (iii) members of all boards, commissions and committees. (b) The following positions in the classified service shall be included in the exempt class: (i) deputies authorized to act generally for and on behalf of their principals; (ii) the confidential secretaries to any Department Head; (iii) assistant attorneys; (iv) assistant County attorneys; and (v) assistant public defenders.

Section 2603. Members of County Legislature filling vacancies in County service. A person, otherwise qualified, who is a member of the County Legislature at the time a vacancy occurs in an office or position in County government service may be appointed to fill such vacancy provided that she shall have resigned prior to such appointment.

## ARTICLE 27

## APPLICATION OF CHARTER

Section    2701.    Adoption of Charter; when effective.
           2702.    Amendment of Charter.
           2703.    Continuity of authority; completion of
                    unfinished business.
           2704.    Charter clarification.
           2705.    Severability.
           2706.    Dates.
           2707.    Offices Abolished; Incumbent Continued.
           2708.    Submission of Electors.

Section 2701. Adoption of Charter; when effective. This Charter shall become effective on and after January 1, 1994, upon approval by public referendum in the manner provided by applicable law. An Administrative Code may be adopted and amended by local law at any time subsequent to the approval and adoption of this Charter.

Section 2702. Amendment of Charter. This Charter may be amended in the manner provided by the Municipal Home Rule Law. Any proposed amendment which would have the effect of transferring a function or duty of the County, or of a city, town, village, district or other unit of local government wholly contained within the County, shall not become operative unless it is approved by mandatory referendum as required by the Municipal Home Rule Law.

Further, any amendment which would (a) create or abolish an elective County office, (b) change the power or method of removing an elective County officer during her term of office, (c) abolish, curtail or transfer to another County office or agency any power of an elected County officer, or (d) change the form or composition of the County Legislature, shall be subject to a mandatory referendum.

Section 2703. Continuity of Authority; Completion of Unfinished Business. The performance of functions pursuant to the provisions of this Charter shall be deemed to constitute a continuation of such functions for the purpose of succession to all rights, powers, duties and obligations attached to such functions. Any proceedings or other business undertaken or commenced prior to the effective date of this Charter may be conducted and completed by the County officer or Administrative Unit responsible for such proceedings or other business under this Charter.

This Charter shall not be deemed to invalidate any obligations previously issued by the County or by any of its commissions, boards or agencies, and such obligations shall be and remain binding obligations of the County. In the event any obligation shall have been issued in anticipation of the issuance of bonds by the County, or by any of its commissions, boards or agencies, the County is hereby empowered to issue such bonds as legal and binding obligations of the County.

Section 2704. Charter Clarification. In the event any provision of this Charter is unclear or requires elaboration in its application to the County, the County Legislature may interpret such provisions in a manner not inconsistent with the provisions of the Municipal Home Rule Law.

Section 2705. Severability. If part of any provision of this Charter shall be adjudged by any court of competent jurisdiction to be invalid, such adjudication shall not affect, impair or invalidate the remainder of such provision, but shall be confined in its operation to the clause, sentence, paragraph, section or article thereof directly involved in the proceeding in which such adjudication shall have been rendered.

Section 2706. Dates. If any date specified in this Charter, falls, in any year, on a Saturday, Sunday or legal County holiday, then such date shall be deemed to refer to the next succeeding date which is not a Saturday, Sunday or legal County holiday.

Section 2707. Office Abolished; Incumbent Continued.

(a) Any person serving as a Department Head on December 31, 1993 shall continue to serve in such capacity in the following manner:

(i) Persons appointed for a fixed term shall continue in their office until the expiration of such fixed term. In the event a vacancy shall arise in any such office, the vacancy shall be filled in accordance with the provisions of this Charter.

(ii) Persons appointed by the County Legislature and serving at its pleasure shall continue to serve at its pleasure in their offices until December 31, 1995. In the event that a vacancy shall arise in any such office, the vacancy shall be filled in accordance with the provisions of this Charter.

(b) Effective January 1, 1996, the Buildings Department shall be consolidated into the Department of Public Works and the position of Superintendent of Buildings shall be incorporated into the Department of Public Works, Division of Buildings. Until such date, the Department of Buildings shall remain as established in the existing Albany County Charter.

Section 2708. Recognition of Districts. For the purpose of electing County Legislators, this Charter incorporates herein the Legislative Districts described in local Law No. 2 adopted on May 28, 1992.

Section 2709. Submission of Electors. This Charter shall be submitted to the electors of Albany County at the general election occurring November 2, 1993 .

## ARTICLE 28

## OTHER COUNTY FUNCTIONS

Section      2801.      Miscellaneous Administrative Functions.
             2802.      Power to Administer Oaths and Issue Subpoenas.

Section 2801. Miscellaneous Administrative Functions. Administrative functions not otherwise assigned by this Charter or the Administrative Code shall be assigned by the County Executive to an appropriate Administrative Unit.

Section 2802. Power to Administer Oaths and Issue Subpoenas. The Chairperson of the County Legislature, in accordance with Section 209 of the County Law and the County Executive and such other County officers as may be authorized by applicable law shall have the power to subpoena and compel the attendance of witnesses and the production of books, records and papers, as the same may be pertinent to their respective offices. Any County officer authorized to hold a hearing or conduct an investigation shall have the power to administer oaths in connection with such hearing or investigation.

SECTION 2. Pursuant to Municipal Home Rule Law Section 33, this Local Law, repealing the present Albany County Charter and enacting a revised Albany County Charter in public thereof, shall not become operative unless and until this Local Law is approved by the duly qualified voters of Albany County in the manner prescribed by law at the general election of November 2, 1993.