

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

NOV 13 1991

GEORGE A. RAY, Clerk
ALBANY

The NATIONAL ASSOCIATION FOR THE ADVANCE- )
MENT OF COLORED PEOPLE, et al.            )
                                          )
              PLAINTIFFS,                 )
                                          )
                                          )
         VS.                              )    Civil No. 91-CV-1288 CGC
                                          )
ALBANY COUNTY, NEW YORK, et al.,          )
                                          )
              DEFENDANTS.                 )
                                          )

## CONSENT JUDGMENT AND DECREE

This action, brought by the Plaintiff NAACP, its Albany County Branch and private plaintiffs, seeks declaratory and injunctive relief against the current configuration of the boundaries of the election districts for the single member seats of the members of the Albany County Legislature on the grounds that said boundaries potentially dilute the black voting strength in possible violation of rights secured to the Plaintiffs, and all others similarly situated, by Section 2 of the Voting Rights Act, as amended, 42 U.S.C. Section 1973, and that the current districts are violative of the one-person, one-vote doctrine of Article I, Section 2 of the U.S. Constitution.

The parties desire to resolve this action without further contested litigation and, for the purposes of settlement, stipulate to the following facts:

1.  This court has jurisdiction of this case under 28 U.S.C. 1331, 1343(a)(3) and (4), 2201 and 2202, and 42 U.S.C. Sections 1973 j(f), this being a civil action arising

under Section 2 of the Voting Rights Act, as amended, 42 U.S.C. Section 1973 and Article I, Section 2 of the U.S. Constitution.

2. Venue of this action in the Northern District of New York is proper under 28 U.S.C. Section 1391(c).

3. Albany County is located in and is a political subdivision of the State of New York.

4. The members of the Albany County Legislature are currently elected from thirty-nine single member districts by voters living within the boundaries of each particular district.

5. The County Executive is elected on an at-large basis.

6. According to the 1990 U.S. Census, the total population of Albany County, New York, is 292,594. Of this total, 257,512, or 88%, are white, 24,068, or 8.2%, are black, and 5,311, or 1.8%, are Hispanic. The vast majority of Albany County's black population lives in a limited area of the City of Albany.

7. Although Albany County contends that it has treated its citizens fairly, there is claimed a history of discrimination against blacks citizens of New York in education, housing, voting, and other aspects of life. It is claimed that Black citizens presently bear the lingering effects of past official and private discrimination against them. In general, Albany County's black citizens have a lower socioeconomic status than Albany County's whites. These factors may have adversely affected the right of blacks to register, to vote, and otherwise participate effectively in the political process.

8. Plaintiffs maintain that elections in Albany County have been and are generally characterized by racially polarized voting. Plaintiffs maintain that Albany County is preponderantly majority white in registered voters both throughout the County and within the existing legislative districts. It is claimed that the white majority votes sufficiently as a block to enable it to defeat the preferred candidates of blacks in all but those districts that have a substantial black majority.

9. Plaintiffs maintain that elections in Albany County are also characterized by an electoral process which may reduce opportunities for the black community to elect its candidates of choice.

10. After receiving the 1990 Census Data, the County attempted to reapportion and redrew the lines for the County legislative election districts. The plan adopted by the County was vetoed by the County Executive.

11. The plan that was vetoed created only one County Legislative district that is majority black in population. That district, District #3, was located in the City of Albany and had a greater concentration of black population than was necessary for the black community to elect its candidates of choice and potentially diluted the black vote by unnecessary packing.

12. Several other districts that included parts of the City of Albany had black populations ranging from approximately 20% to 48%. None of these districts contained a sufficient concentration of black population for the black community to have a reasonable opportunity to elect its candidates of choice and potentially diluted the black vote.

13. The County Legislature was unable to timely draw another new election plan, but intends to go forward with the 1991 elections using the districts that prevailed throughout the 1980's, with no reapportionment or adjustments for the 1990 Census.

14. The existing plan, when assessed with the 1990 Census data, creates one district, District 3, which is 71.79 percent Black and three districts that range in population, from 37 to 43 percent Black.

15. It is possible to create three majority Black County legislative districts in the area in and near the City of Albany which have sufficient concentration of black population for the black community to have a fair and equitable chance to elect its candidates of choice. Each of these districts would contain a combined black and Hispanic population of at least 63%.

16. In the context of the totality of the circumstances in Albany County, the current boundary lines for County legislative election districts may deny blacks equal access to the political process and dilute black voting strength.

17. The black population of Albany County is characterized by sufficient numerosity, political cohesion, and geographic concentration within particular areas of the county such that if members of the County Legislature were elected entirely from fairly drawn single member districts, black voters would likely be able to elect candidates of their choice for at least three of the positions on the Albany County Legislature.

