UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANNE POPE, JANIS GONZALEZ, and WANDA
WILLINGHAM,

                              Plaintiffs,

                  vs.

COUNTY OF ALBANY and the ALBANY COUNTY
BOARD OF ELECTIONS,

                           Defendants.

_____

**DEFENDANTS COUNTY OF ALBANY'S AND ALBANY COUNTY BOARD OF ELECTIONS' ANSWER TO COMPLAINT**

Civil Action #11-CV-736
LEK/DRH

Defendant County of Albany, by and through its attorneys, Murphy, Burns,

Barber and Murphy, and defendant Albany County Board of Elections, by and through

its attorney, Thomas Marcelle, Esq., as and for their answer to plaintiffs' complaint,

state as follows:

### AS TO PRELIMINARY STATEMENT:

        1.      Deny each and every allegation contained in paragraphs of plaintiffs'

complaint designated "1" and "2".

        2.      The allegations contained in paragraph of plaintiffs' complaint designated

"3" are conclusions of law to which no response is necessary; to the extent they are

deemed allegations of fact, they are denied.

**AS TO JURISDICTION:**

3.      The allegations contained in paragraphs of plaintiffs' complaint designated "4" and "5" are conclusions of law to which no response is necessary; to the extent they are deemed allegations of fact, they are denied.

**AS TO VENUE:**

4.      The allegations contained in paragraph of plaintiffs' complaint designated "6" are conclusions of law to which no response is necessary; to the extent they are deemed allegations of fact, they are denied.

**AS TO THE PARTIES:**

5.      Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs of plaintiffs' complaint designated "7", "8", and "9".

6.      The allegations contained in paragraph of plaintiffs' complaint designated "12" are conclusions of law to which no response is necessary; to the extent they are deemed allegations of fact, they are denied.

**AS TO FACTS:**
**(Legislative Districting in Albany County)**

7.      The allegations contained in paragraph "14" of plaintiffs' complaint are conclusions of law to which no response is necessary; to the extent they are deemed allegations of fact, they are denied.

8.      Admit the allegations contained in paragraph of plaintiffs' complaint designated "15" to the extent supported by Local Law C cited therein, which is the best evidence of its contents; otherwise deny the allegations of paragraph "15".

9.      Admit the allegations contained in paragraph of plaintiffs' complaint designated "16" to the extent supported by Local Law C ("Exhibit A") cited therein, which is the best evidence of its contents; otherwise deny the allegations of paragraph "16".

10.     Deny each and every allegation contained in paragraph of plaintiffs' complaint designated "18".

11.     The allegations contained in paragraph "19" of plaintiffs' complaint are conclusions of law to which no response is necessary; to the extent they are deemed allegations of fact, they are denied.

**(Population)**

12.     Admit the allegations contained in paragraph of plaintiffs' complaint designated "20" to the extent supported by the 2010 U.S. Census cited therein, which is the best evidence of its contents; otherwise deny the allegations of paragraph "20".

13.     Admit the allegations contained in paragraph of plaintiffs' complaint designated "21" to the extent supported by the 2000 U.S. Census and 2010 U.S. Census

cited therein, which are the best evidence of their contents; otherwise deny the allegations of paragraph "21".

14.     Admit the allegations contained in paragraph of plaintiffs' complaint designated "22" to the extent supported by the 2000 U.S. Census and 2010 U.S. Census cited therein, which are the best evidence of their contents; otherwise deny the allegations of paragraph "22".

15.     Admit the allegations contained in paragraph of plaintiffs' complaint designated "23" to the extent supported by the 2000 U.S. Census and 2010 U.S. Census cited therein, which are the best evidence of their contents; otherwise deny the allegations of paragraph "23".

16.     Admit the allegations contained in paragraph of plaintiffs' complaint designated "24" to the extent supported by the 2000 U.S. Census and 2010 U.S. Census cited therein, which are the best evidence of their contents; otherwise deny the allegations of paragraph "24".

17.     Deny each and every allegation contained in paragraph of plaintiffs' complaint designated "25".

18.     Admit the allegations contained in paragraph of plaintiffs' complaint designated "26" to the extent supported by the 2000 U.S. Census and 2010 U.S. Census

cited therein, which are the best evidence of their contents; otherwise deny the allegations of paragraph "26".

19.     Admit the allegations contained in paragraph of plaintiffs' complaint designated "27" to the extent supported by the 2000 U.S. Census and 2010 U.S. Census cited therein, which are the best evidence of their contents; otherwise deny the allegations of paragraph "27".

