# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------

SEBASTIAN BANKS,

                    Plaintiff,

   -against-

                                     CONSENT DECREE

CITY OF ALBANY, NEW YORK FIRE       95-CV-761
DEPARTMENT; CIVIL SERVICE
DEPARTMENT; GERALD D. JENNINGS,
Mayor; and JAMES LARSON, Fire Chief,

                    Defendants.

------------------------------------

U.S. DISTRICT COURT
N.D. OF N.Y.
ORIGINAL FILED
APR 22 1997
GEORGE A. RAY, CLERK
BINGHAMTON

      The parties to the above-captioned action, none of whom is an infant or an incompetent person for whom a committee has been appointed, by their undersigned attorneys of record, do hereby enter into the following Consent Decree, in full and complete settlement of any and all disputes, claims, allegations and causes of action made or raised by the plaintiff, Sebastian Banks, against the defendants, the City of Albany Fire Department, the City of Albany Civil Service Department, Gerald D. Jennings, Mayor, and James Larson, Fire Chief. The defendants, while not admitting any of the allegations contained in the complaint except as to jurisdiction which is conceded for the purpose of entry into this consent decree only, hereby agree with the plaintiff as follows:

## JOINT STIPULATION OF FACT

1.    Plaintiff Sebastian Banks ("plaintiff") is an African American male and lifelong resident of the City of Albany, New York.

2. On June 5, 1993, plaintiff took an open competitive civil service examination for the position of firefighter for the City of Albany. Plaintiff scored an 85 on the examination, and was in all other ways qualified for consideration for appointment to a position as firefighter with the City of Albany Fire Department.

3. A total of 154 candidates passed the June 5, 1993 examination, including plaintiff. No candidate scored above 95; nineteen individuals received scores of 95; another nineteen individuals received scores of 90; and thirty-eight, plaintiff included, received scores of 85.

4. On November 24, 1993, the Albany Municipal Civil Service Commission ("Commission") established an "Eligible List" containing the names and scores of the 154 candidates who passed the June 5, 1993 examination. The Eligible List had an effective date of January 20, 1993 and expired on January 20, 1994. From this Eligible List, the Secretary of the Commission, P. Marsolais, certified 67 candidates as eligible for the position of firefighter as of May 20, 1994.

5. On May 24, 1994, defendant James Larson, Fire Chief of the City of Albany Fire Department, appointed nine candidates to the position of firefighter. Seven of the nine appointed candidates had received a score of 90 on the June 5, 1993 examination. The remaining two appointees received a score of 85. All of the nine firefighters appointed were Caucasian males.

6. On or about June 7, 1995, plaintiff filed a civil action against the defendants alleging that the defendants discriminated against him on the basis of his race by refusing to hire him or offer him an appointment to the position of firefighter on May 25, 1994. Plaintiff's suit alleged that defendants' failure or refusal to hire him due to his race violated Title VII of the Civil Rights Act, as amended, the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, and the New York Human Rights Law (N.Y. Executive Law Section 290, et seq.).

7. The defendants denied the material allegations of plaintiff's complaint and, after discovery was completed, moved for summary judgment seeking the dismissal of plaintiff's claims. Plaintiff in turn opposed defendants' motion, and cross-moved for summary judgment in his favor.

8. On January 28, 1997, the Court, in a Memorandum-Decision & Order by the Hon. Thomas J. McAvoy, denied both the defendants' and plaintiff's summary judgment motions. In so ruling, the Court determined that plaintiff had established a prima facie case of discrimination based on race and that genuine issues of material fact existed as to whether the City of Albany Fire Department's hiring procedures resulted in a disparate impact on a protected group (i.e., blacks or African Americans). That decision is incorporated herein and made a part hereof by reference.

9. In determining that the plaintiff had established a prima facie case of race discrimination, the Court relied upon certain statistics proffered by the plaintiff demonstrating the following significant facts: (a) the Albany Fire Department presently has 8 black firefighters out of a total duty roster of 261, resulting in a statistical population of blacks in the Albany Fire Department of 3.1%; (b) in comparison, 1990 Census data show a black population in the City of 21.5%, and a black population in the County of Albany of 8.6%.

