# EXHIBIT G

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WANDA WILLINGHAM, LUCILLE
MCKNIGHT, WARD DEWITT, DAVID REID,
DEBORAH WILLIAMS-MUHAMMAD,
ASHLEY PEREZ, COLEMAN HUGHES,
DONNA ROBINSON, RODNEY DAVIS,
STEPHANIE DAVIS, DAVID YOUNG, ALBANY
COUNTY BRANCH OF THE NATIONAL
ASSOCIATION FOR THE ADVANCEMENT OF
COLORED PEOPLE, ARBOR HILL
CONCERNED CITIZENS NEIGHBORHOOD
ASSOCIATION, AARON MAIR, MARYAM
MAIR, ANNE POPE, and MARK MISHLER,

        Plaintiffs,

v.

COUNTY OF ALBANY, ALBANY COUNTY
BOARD OF ELECTIONS, JAMIE GILKEY,
TYLER TRICE, and DYANN PARKER,

        Defendants.

**CONSENT JUDGMENT AND
DECREE BETWEEN
PLAINTIFFS AND COUNTY
OF ALBANY AND ALBANY
COUNTY BOARD OF
ELECTIONS**

04 Civ. 04-369
DRH

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CONSENT DECREE

### I. INTRODUCTION

1. On April 2, 2004, Plaintiffs Wanda Willingham, Lucille McKnight, Ward DeWitt, Deborah Williams-Muhammad, Ashley Perez, Coleman Hughes, Albany County Branch of the NAACP, Arbor Hill Concerned Citizens Neighborhood Association, Aaron Mair, Maryam Mair, Anne Pope, and Mark Mishler filed a complaint against the County of Albany, the Albany County Board of Elections, the Albany Housing Authority, Steven Longo, Jestin Williams, Michael Brown, Jamie Gilkey, Dennis Bagley, Tyler Trice, Joyce Love, Dyann Parker, and Alexander McHugh seeking declaratory and prospective

injunctive relief against the systemic and unlawful activity discovered in connection with absentee ballots and applications in Albany County. Plaintiffs filed this action under Section 11(b) of the Voting Rights Act of 1965, as amended (the "Voting Rights Claim"), 42 U.S.C. § 1973, and in violation of the Equal Protection and Due Process Clauses. On April 6, 2004, Plaintiffs filed a First Amended Complaint, joining David Reid, Donna Robinson, Rodney Davis, Stephanie Davis, David Young, and Mark Mishler as Plaintiffs.

2. On April 12, 2004, the County of Albany and the Albany County Board of Elections (collectively "the County") answered the First Amended Complaint.

3. On March 15, 2005, Plaintiffs filed a Second Amended Complaint against the County of Albany, the Albany County Board of Elections, Jaime Gilkey, Tyler Trice, and Dyann Parker, asserting an additional claim that Defendants violated the First Amendment Right of Association (the "Right of Association Claim").

4. On March 30, 2005, the County answered the Second Amended Complaint.

5. On July 12, 2006, the Voting Rights Claim and the Right of Association Claim against the County were dismissed.

6. On November 28, 2006, Plaintiffs and the County attended a settlement conference before Magistrate Judge Treece. The parties reached a settlement on policies and procedures governing the issuance, collection, and handling of absentee ballots and applications.

## II. VENUE AND JURISDICTION

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343; and 42 U.S.C. § 1973(f). Plaintiffs' action for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202 and by Rules 57 and 65 of the Federal Rules of Civil Procedure.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the County is in this district and this is the district in which the events or omissions giving rise to Plaintiffs' claims occurred.

## III. FINALITY

9. Plaintiffs and the County enter into this Consent Judgment and Decree Between Plaintiffs and County of Albany and Albany County Board of Elections ("Consent Decree") jointly and solely for the purpose of avoiding the risks and burdens of litigation and does not and shall not constitute, or be construed as, an admission of liability or wrongdoing by the County.

10. Plaintiffs and the County ask the Court to approve this Consent Decree without a full hearing on the merits, on the basis of the Plaintiffs' Second Amended Complaint.

11. This Consent Decree is not intended to have any preclusive effect except between Plaintiffs and the County. Should the issue of the preclusive effect of this Consent Decree be raised in any proceedings other than this civil action, Plaintiffs and the County agree to certify that this Consent Decree was intended to have no such preclusive effect.

12. The Court hereby severs the claims against the County and this Consent Decree shall resolve all claims of Plaintiffs' Second Amended Complaint against the County and constitute a final judgment as to the County.

## IV. DEFINITIONS

13. The following definitions apply in this Consent Decree:

    a. Commissioners: the two elected officials (one from the Democratic Party and one from the Republican Party) charged with overseeing the Albany County Board of Elections;

    b. Ballot Materials: materials provided by the Albany County Board of Elections for use in primary and general elections, including, but not limited to, ballots, envelopes, and instructions;

    c. NTS System: a computer program currently used by the Albany County Board of Elections to track absentee ballot information;

    d. Vault: a locked room where absentee ballots are stored at the offices of the Albany County Board of Elections.

