UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ANNE POPE, WANDA WILLINGHAM, GERALDINE BELL, SAMUEL COLEMAN, LEE PINCKNEY, VICENTE ALFONSO, ELAINE FRAZIER, and STEPHANIE DAVIS,<br><br>                                       Plaintiffs,<br><br>                        vs.<br><br>COUNTY OF ALBANY and the ALBANY COUNTY BOARD OF ELECTIONS,<br><br>                                       Defendants. | **DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Civil Action #11-CV-736 LEK/CFH |

_____

Defendant County of Albany, by and through its attorneys, Murphy, Burns, Barber and Murphy, and defendant Albany County Board of Elections, by and through its attorney, Office of the Albany County Attorney, as and for their answer to plaintiffs' second amended complaint, state as follows:

### AS TO PRELIMINARY STATEMENT:

1. Deny each and every allegation contained in paragraphs "1" and "2" of plaintiffs' second amended complaint.

2. The allegations contained in paragraph "3" of plaintiffs' second amended complaint are conclusions of law to which no response is necessary; to the extent they are deemed allegations of fact, they are denied.

## AS TO JURISDICTION:

3. The allegations contained in paragraphs "4" and "5" of plaintiffs' second amended complaint are conclusions of law to which no response is necessary; to the extent they are deemed allegations of fact, they are denied.

## AS TO VENUE:

4. The allegations contained in paragraph "6" of plaintiffs' second amended complaint are conclusions of law to which no response is necessary; to the extent they are deemed allegations of fact, they are denied.

## AS TO THE PARTIES:

5. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs "7", "8", "9", "10", "11", "12", "13" and "14" of plaintiffs' second amended complaint.

6. Admits the allegations contained in paragraph "15", "16", "17", and "18" of plaintiffs' second amended complaint.

**(Legislative Districting in Albany County)**

7. The allegations contained in paragraph "19" of plaintiffs' second amended complaint are conclusions of law to which no response is necessary; to the extent they are deemed allegations of fact, they are denied.

8.  Admit the allegations contained in paragraph "20" of plaintiffs' second amended complaint to the extent supported by Local Law C cited therein, which is the best evidence of its contents; otherwise deny the allegations of paragraph "20."

9.  Admit the allegations contained in paragraph "21" of plaintiffs' second amended complaint to the extent supported by Local Law C cited therein, which is the best evidence of its contents; otherwise deny the allegations of paragraph "21."

10. Admit the allegations contained in paragraph "22" of plaintiffs' second amended complaint.

11. Deny each and every allegation contained in paragraph "23" of plaintiffs' second amended complaint.

12. The allegations contained in paragraph "24" of plaintiffs' second amended complaint are conclusions of law to which no response is necessary; to the extent they are deemed allegations of fact, they are denied.

### (Population)

13. Admit the allegations contained in paragraph "25" of plaintiffs' second amended complaint to the extent supported by the 2010 U.S. Census cited therein, which is the best evidence of its contents; otherwise deny the allegations of paragraph "25."

14. Admit the allegations contained in paragraphs "26", "27", "28", and "29" of plaintiffs' second amended complaint to the extent supported by the 2000 U.S.

Census and 2010 U.S. Census cited therein, which are the best evidence of their contents; otherwise deny the allegations of paragraphs "26", "27", "28", and "29."

15. Deny each and every allegation contained in paragraph "30" of plaintiffs' second amended complaint.

16. Admit the allegations contained in paragraphs "31", "32", "33", and "34" of plaintiffs' second amended complaint to the extent supported by the 2000 U.S. Census and 2010 U.S. Census cited therein, which are the best evidence of their contents; otherwise deny the allegations of paragraphs "31", "32", "33", and "34."

17. Deny each and every allegation contained in paragraph "35" of plaintiffs' second amended complaint.

**(Minority Representation in Albany County Government)**

18. Deny each and every allegation contained in paragraphs "36", "37", "38", "39", "40", "41", "42", and "43" of plaintiffs' second amended complaint.

**(1990 Albany County Legislature Redistricting)**

19. Admit the allegations contained in paragraph "44" and "45" of plaintiffs' second amended complaint to the extent supported by the local reapportionment law cited therein, which is the best evidence of its contents; otherwise deny the allegations of paragraph "44" and "45."

20. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "46" of plaintiffs' second amended complaint.

21. The allegations contained in paragraph "47" of plaintiffs' second amended complaint are conclusions of law to which no response is necessary; to the extent they are deemed allegations of fact, they are denied.

22. Admit the allegations contained in the first sentence of paragraph "48" of plaintiffs' second amended complaint to the extent supported by the consent judgment and decree cited therein, which is the best evidence of its contents; otherwise deny the first sentence of allegations of paragraph "48." Deny each and every allegation contained in the second sentence of paragraph "48" of plaintiffs' second amended complaint.

