UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANNE POPE, *et al.*,

                              Plaintiffs,

   -against-                                              1:11-cv-0736 (LEK/CFH)

COUNTY OF ALBANY; and ALBANY
COUNTY BOARD OF ELECTIONS,

                              Defendants.

## DECISION and ORDER

### I. INTRODUCTION

Before the Court are several Motions filed by Defendants, as well as Plaintiffs' oral motion for a partial directed verdict at the close of opening statements. Dkt. Nos. 313 ("Motion for Witness Accommodation"); 329 ("Minute Order"); 332 ("Motion to Quash"); 335 ("Motion to Preclude"). For the following reasons, the Motion for Witness Accommodation and Motion to Preclude are denied, the Motion to Quash is granted in part and denied in part, and the motion for partial directed verdict is denied.

### II. MOTION FOR WITNESS ACCOMMODATION

Defendants have moved for various accommodations regarding their expert witness, Dr. Ronald Gaddie, during his trial testimony, including: (1) presenting his direct examination as video taken prior to trial; (2) taking cross-examination testimony remotely and contemporaneously; and (3) allowing for regular breaks in direct examination testimony every half hour. Mot. Witness Accommodation.

Federal Rule of Civil Procedure 43 provides that exceptions to the general rule of live, in-

person witness testimony may be made "[f]or good cause in compelling circumstances and with appropriate safeguards." However, even under such "compelling circumstances," the testimony must still be "contemporaneous." FED. R. CIV. P. 43. Accordingly, to the extent Defendants' Motion seeks to present testimony taken in advance of trial, it is denied.

Turning to whether "compelling circumstances" exist to take testimony remotely, Plaintiffs assert that such circumstances require a physical inability to travel. Dkt. No. 325 at 4 (citing S.E.C. v. Yang, No. 12 C 2473, 2014 WL 1303457, at *5 (N.D. Ill. Mar. 30, 2014)). However, the Federal Rules of Civil Procedure's advisory committee has noted that physically inability to attend the trial, while the "most persuasive" showing of good cause, is not the only means to allow remote testimony. FED. R. CIV. P. 43 advisory committee's note; see also El-Hadad v. United Arab Emirates, 496 F.3d 658, 668-69 (D.C. Cir. 2007). Although health reasons can form the basis for good cause, courts have been wary of accepting a "cursory 'doctor's excuse,' a statement that the witness's physical or mental health 'could' be adversely affected by having to appear." Stoner v. Sowders, 997 F.2d 209, 213 (6th Cir. 1993). Here, Plaintiffs have adduced significant evidence that tends to support the position that the note provided to the Court is simply a "cursory 'doctor's excuse,'" including continued participation as a presenter at various conferences, trips, and continued work on other litigation. See, e.g., Dkt. No. 326. Accordingly, the Motion is denied.

### III. MOTION TO QUASH

Defendants have moved to quash Plaintiffs' subpoena of Defendants' attorney, Mr. Thomas Marcelle, Esq. ("Marcelle"). However, the Motion appears narrowly focused on the communications between Marcelle and Albany County (the "County") regarding the construction of Local Law C, which Defendants claim, and Magistrate Judge Homer previously held, is covered by

the attorney-client privilege. See Dkt. Nos. 157 ("Homer Order"); Mot. Quash. As an initial matter, the Court has reviewed Magistrate Judge Homer's opinion regarding such communications, finds it to be complete and correct, and adopts it in its entirety. Accordingly, the Court considers only the arguments which lay outside the scope of Magistrate Judge Homer's opinion: (1) that Marcelle is the sole witness appropriate to testify as to several non-privileged actions and communications, such as his role at public hearings for Local Law C; and (2) that either Marcelle or County officials waived the attorney-client privilege. See Dkt. No. 341 ("Response to Motion to Quash").

Regarding Marcelle's communications to the public at and outside of public hearings, those communications fall outside of the attorney-client privilege, and therefore outside of Magistrate Judge Homer's opinion. "The attorney-client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance." In re County of Erie, 473 F.3d 413, 418 (2d Cir. 2007). Marcelle's public statements were, by definition, neither confidential nor made for the purpose of providing legal assistance to the County. Furthermore, Marcelle is uniquely competent to testify as to his statements at public hearings; his testimony is therefore necessary. Thus, to the extent Marcelle is being subpoenaed to testify as to non-privileged, public communications regarding Local Law C, the Court will allow Plaintiffs to adduce that testimony.