18. The Albany County Legislature has been asked by the NAACP to redraw the boundaries for the County legislative districts so as to eliminate the alleged vote dilution described above. No change has been forthcoming and the upcoming elections for County

Legislature are to be held using the district boundaries that may dilute black voting strength.

19. At all times relevant hereto, the Defendants have maintained the challenged system of elections described in this Complaint while acting under the color of law, custom and usage of the State of New York, and Albany County.

20. Plaintiffs believe that the Defendants have therefore violated rights secured to the Plaintiffs, and the members they represent, by Section 2 of the Voting Rights Act of 1965, 42 U.S.C. Section 1973.

21. Under these circumstances and to avoid costly and time consuming litigation, the Defendants have proposed to reapportion and redraw the legislative district lines for the County Legislature of Albany County. The proposed redistricting plan will include three districts in the area of the City of Albany, equal to or greater than a combined black and Hispanic population of at least 63%.

22. The Plaintiffs agree that are no specific requirements for or restrictions upon the boundaries of the other thirty-six election districts for County Legislature so long as these do not infringe on the creation of the three majority Black and Hispanic districts discussed in Paragraph 21 above.

23. The County agrees to adopt these new legislative districts for the County Legislature not later than June 1, 1992, and to hold elections for the County Legislature using the new legislative districts not later than November, 1992.

24. The county agrees to adopt a legislative redistricting plan that shall include three majority Black and Hispanic legislative districts as described in paragraph 21 above.

25. The County agrees to provide minority representation on the redistricting commission by appointing at least three members of the commission based on recommendations made by the NAACP. The commission shall have no more than twelve members and shall be appointed in November, 1991, and make recommendations to the County Legislature prior to March 1, 1992.

26. The county agrees to provide further minority input into the Redistricting commission election district recommendations by means of at least three public forums to be conducted throughout the county on draft districts, including one within the minority community.

27. The County agrees to complete a redistricting plan in order to hold special elections for legislative seats at the General Election of November, 1992, for terms to commence on January 1, 1993, and to end on December 31, 1995.

28. The County agrees to afford the NAACP on-going input and participation with regards to broad based community issues which have significant impact on the minority community.

29. The County agrees to provide attorney fees and costs to both local and national counsel for the NAACP in the total amount of $8,000.

ACCORDINGLY,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The current legislative district lines that govern the election of members of the Albany County Legislature as viewed in the totality of the circumstances present in the County, may fail to comply with Section 2 of the Voting Rights Act, 42 U.S.C. § 1973.

2. To remedy the existing claimed non-compliance with the Voting Rights Act and Article I, Section 2 of the U.S. Constitution, the Albany County Legislature shall adopt, not later than June 1, 1992, a fairly drawn single member election district plan for the thirty nine seats on the County Legislature. This redistricting plan will include three districts in the area of the City of Albany equal to or greater in black and Hispanic combined population of at least 63%.

3. Albany County will provide minority representation on the redistricting commission by appointing at least three members of the commission based on recommendations made by the NAACP. The commission shall have no more than twelve members and shall be appointed in November, 1991, and make recommendations to the County Legislature prior to March 1, 1992.

4. Albany County will provide further minority input into the Redistricting commission election district recommendations by means of at least three public forums to be conducted throughout the county on draft districts, including one within the minority community.

5. Albany County will complete the redistricting plan in order to hold special elections for legislative seats at the General Election of November, 1992, for terms to commence on January 1, 1993, and to end on December 31, 1995.

6. Albany County will afford the NAACP on-going input and participation with regards to broad based community issues which have significant impact on the minority community.

7. Albany County will to provide attorney fees and costs to both local and national counsel for the NAACP in the total amount of $8,000.

8. The Court will retain jurisdiction of this matter to determine if any further remedial action is necessary in the event a satisfactory legislative district cannot be developed within the time deadlines specified above. The Court will also retain jurisdiction of the issue of attorney fees and costs.

ORDERED, this 13TH day of NOVEMBER, 1991.

*[signature]*
U.S. DISTRICT JUDGE

APPROVED AS TO FORM AND CONTENT:

*[signature]* (102607)
Attorney for the Plaintiffs

*[signature]* (103568)
Attorney for the Defendants

I CERTIFY THAT A COPY [illegible] HAS BEEN THIS DAY [illegible] RECORD BY DEPOSITING [illegible] IN THE U.S. MAIL THIS 19 day of November 91
GEORGE A. RAY, CLERK
BY *[signature]*