20.     Admit the allegations contained in paragraph of plaintiffs' complaint designated "28" to the extent supported by the 2000 U.S. Census and 2010 U.S. Census cited therein, which are the best evidence of their contents; otherwise deny the allegations of paragraph "28".

21.     Admit the allegations contained in paragraph of plaintiffs' complaint designated "29" to the extent supported by the 2000 U.S. Census and 2010 U.S. Census cited therein, which are the best evidence of their contents; otherwise deny the allegations of paragraph "29".

22.     Deny each and every allegation contained in paragraph of plaintiffs' complaint designated "30".

**(Minority Representation in Albany County Government)**

23.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs of plaintiffs' complaint designated "31", "32", "33" and "34".

24.     Deny each and every allegation contained in paragraph of plaintiffs' complaint designated "35".

25.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of plaintiffs' complaint designated "36".

26.     Deny each and every allegation contained in paragraph of plaintiffs' complaint designated "37".

27.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of plaintiffs' complaint designated "38".

**(1990 Albany County Legislature Redistricting)**

28.     Admit the allegations contained in paragraph of plaintiffs' complaint designated "39" to the extent supported by the local reapportionment law cited therein, which is the best evidence of its contents; otherwise deny the allegations of paragraph "39".

29.     Admit the allegations contained in paragraph of plaintiffs' complaint designated "40" to the extent supported by the local reapportionment law cited therein, which is the best evidence of its contents; otherwise deny the allegations of paragraph "40".

30.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of plaintiffs' complaint designated "41".

6

31.     The allegations contained paragraph of plaintiffs' complaint designated "42" are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

32.     Admit the allegations contained in paragraph of plaintiffs' complaint designated "43" to the extent supported by the consent decree dated November 13, 1991 ("Exhibit B") cited therein, which is the best evidence of its contents; otherwise deny the allegations of paragraph "43".

33.     Admit the allegations contained in paragraph of plaintiffs' complaint designated "44" to the extent supported by the consent decree ("Exhibit B") cited therein, which is the best evidence of its contents; otherwise deny the allegations of paragraph "44".

34.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of plaintiffs' complaint designated "45".

**(2000 Albany County Legislature Redistricting)**

35.     Admit the allegations contained in paragraph of plaintiffs' complaint designated "46" to the extent supported by Local Law J cited therein, which is the best evidence of its contents; otherwise deny the allegations of paragraph "46".

36.     Admit the allegations contained in paragraph of plaintiffs' complaint designated "47" to the extent supported by the reapportionment law cited therein, which is the best evidence of its contents; otherwise deny the allegations of paragraph "47".

37.     Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of plaintiffs' complaint designated "48".

38.     The allegations contained in paragraph of plaintiffs' complaint designated "49" are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

39.     Admit the allegations contained in paragraph of plaintiffs' complaint designated "50" to the extent supported by the memorandum decision and order dated August 22, 2003 ("Exhibit C") cited therein, which is the best evidence of its contents; otherwise deny the allegations of paragraph "50".

40.     Admit the allegations contained in paragraph of plaintiffs' complaint designated "51" to the extent supported by the decision dated October 20, 2003 ("Exhibit D") cited therein, which is the best evidence of its contents; otherwise deny the allegations contained in paragraph "51".

41.     Admit the allegations contained in paragraph of plaintiffs' complaint designated "52" to the extent supported by the consent decree and judgment dated August 19, 2004 ("Exhibit E") cited therein, which is the best evidence of its contents; otherwise deny the allegations contained in paragraph "52".

42.     Admit the allegations contained in paragraph of plaintiffs' complaint designated "53" to the extent supported by the decision and order ("Exhibit C") and

Local Law No. 4 ("Exhibit F") cited therein, which are the best evidence of their contents; otherwise deny the allegations contained in paragraph "53".

43.    Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of plaintiffs' complaint designated "54".

44.    Admit the allegations contained in paragraph of plaintiffs' complaint designated "55" to the extent supported by the consent judgment and decree dated January 22, 2007 ("Exhibit G") cited therein, which is the best evidence of its contents; otherwise deny the allegations contained in paragraph "55".

**(2010 Albany County Legislature Redistricting)**

45.    Deny each and every allegation contained in paragraph of plaintiffs' complaint designated "56".

46.    Admit the allegations contained in paragraph of plaintiffs' complaint designated "57" to the extent supported by Local Law C cited therein, which is the best evidence of its contents; otherwise deny the allegations contained in paragraph "57".

47.    Deny each and every allegation contained in paragraph of plaintiffs' complaint designated "58".

48.    Deny each and every allegation contained in paragraphs of plaintiffs' complaint designated "60" and "61".

49.     Admit the allegations contained in paragraph of plaintiffs' complaint designated "62" to the extent supported by the plan presented by Aaron Mair ("AHEJ Plan", "Exhibit H") cited therein, which is the best evidence of its contents; otherwise deny the allegations contained in paragraph "62".

**(Political Cohesion)**

50.     Deny each and every allegation contained in paragraphs of plaintiffs' complaint designated "63" and "64".

**(Discrimination)**

51.     Deny each and every allegation contained in paragraphs of plaintiffs' complaint designated "65", "66", and "67".

52.     Admit the allegations contained in paragraph of plaintiffs' complaint designated "68" to the extent supported by the 1993 and 1996 affirmative action resolutions cited therein, which are the best evidence of their contents; otherwise deny the allegations contained in paragraph "68".

53.     Admit the allegations contained in paragraph of plaintiffs' complaint designated "69" to the extent supported by the 1993 affirmative action resolution ("Exhibit I") cited therein, which is the best evidence of its contents; otherwise deny the allegations contained in paragraph "69".

54.    Admit the allegations contained in paragraph of plaintiffs' complaint designated "70" to the extent supported by the 1996 affirmative action resolution ("Exhibit J") cited therein, which is the best evidence of its contents; otherwise deny the allegations contained in paragraph "70".

55.    Admit the allegations contained in paragraph of plaintiffs' complaint designated "71" to the extent supported by "Exhibit B" (1991 decree) cited therein, which is the best evidence of its contents; otherwise deny the allegations contained in paragraph "71".

56.    Admit the allegations contained in paragraph of plaintiffs' complaint designated "72" to the extent supported by "Exhibit C" (2003 decision) cited therein, which is the best evidence of its contents; otherwise deny the allegations contained in paragraph "72".

57.    Deny each and every allegation contained in paragraph of plaintiffs' complaint designated "73".

### AS TO CAUSE OF ACTION:
**(Local Law C violates Section 2 of the Voting Rights Act, 42 U.S.C. §1973, by not creating a fifth majority-minority district for the Albany County Legislature)**

58.    As to each and every allegation contained in paragraph of plaintiffs' complaint designated "74", make the same admissions and/or denials as set forth in paragraphs "1" through "57" above as if fully set forth herein.

59.     The allegations contained in paragraph of plaintiffs' complaint designated "75" are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

60.     Deny each and every allegation contained in paragraphs of plaintiffs' complaint designated "76", "77", "78", "79", "80", "81", and "82".

61.     Deny each and every allegation not previously admitted or qualified.

62.     Deny that plaintiffs are entitled to the relief sought in their "PRAYER FOR RELIEF", including subdivisions (1) through (9), or any relief whatsoever.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

63.     Plaintiffs' complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

64.     Plaintiffs lack standing to pursue an action under §2 of the Voting Rights Act of 1968, 42 U.S.C. §1973.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

65.     Plaintiffs are unable to establish any irreparable harm if Local Law C is followed.

12

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

66.    The proposed alternative redistricting plan, designated as the "AHEJ Plan"

in the complaint is unconstitutional as proposed.

WHEREFORE, defendants County of Albany and Albany County Board of

Elections demand judgment dismissing plaintiffs' complaint in its entirety as against

them, together with the costs and disbursements of this action, and for such other and

further relief as to the Court seems just and appropriate.

Dated: July 25, 2011               MURPHY, BURNS, BARBER & MURPHY, LLP
                                             /s/ Peter G. Barber
                                   By_____
                                          Peter G. Barber, Esq.
                                          Bar Roll No. 301523
                                          Attorneys for Defendant County of Albany
                                          226 Great Oaks Boulevard
                                          Albany, New York, 12203
                                          Telephone: 518-690-0096
                                          Telefax: 518-690-0053
                                          E-mail: pgb@mbbmlaw.com


                                             /s/ Thomas Marcelle

                                   _____
                                          THOMAS MARCELLE, ESQ.
                                          Bar Roll No.
                                          Attorney for Defendant Albany County
                                          Board of Elections
                                          2 E-Comm Square, 3rd Floor
                                          Albany, New York, 12207
                                          Telephone:  518-425-9275
                                          Telefax: 518-427-1765
                                          E-mail: tjmarcelle@yahoo.com

13

TO:    DEROHANNESIAN & DEROHANNESIAN
       (Att: Paul DerOhannesian II, Esq.)
       Attorneys for Plaintiffs
       677 Broadway, Suite 202
       Albany, New York, 12207-2996

       GIBSON, DUNN & CRUTCHER LLP
       (Att: Mitchell A. Karlan, Esq.)
       200 Park Avenue
       New York, New York, 10166-0193

           Attorneys for Plaintiffs