10. In further consideration of the costs, risks and time involved in further litigation with respect to this and any future cases of a similar nature, the defendants have determined and the parties have agreed to: (1) settle plaintiff's claim for back pay, compensatory damages, attorneys' fees and costs; (2) Replace the hiring practices challenged by plaintiff with those outlined in section B. of this agreement; and (3) adopt the race-conscious affirmative action program outlined in section C. of this agreement.

A. Settlement of Individual Claims

11. Within twenty (20) days of the execution of this agreement by the parties, defendants agree to pay plaintiff the sum of $150,000.00, in lieu of any and all claims plaintiff has, may have, or might have for back pay, compensatory damages, attorneys' fees, costs and any other damages allegedly caused by the defendants' failure or refusal to appoint plaintiff to the position of firefighter with the

City of Albany Fire Department, including but not limited to any and all claims under Title VII of the Civil Rights Act of 1964, as amended, the U.S. or New York State Constitutions, the New York Human Rights Law and any other State or federal anti-discrimination statute, rule or regulation, and any and all common law claims or causes of action. Plaintiff agrees to execute a general release running to all defendants which shall apply solely to any claims arising prior the date this Consent Decree is executed.

12. Immediately upon the parties' execution of this Consent Decree, and upon order of the Court, defendants agree to appoint plaintiff to the position of firefighter in the City of Albany Fire Department, with retroactive seniority, all job and retirement benefits, and the status he would have earned and enjoyed had he been appointed on May 24, 1994.

13. The Plaintiff will be deemed to have commenced full time employment on May 4, 1994. $ 30,500.00 of the monetary settlement outlined in paragraph 11 will constitute retroactive salary payment for the period from May 24, 1994 to April 10, 1997.

B. Future hiring practices.

14. Defendants agree to replace the particular hiring practice(s) challenged by plaintiff with the procedures outlined below.

15. For all future appointments to the position of firefighter, the City of Albany Fire Department agrees to adopt objective, written

criteria designed to select, from a list of all eligible candidates, the best qualified candidates for appointment. Said criteria shall be established by a committee comprised of the following individuals or their designees: i) The City of Albany Personnel Director, ii) the Director of Equal Employment Opportunity for the City of Albany, iii) the Corporation Counsel for the City of Albany, iv) The Chief Executive Officer of the Urban League of Northeastern New York Inc.

16. For purposes of determining and selecting the best qualified candidates for appointment, defendants also agree to establish, within thirty (30) days from the date of the approval and entry of this Consent Decree, a multiracial hiring committee which shall be comprised of the following individuals or their designees: i) The City of Albany Personnel Director, ii) the Director of Equal Employment Opportunity for the City of Albany, iii) the Corporation Counsel for the City of Albany.

17. As hiring needs within the Fire Department are established, and before any appointments to the position of firefighter are made by the Chief, the Committee designated in paragraph 16 of this agreement, in consultation with the Chief or his/her designee, will review the qualifications of those candidates certified as eligible for the position on the basis of competitive examination scores and other objective criteria established as outlined in paragraph 15 of this Consent Decree. The Committee will then make non-binding

recommendations to the Chief with respect to those individuals deemed best qualified for appointment, considering the affirmative action goals set forth in section "C" hereof.

18. In the event that the Chief fails to accept any recommendation made by the Committee, within five (5) days of the Chief's rejection, the Chief shall provide the Committee and the Mayor with a written explanation of his reasons for not accepting the Committee's recommendation. Those reasons, and all other facts pertaining to a candidate's rejection, non-appointment or disqualification, shall be documented by the Chief before any final appointments are made and shall be shared with each member of the Committee outlined in paragraph 16 and the Mayor. All final decisions to appoint firefighters to the City of Albany Fire Department shall be subject to the Mayor's approval in cases where the Chief has rejected any recommendation of the Committee.

19. Following each instance of hiring, the Chief shall draft a report indicating which candidates were selected, not selected or rejected. Said hiring shall be made public by the filing of that report with the Urban League of Northeastern New York Inc. and the Common Council of the City of Albany within 15 days of hiring.

### C. Affirmative Action Goals and Timetables

20. In view of the imbalance between the percentages of white and black firefighters in the City of Albany Fire Department, as

until such time as the percentage of entry-level firefighters in the City of Albany Fire Department reaches the percentage of blacks in the City of Albany, or for a period of five (5) years, whichever is the shorter period.

23. The Defendants further acknowledge the need to promote qualified minorities and women as they become eligible for promotion, so that their numbers in the Albany Fire Department more closely reflect their numbers in the City of Albany.

24. The defendants further agree, during the period of this Consent Decree and thereafter, to use every good faith effort to aggressively recruit black and minority candidates for the position of firefighter in the City of Albany Fire Department, and, within sixty (60) days of the date this Consent Decree is approved by the Court, to establish an action-oriented program, in consultation with the Urban League of Northeastern New York, designed to: (a) ensure the timely and widespread announcement of all upcoming open, competitive examinations for the position of firefighter in the African-American and minority communities within the City of Albany; (b) ensure the availability of EMT training and certification classes throughout the City of Albany, including in facilities within the minority communities in the City of Albany; and (c) identify and in all other ways possible eliminate barriers which may exist to the appointment of black and

compared to the percentages of white and black individuals in the City of Albany who would be qualified for the entry level position of firefighter, the parties agree that it is in the public interest, as well as in the interests of the parties to this action, to voluntarily adopt the affirmative and remedial relief set forth in this Consent Decree.

21. In addition to any other existing affirmative action and equal employment opportunity requirements imposed upon the defendants by law, rule, regulation or City of Albany policy, it shall hereby be the goal of the City of Albany Fire Department to increase the number of black and minority entry level firefighters employed by the Fire Department to more closely reflect the percentage of blacks within the City of Albany (i.e., 21.5%). This goal shall in no way be construed as a hiring quota. Nor shall this stated goal be construed as precluding or preventing the Chief and the Mayor, in every case, from hiring only the best qualified candidates for the job.

22. For purposes of achieving the aforesaid goals, the City of Albany and the Fire Department further agree to consider as a plus, among candidates for appointment who are otherwise equally qualified, the fact that a candidate is black or of African American heritage, is a minority, or is a woman. This consideration among otherwise equally qualified candidates for the position of firefighter shall continue

minority individuals as firefighters in the City of Albany Fire Department.

### D. Enforcement

25. The failure of the defendants to attain any goal contained in this Consent Decree may be excused if the defendants prove by persuasive and specific evidence that (a) they have made every good faith effort to achieve the goals agreed to by the parties, or (b) that defendants have been or are unable to recruit qualified black and minority candidates for the position of firefighter in the City of Albany Fire Department.

26. The Court shall exercise continuing jurisdiction over the parties' compliance with this Consent Decree, and may, upon a properly supported petition or application by any party to this Consent Decree and after notice to all other parties and an opportunity to be heard, modify the terms of this Consent Decree upon a showing of material breach or change in circumstances.

### E. Separability

27. Should any portion of this Consent Decree be ruled unconstitutional, invalid or contrary to law, remaining provisions of this Consent Decree shall be severed from the invalid provisions and shall remain unaffected by any such ruling.

### F. Dismissal of Action

28. In accordance with the terms set forth above this claim is

discontinued and dismissed with prejudice pursuant to FRCP Rule 41(a).

Dated: Albany New York

April 10, 1997

Signed:

_Sebastian K Banks_
Sebastian K. Banks

_[signature]_
Peter M. Pryor Esq.
Bar Role No. 50/097

_[signature]_
Vincent J. McArdle
Corporation Counsel
Bar Role No. 102142

SO ORDERED!

Signed this 18th day of April, 1997 at Albany, New York

_[signature]_
Thomas J. McAvoy
Chief U.S. District Judge