## V. TERMS AND CONDITIONS

### A. ALBANY COUNTY BOARD OF ELECTIONS POLICIES AND PROCEDURES

14. The Albany County Board of Elections (the "Board") agrees that the number of absentee ballots issued to any one third-party designee is limited to eight (8). However, upon good cause shown to both the Commissioners, a third-party designee may obtain additional

4

ballots. The authority to grant additional ballots shall rest exclusively with the Commissioners and shall require a joint decision.

15. The Board agrees that it shall deliver ballot materials to be distributed to polling sites only to persons employed by the Board or the Board's agents, City Clerks, Town Clerks, and their respective staff.

16. The Board agrees to continue to use the NTS system (or an equivalent system) to track all absentee ballots that are given to eligible absentee ballot voters or third-party designees. The Board also agrees to insure that any completed and returned absentee ballot envelopes correspond with the appropriate, registered absentee voter or third-party designee.

17. The Board agrees to maintain in a central file, for a period of five (5) years, all written complaints by voters relating to absentee ballots.

18. The Board agrees that, at a minimum, the following security procedures will be employed in connection with the maintenance and issuance of absentee ballots:

    a. All absentee ballots will be placed on shelving in the vault, in Election District order, upon arrival from the printer.

    b. An accurate accounting of the number of absentee ballots issued will be kept throughout each election cycle.

    c. The Commissioners will appoint two employees (one from the Democratic Party and one from the Republican Party) to maintain a master list of issued absentee

5

ballots. These employees will be responsible for accurately accounting for the number of absentee ballots that leave the vault, for any purpose whatsoever.

d. "603 Ballots" will be separated from each Election District to be placed in the polling place "suitcases," to be used on Primary and Election Day. The exact number will be determined by party enrollment, and will be specified on the master list.

e. An accurate list of the number of all completed absentee ballots will be given to both Commissioners within five (5) days of their receipt and then weekly thereafter or as need be, until Primary or Election Day.

f. Any employee removing an absentee ballot from the vault must directly inform one of the employees maintaining the master list.

g. All staff will be informed of this protocol which shall be effective immediately.

B. **PROCEDURES MANUAL**

19. Within two years from the execution of this Consent Decree, the Board will promulgate a written procedures manual for its employees. The County agrees to provide reasonable notice to Plaintiffs' counsel when the manual is completed. This manual will be made available to the public and will, at a minimum, include:

a. procedures to be followed for the issuance of absentee ballots;

b. criteria for evaluating the legitimacy of received absentee ballot applications;

c. procedures for cataloging both disbursed and received absentee ballots;

6

    d. security measures to be followed by all employees in connection with the distribution and receipt of absentee ballots;

    e. the policies and procedures described in paragraphs 14 through 18 of this Consent Decree.

## VI. MONITORING AND OVERSIGHT

20. This Consent Decree shall remain in effect from the date of execution until one year following the date of completion of the written procedures manual described in paragraph 16.

21. If, at any time, Plaintiffs believe that the County has failed to comply with the terms of this Consent Decree, Plaintiffs may request that the Court appoint a mediator to address allegations of noncompliance. To the extent the parties are unable to resolve the dispute, Plaintiffs may, upon notice to the County, file a motion with the Court for an order compelling compliance.

22. The Court shall retain jurisdiction over this action to ensure full compliance with the terms and conditions of this Consent Decree.

## VII. SEVERABILITY AND ATTORNEYS' FEES

23. Plaintiffs and the County agree to defend the provisions of this Consent Decree. The parties shall notify each other of any court challenge to this Consent Decree. In the event any provision of this Consent Decree is challenged in any local or state court, removal to a federal court shall be sought.

24. In the event any provision of this Consent Decree is declared invalid for any reason by a Court of competent jurisdiction, said finding shall not affect the remaining provisions of the Decree.

25. Subject to the County's receipt of a voucher, which the County will supply to Plaintiffs' counsel for signature, the County has agreed to provide attorneys' fees to Plaintiffs' counsel in the amount of $30,000, payable to DerOhannesian & DerOhannesian, within 60 days of the signing and entry of the judgment upon this Decree.

26. Plaintiffs and the County agree to bear their own costs, except for the $30,000 described in paragraph 25.

27. Plaintiffs and the County agree to waive their rights to appeal the entry of this Decree.

8

Dated: January ___, 2007     DEROHANNESIAN & DEROHANNESIAN

By: *(signature)*
Paul DerOhannesian II (104792)
39 North Pearl Street
1st Floor
Albany, New York 12207
Telephone: (518) 465-6420

GIBSON, DUNN & CRUTCHER LLP
Mitchell A. Karlan (511874)
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000

*Attorneys for Plaintiffs*


Dated: January 18, 2007     NAPIERSKI, VANDENBURGH & NAPIERSKI, LLP

By: *Thomas J. O'Connor*
Thomas J. O'Connor, Esq.
296 Washington Avenue Extension
Albany, New York 12203
Telephone: (518) 862-9292

*Attorneys for Defendants County of Albany and Albany County Board of Elections*


It is hereby ordered, adjudged and decreed, that the above terms of settlement are approved.

Signed this 22d day of January 2007, at Albany, New York.

*(signature)*
Hon. David R. Homer
U.S. Magistrate Judge
Northern District of New York

9