23. Admit the allegations contained in paragraph "49" of plaintiff's second amended complaint to the extent supported by the consent decree cited therein, which is the best evidence of its contents; otherwise deny the allegations of paragraph "49."

24. Deny knowledge or information sufficient to for a belief as to each and every allegation contained in paragraph "50" of plaintiffs' second amended complaint.

**(2000 Albany County Legislature Redistricting)**

25. Admit the allegations contained in paragraph "51" of plaintiffs' second amended complaint to the extent supported by Local Law J (December 2, 2002) cited

therein, which is the best evidence of its contents; otherwise deny the allegations of paragraph "51."

26. Admit the allegations contained in paragraph "52" of plaintiffs' second amended complaint to the extent supported by the reapportionment law cited therein, which is the best evidence of its contents; otherwise deny the allegations of paragraph "52."

27. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "53" of plaintiffs' second amended complaint.

28. The allegations contained in paragraph "54" of plaintiffs' second amended complaint are conclusions of law to which no response is necessary; to the extent they are deemed allegations of fact, they are denied.

29. Admit the allegations contained in the first sentence of paragraph "55" of plaintiffs' second amended complaint to the extent supported by Hon. Norman A. Mordue's August 22, 2003 memorandum decision and order cited therein, which is the best evidence of its contents; otherwise deny the allegations of the first sentence of paragraph "55."   Deny each and every allegation contained in the second sentence of paragraph "55" of plaintiffs' second amended complaint.

30. Admit the allegations contained in the first sentence of paragraph "56" of plaintiffs' second amended complaint to the extent supported by the decision dated

October 20, 2003 cited therein, which is the best evidence of its contents; otherwise deny the allegations of the first sentence of paragraph "56."  Deny each and every allegation contained in the second sentence of paragraph "56" of plaintiffs' second amended complaint.

31. Admit the allegations contained in the first sentence of paragraph "57" of plaintiffs' second amended complaint to the extent supported by the consent decree and judgment cited therein, which is the best evidence of its contents; otherwise deny the allegations of paragraph "57."  Deny each and every allegation contained in the second sentence of paragraph "57" of plaintiffs' second amended complaint.

32. Admit the allegations contained in paragraph "58" of plaintiffs' second amended complaint to the extent supported by Judge Mordue's order and Local Law No. 4, as amended, cited therein, which are the best evidence of their contents; otherwise deny the allegations of paragraph "58."  Deny each and every allegation contained in the last sentence of paragraph "58" of plaintiffs' second amended complaint.

33. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "59" of plaintiffs' second amended complaint.

34. Admit the allegations contained in paragraph "60" of plaintiffs' second amended complaint to the extent supported by the consent judgment and decree dated January 27, 2007 cited therein, which is the best evidence of its contents; otherwise deny

the allegations of paragraph "60." Deny each and every allegation contained in the last sentence of paragraph "60" of plaintiffs' second amended complaint.

### (2010 Albany County Legislature Redistricting)

35. Deny each and every allegation contained in paragraph "61" of plaintiffs' second amended complaint.

36. Admit the allegations contained in paragraph "62" of plaintiffs' second amended complaint to the extent supported by Local Law C cited therein, which is the best evidence of its contents; otherwise deny the allegations of paragraph "62."

37. Deny each and every allegation contained in paragraph "63" of plaintiffs' second amended complaint.

38. Admit the allegations contained in paragraph "64" of plaintiffs' second amended complaint.

39. Admit the allegations contained in paragraph "65" of plaintiffs' second amended complaint to the extent supported by John Merrill's redistricting notes cited therein, which are the best evidence of their contents; otherwise deny the allegations contained in paragraph "65."

40. Deny each and every allegation contained in paragraphs "66", "67", and "68" of plaintiffs' second amended complaint.

41. Admit the allegations contained in paragraph "69" of plaintiffs' second amended complaint to the extent supported by the AHEJ Plan presented by Aaron Mair, cited therein, which is the best evidence of its contents; otherwise deny the allegations contained in paragraph "69." Deny each and every allegation contained in the last sentence of paragraph "69" of plaintiffs' second amended complaint.

### (Political Cohesion)

42. Deny each and every allegation contained in paragraphs "70" and "71" of plaintiffs' second amended complaint.

### (Discrimination)

43. Deny each and every allegation contained in paragraphs "72", "73", and "74" of plaintiffs' second amended complaint.

44. Admit the allegations contained in paragraph "75" of plaintiffs' second amended complaint to the extent supported by the Legislature's 1993 and 1996 affirmative action resolutions cited therein, which are the best evidence of their contents; otherwise deny the allegations contained in paragraph "75."

45. Deny each and every allegation contained in paragraphs "76" and "77" of plaintiffs' second amended complaint.

46. Admit the allegations contained in paragraph "78" of plaintiff's second amended complaint to the extent supported by the 1991 consent judgment and decree

cited therein, which is the best evidence of its contents; otherwise deny the allegations contained in paragraph "78."

47. Admit the allegations contained in paragraph "79" of plaintiffs' second amended complaint to the extent supported by Judge Mordue's 2003 memorandum decision and order cited therein, which is the best evidence of its contents; otherwise deny the allegations contained in paragraph "79."

48. Deny each and every allegation contained in paragraph "80" of plaintiffs' second amended complaint.

**(Amendments)**

49. The allegations contained in paragraph "81" of plaintiffs' second amended complaint (Exhibit "K") are conclusions of law to which no response is necessary; to the extent they are deemed allegations of fact, they are denied.

### AS TO CAUSE OF ACTION:

### (LOCAL LAW C VIOLATES SECTION 2 OF THE VOTING RIGHTS ACT, 42 U.S.C. § 1973, BY NOT CREATING A FIFTH MAJORITY-MINORITY DISTRICT FOR THE ALBANY COUNTY LEGISLATURE)

50. As to each and every allegation contained in paragraph "82" of plaintiffs' second amended complaint, defendants make the same admissions and/or denials as set forth in paragraphs "1" through "49" above as if fully set forth herein.

51. The allegations contained in paragraph "83" of plaintiffs' second amended complaint are conclusions of law to which no response is necessary; to the extent they are deemed allegations of fact, they are denied.

52. Deny each and every allegations contained in paragraphs "84", "85", "86", "87", "88", "89" and "90" of plaintiffs' second amended complaint.

53. Deny each and every allegation not previously admitted or qualified.

54. Deny that plaintiffs are entitled to the relief sought in their "PRAYER FOR RELIEF", including subdivisions (1) through (10), or any relief whatsoever.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

55. Plaintiffs' second amended complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

56. Plaintiffs lack standing to pursue an action under §2 of the Voting Rights Act, 42 U.S.C. §1973 et al.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

57. Plaintiffs cannot establish any irreparable harm caused by Local Law C.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

58. Plaintiffs cannot establish that the alleged minority coalition is allowed under the Voting Rights Act, 42 U.S.C. §1973 et al.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

59.    Plaintiffs cannot demonstrate that the alleged minority or minority coalition is politically cohesive.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

60.    Plaintiffs cannot establish the preferred candidate of the alleged minority or minority coalition.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

61.    Plaintiffs cannot establish that alleged minority or minority coalition's preferred candidate is usually defeated by white bloc voting.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

62.    Plaintiffs cannot establish that Albany County elections are racially polarized.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

63.    Plaintiffs cannot demonstrate that Local Law C or defendants diluted the voting strength of the alleged minority or minority coalition.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

64.    Plaintiffs cannot establish that defendants limited the alleged minority or minority coalition's opportunity to participate in the political process.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

65. Plaintiffs cannot demonstrate a violation of §2 of the Voting Rights Act, 42 U.S.C. §1973 et al, based upon the "totality of the circumstances."

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

66. The proposed alternative redistricting plan, designated as the "AHEJ Plan" in the second amended complaint, is unconstitutional as proposed.

WHEREFORE, defendants County of Albany and Albany County Board of Elections demand judgment dismissing plaintiffs' second amended complaint in its entirety as against them, together with the costs and disbursements of this action, and for such other and further relief as the Court deems just and appropriate.

Dated: February 12, 2014                MURPHY, BURNS, BARBER & MURPHY, LLP
                                                            /s/ Peter G. Barber
                                        By_____
                                        Peter G. Barber, Esq.
                                        Bar Roll No. 301523
                                        Attorneys for Defendant County of Albany
                                        226 Great Oaks Boulevard
                                        Albany, New York, 12203
                                        Telephone: 518-690-0096
                                        Telefax: 518-690-0053
                                        E-mail: pgb@mbbmlaw.com

                                        OFFICE OF THE ALBANY COUNTY ATTORNEY
                                                            /s/ Thomas Marcelle
                                        By_____
                                        Thomas Marcelle, Esq.
                                        County Attorney
                                        Bar Roll No. 117102
                                        Attorney for Defendant Board of Elections
                                        112 State Street, Suite 1010

                Albany, New York, 12207
                Telephone:   518-447-7110
                Telefax: 518-447-5564
                E-mail: Thomas.Marcelle@AlbanyCounty.com

TO:    DEROHANNESIAN & DEROHANNESIAN
        (Att: Paul DerOhannesian II, Esq.)
        677 Broadway, Suite 202
        Albany, New York, 12207-2996

        GIBSON, DUNN & CRUTCHER LLP
        (Att: Mitchell A. Karlan, Esq.)
        200 Park Avenue
        New York, New York, 10166-0193

        Attorneys for Plaintiffs