Regarding private communications to the Redistricting Commission, Plaintiffs assert that attorney-client privilege has been waived in light of: (1) communications between Marcelle and Shawn Morse ("Morse"); (2) communications between Marcelle and expert witness John Merrill; and (3) the opening statements of this trial. Resp. Mot. Quash at 11-14. Regarding any communications between Marcelle and Morse, Plaintiffs cite a portion of Morse's deposition in

which Morse alludes to running certain ideas by Marcelle and soliciting feedback. Dkt. No. 342-7 at 111:10-112:4. However, Morse never specified the feedback that he received from Marcelle. See id. Plaintiffs cite only general authority that a party may waive attorney-client privilege by implication; it cites no authority—and the Court is aware of none—to show that the mere mention that counsel was consulted would waive privilege as to all details of that communication. Regarding communications between Marcelle and Merrill, attorney instructions to an expert witness are not subject to the attorney-client privilege; however, those instructions are admissible through the expert. See Homer Order at 18-20. Finally, the Court is aware that Marcelle's attorney argument regarding the underpinnings of Local Law C in his opening statement is to be given no weight if not supported by admissible evidence at trial. Although such evidence likely could be adduced through Marcelle, attorney argument does not itself constitute a waiver of the attorney-client privilege. See, e.g., Bercut-Vandevoort & Co. v. Maison Tarride Ledroit & Cie, No. C 05-5122, 2006 WL 3147689, at *4 (N.D. Cal. Nov. 1, 2006). Accordingly, the Court will permit Plaintiffs to question Marcelle as to public statements made at or outside of the County's redistricting hearings, but not as to private communications or consultations between Marcelle and the County.

**IV.   MOTION TO PRECLUDE**

Defendants further move to preclude Plaintiffs from submitting as evidence several exhibits not timely disclosed in an exhibit list. Mot. Preclude at 1-2. The Court notes that both parties have failed to file elements of their pretrial submissions, and there is no allegation that the included exhibits were not previously disclosed in discovery. See generally id. Accordingly, the Motion is denied.

### V. MOTION FOR PARTIAL DIRECTED VERDICT

Finally, the Court addresses Plaintiffs' oral motion for a partial directed verdict that the County's black community is politically cohesive in and of itself. See Minute Order. Federal Rule of Civil Procedure 50(a) allows a party to move for judgment as a matter of law after "a party has been fully heard on an issue." Political cohesion is an issue under Thornburg v. Gingles, 478 U.S. 30, 48-49 (1986). The plaintiff in a Voting Rights Act case bears the burden of establishing all Gingles elements. Id. at 44. In the rare case that a directed verdict is granted after an opening statement, it has been against the party that holds the burden of proof in circumstances where the party's stated position is legally untenable. See, e.g., Slotnick v. Staviskey, 560 F.2d 31, 33-34 (1st Cir. 1977) (affirming grant of directed verdict based on failure to allege a conspiracy with officials entitled to judicial immunity). Here, Defendants simply did not highlight the cohesion of the black community in their opening statement, an issue on which they do not hold the burden. The Court therefore finds that Plaintiffs have not proven, as a matter of law, that they are entitled to judgment on the issue of cohesion, and the motion is denied.

### VI. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants County of Albany and Albany County Board of Elections' Motions (Dkt. Nos. 313, 335) for accommodation for their expert witness, Dr. Ronald Gaddie, and to preclude Plaintiffs from entering into evidence exhibits on their exhibit list are **DENIED**; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 332) to quash the subpoena of Thomas Marcelle is **GRANTED** to the extent that it seeks to limit Mr. Marcelle's testimony to exclude

private communications with the County regarding Local Law C, and **DENIED** in its remainder; and it is further

      **ORDERED**, that Plaintiffs' motion for a directed verdict is **DENIED**; and it is further

      **ORDERED**, that the Clerk of the Court serve all parties with this Decision and Order in accordance with the Local Rules.

      **IT IS SO ORDERED.**

DATED:    November 18, 2014
               Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge