UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ANNE POPE, et al.,

              Plaintiffs,

  -against-                              No. 11-CV-736 (LEK/CFH)

COUNTY of ALBANY, et al.,

              Defendants.
----------------------------------------------------------x

## STIPULATION OF SETTLEMENT AND ORDER

**I.    INTRODUCTION**

      1.    This action, brought by minority voters in Albany County against the County of Albany (the "County") and the Albany County Board of Elections (together, the "Defendants"), seeks declaratory and injunctive relief against the current configuration of the legislative election districts for the Albany County Legislature on the grounds that minority voting rights are diluted in violation of rights secured to the County's minority voters by Section 2 of the Voting Rights Act, as amended, 52 U.S.C. 10301(a) ("Section 2").

      2.    In the interest of ensuring that minority voters in Albany County have an equal right to full electoral and political participation, and in order to avoid the risks and burdens of further protracted litigation and trial proceedings, the parties have agreed that this action should be resolved through the terms of this Stipulation of Settlement and Order.

      3.    The parties recognize and agree that the redistricting process required to implement this Stipulation of Settlement and Order could not be timely completed for the 2015 election cycle. The parties further recognize and agree that Plaintiffs desire to have elections conducted under a new plan as soon as reasonably practicable, but that it would be unfair to the County to conduct elections for the Legislature in consecutive years. Therefore, the parties agree

that the current County Legislature shall hold-over for one additional year, and that the new Legislature that is currently scheduled to be elected to a four-year term at the General Election in November 2015 shall instead be elected to a three-year term at the General Election to be held in November 2016.

## II. BACKGROUND

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4), and 52 U.S.C. § 10308.

5. Venue is proper pursuant to 28 U.S.C. § 1931(b) because this is the Federal District in which the events or omissions giving rise to Plaintiffs' claims occurred.

6. Pursuant to the County Charter, the County Legislature consists of single members elected from each of the County's 39 legislative districts, with elections to the County Legislature occurring every four years.

7. After receiving the 1990 U.S. Census data in 1991, the redistricting plan passed by the County Legislature contained one majority-minority district ("MMD"). Minority voters sued in the United States District Court for the Northern District of New York, alleging that the 1990 County legislative districts and the 1980 County legislative districts violated Section 2. The plaintiffs and Albany County entered into a consent decree on November 13, 1991. Pursuant to that consent decree, three MMDs were created and three minority legislators were ultimately elected from those districts.

8. After receiving the 2000 U.S. Census data in 2001, the redistricting plan passed by the County Legislature on December 2, 2002, Local Law J, contained three MMDs. Minority voters sued in the United States District Court for the Northern District of New York, alleging that Local Law J violated Section 2. The Honorable Norman A. Mordue, United States District

Court Judge for the Northern District of New York, enjoined the County Legislature's elections scheduled to occur under Local Law J, pending adoption of a redistricting plan with four MMDs. The plaintiffs and Albany County entered into a consent decree and judgment on August 19, 2004. Pursuant to that consent decree, the County Legislature passed Local Law No. 4 for 2004, which created four MMDs, from which minority legislators are generally elected.

9. After receiving the 2010 U.S. Census data in 2011, the redistricting plan passed by the County Legislature on May 23, 2011, Local Law C of 2011 ("Local Law C"), contained four MMDs.

10. On June 29, 2011, Plaintiffs Anne Pope, Janis Gonzalez, and Wanda Willingham filed the complaint in this action against the County of Albany and the Albany County Board of Elections in this Court, alleging that Local Law C violates Section 2 by establishing an insufficient number of MMDs. Plaintiffs brought claims on behalf of the County's Black population, and the County's combined Black and Hispanic populations.

11. Plaintiffs moved for a preliminary injunction on July 15, 2011. A hearing was held on Plaintiffs' motion for a preliminary injunction on August 3 & 4, 2011. On August 18, 2011, this Court denied Plaintiffs' motion for preliminary injunction.

12. Plaintiffs appealed this decision to the United States Court of Appeals for the Second Circuit. The Second Circuit affirmed this Court's denial of the preliminary injunction on May 29, 2012, and provided guidance concerning the requirements under the first and second preconditions established in *Thornburg v. Gingles*, 478 U.S. 30 (1986).

13. On January 28, 2014, this Court considered Plaintiffs' and Defendants' motions for summary judgment, and denied Defendants' motion and partially granted Plaintiffs' motion.

14. Plaintiffs Anne Pope, Wanda Willingham, Geraldine Bell, Samuel Coleman, Lee Pinckney, Vicente Alfonso, Elaine Frazier, and Stephanie Davis filed a Second Amended Complaint on January 29, 2014.

15. Plaintiffs Anne Pope, Wanda Willingham, Geraldine Bell, Samuel Coleman, Lee Pinckney, Vicente Alfonso, and Elaine Frazier (the "Plaintiffs") filed pretrial submissions on November 4, 2014.

16. Trial proceedings began on November 6, 2014.

17. Plaintiffs allege, and this Court has found, that the County's minority population is sufficiently large and geographically compact to require five MMDs in the County Legislature.

18. Plaintiffs allege that the County's Black population is politically cohesive, and that the County's Black and Hispanic populations are politically cohesive.

19. Plaintiffs allege that the County's white majority votes sufficiently as a bloc to enable it, absent special circumstances, usually to defeat the minority population's preferred candidate.

20. While none of the parties concede the validity of the conflicting claims asserted in this litigation, all consent to settlement on the terms set forth herein, to avoid the uncertainties of litigation and to avoid additional cost to the parties.

### III. TERMS AND CONDITIONS

#### A. Timely Agreement to the Terms of This Stipulation of Settlement and Order

21. To ensure that the parties timely agree to the terms of this Stipulation of Settlement and Order, the following conditions must be met:

22. Counsel for the all parties must sign this Stipulation of Settlement and Order by 11:00 a.m. EST on November 28, 2014.

23. The County Legislature must vote to adopt the terms of this Stipulation of Settlement and Order by December 2, 2014.

24. The terms of this Stipulation of Settlement and Order must be duly adopted—whether by the County Executive signing the legislation/resolution passed by the Legislature, by the Legislature voting to override the County Executive's veto of the legislation/resolution passed by the Legislature, or by adopting the legislation/resolution pursuant to the procedure in Section 309(c) of the County Charter wherein the County Executive definitively opts to neither exercise its power to sign nor its power to veto the legislation/resolution passed by the Legislature—not later than December 24, 2014.

25. In the event the terms of this Stipulation of Settlement and Order do not become duly adopted legislation/resolution by December 24, 2014, trial in this matter will resume on Monday, December 29, 2014.

### B. Creation of Five Majority-Minority Districts

26. Pursuant to this Stipulation of Settlement and Order and directive of the District Court, the County agrees to immediately initiate the legislative process to amend Local Law C, by incorporating the changes set forth in the revised redistricting plan and population summary report identified in Exhibit A to this Stipulation of Settlement and Order (the "Settlement Map").

27. The Settlement Map contains five MMDs. The Settlement Map's five MMDs are based on a definition of the minority population that combines the Non-Hispanic DOJ Black and Hispanic individuals of voting-age population in the County.

28. The Settlement Map's 5 MMDs will be in effect beginning with the rescheduled elections for County Legislature in 2016.

C.     **Redistricting Process Reforms**

29.     In addition to approving this Stipulation of Settlement and Order, and its accompanying Settlement Map, the County Legislature shall conduct a redistricting process, in time to not interfere with the rescheduled 2016 Legislature elections, in order to redistrict the additional 34 County legislative districts which are not MMDs. This redistricting process will be conducted pursuant to the provisions herein.

30.     The Chairman of the County Legislature shall appoint a special committee consisting of seven (7) members (the "Redistricting Commission"), who shall prepare a new redistricting plan for the Albany County Legislature pursuant to the provisions herein. The members of the Redistricting Commission shall consist of at least one minority County legislator or minority private citizen from a MMD in the Settlement Map, and one member recommended by the Albany County chapter of the NAACP. The County Legislature shall pass a resolution approving the creation and appointment of the Redistricting Commission by January 15, 2015.

31.     The Redistricting Commission shall hold no less than ten (10) public hearings, including at least one in each of the Settlement Map's MMDs, not including at the Harold L. Joyce Albany County Office Building at 112 State Street in Albany. The Redistricting Commission's public hearings shall be noticed according to Public Meetings Law and shall be conducted by April 15, 2015.

32.     By June 15, 2015 the Redistricting Commission shall create a plan proposing boundaries of all thirty-nine legislative districts.

33.     By July 15, 2015 the Redistricting Commission shall hold a final public hearing and solicit public comment on the plan.

34. All of the Redistricting Commission's public hearings shall be open to the public, video recorded, and transcribed. All working sessions of the Redistricting Commission shall be open to the public and video recorded.

35. The timeline for the redistricting process will provide adequate time for input of the County's minority community. This includes the following:

    a. The County shall create and maintain a website announcing the date and location of (i) all public meetings and hearings of the Redistricting Commission, and (ii) all public meetings and hearings of the County Legislature or County Executive at which the County's redistricting is discussed. The website will also contain all U.S. Census figures for Albany County. The website shall be in both English and Spanish.

    b. The Redistricting Commission shall have a designated County e-mail address to collect feedback from the County's citizens.

    c. The County shall publish in English in a local English-language newspaper and in Spanish in a local Spanish-language publication, an article and/or advertisement announcing the date and location of (i) all public meetings and hearings of the Redistricting Commission, and (ii) all public meetings and hearings of the County Legislature or County Executive at which the County's redistricting is discussed. The Redistricting Commission will be properly funded to publish these notices. The article and/or advertisement will also direct the reader to the above referenced website.

36.     The Redistricting Commission will release at least one draft redistricting plan during the course of these public hearings, and will solicit public comment on the plan(s). This draft redistricting plan will be posted on the above referenced website, and will include a map of each district, population figures of the minority populations and voting-age populations in each legislative district, and the underlying files shall be made available to any citizen that requests such files.

37.     The Redistricting Commission will vote to recommend a redistricting plan to the County Legislature by August 15, 2015. This recommended redistricting plan will be posted on the above referenced website, and will include a map of each district, population figures of the minority populations and voting-age populations in each legislative district, and the underlying files shall be made available to any citizen that requests such files.

38.     The Redistricting Commission's recommended redistricting plan will not alter the MMDs in the Settlement Map, unless agreed to by a majority of the Plaintiffs.

39.     The County Legislature and County Executive will hold all necessary public hearings and meetings to solicit public feedback on the recommended redistricting plan.

40.     By October 15, 2015 the County Legislature will hold a public hearing on the recommended plan.

41.     By December 1, 2015 the County Legislature will, based on comments at the public hearing, make any necessary amendments to the plan, which will not include any amendments to the MMDs, unless agreed to by a majority of the Plaintiffs.

42.     The County Legislature shall vote on the final redistricting plan by January 15, 2016 in order to allow for the timely administration of the County Legislative elections during the rescheduled 2016 election cycle.

43. All records of the Redistricting Commission will be kept and maintained for at least ten (10) years by the clerk of the Albany County Legislature and/or Albany County Clerk and Hall of Records.

44. The County will retain an experienced and appropriately qualified consultant to assist in the creation and demarcation of district lines. The Redistricting Commission shall evaluate potential candidates for this position and determine which candidate is most qualified. The Redistricting Commission shall be properly funded to retain this consultant.

45. There shall not be an amendment to the County Charter changing the number of County Legislature seats until after the 2020 U.S. Census. If, after the 2020 U.S. Census, there is an amendment to the County Charter that changes the number of County Legislature seats, the number of MMDs will appropriately reflect the combined minority voting-age population of Non-Hispanic DOJ Black and Hispanic population.

46. The Plaintiffs agree that there are no specific requirements for or restrictions upon the boundaries of the other 34 legislative districts for the County Legislature not established in the Settlement Map, so long as these do not infringe on the creation of the Settlement Maps' five MMDs.

**D. Electoral Reforms**

47. The terms described in paragraphs 29 – 46 above shall not only apply to the next Redistricting Process, but to all future County Redistricting endeavors based on the 2020 U.S. Census.

48. In addition, the below reforms shall be made to the electoral process in the County.

49. In future redistricting endeavors, the consultant hired by the County in accordance with paragraph 44 shall be experienced and appropriately qualified to assist in the determination of the need for MMDs.

50. The County shall make all phases of the election process as accessible to Hispanic and Spanish-speaking citizens within the County of Albany as they are to the remainder of the County's population. Accordingly, the County shall provide information, publicity, and assistance in Spanish regarding all aspects of the electoral process, including but not limited to voter registration, voter registration cancellation, absentee voting, early voting, cumulative voting, fail safe voting, and procedures at the polls including translation of the ballot and training of polling officials and translators.

51. The County shall create and maintain a website containing information regarding the following: polling place location, voter information, absentee voting, and election inspectors. This information shall be in both English and Spanish.

52. The County shall publish in English in a local English-language newspaper and in Spanish in a local Spanish-language publication, an article and/or advertisement explaining the voting process with an accompanying sample ballot and instructions two (2) months prior to Election Day. This article and/or advertisement will also give notice of Election Day and how voters can determine where to vote.

53. Bilingual Election Officials and/or Volunteers may be present at each polling place where more than 10% of the voting age population identifies as some portion Hispanic or Latino.

54. Spanish-language instructions on how to use voting equipment will be readily available at all polling places. Whatever information that the County provides in the voting

booth, including, but not limited to, instructions on the casting of a ballot, shall appear in the booth bilingually in both Spanish and English.

55. The County shall ensure that all information that is provided by the County of Albany in English about "registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots," 52 U.S.C. § 10503(c), shall also be provided in Spanish. The County shall ensure that both English and Spanish language election information, materials, and announcements provided by the County of Albany are made equally available.

56. The County shall ensure that Spanish-language election information is translated accurately. To that end, all translation work shall be completed by a certified translator.

57. The parties recognize that regular and ongoing reassessment may be necessary to provide the most effective and efficient Spanish-language program and to ensure compliance with the Voting Rights Act. The County shall evaluate the implementation of these measures after each election to determine which aspects of the program are functioning well, whether any aspects need improvement, and how to affect needed improvements.

### E. Records Retention and Reporting Requirements

58. Throughout the duration of this Stipulation of Settlement and Order, the County shall make and maintain written records of all actions taken pursuant to this Stipulation of Settlement and Order sufficient to document its compliance with all of the requirements set forth herein. Such records shall be made available to the Plaintiffs upon their written request (including via e-mail) and upon reasonable notice.

59. Throughout the duration of this Stipulation of Settlement and Order, at least fourteen (14) days before each election, the County shall provide to counsel for Plaintiffs:

      a.      The name, address, and election districts at each polling place;

      b.      The name of each election inspector appointed and assigned to serve at each polling place;

      c.      The names of those election inspectors who are fluent in English and Spanish;

      d.      Copies of any signs or other written information provided at polling locations; and

      e.      A set of all written materials to be provided to voters at the election.

60.    Throughout the duration of this Stipulation of Settlement and Order, and within sixty (60) days after each election, the County shall provide to counsel for Plaintiffs an updated report regarding (1) any changes in these items; and (2) information about all complaints the County received before, during, or after the election regarding the subject matter of this Stipulation of Settlement and Order.

## IV.    SEVERABILITY AND ATTORNEYS' FEES

61.    In the event this Stipulation of Settlement and Order or of any of its terms or provisions is challenged in a Court, the County agrees to defend the Stipulation of Settlement and Order and its terms, adequately and in good faith, and to bear any and all fees and costs related to such defense.

62.    In the event that any term or provision of this Stipulation of Settlement and Order is declared invalid for any reason by a Court of competent jurisdiction, said finding shall not affect the remaining provisions of this Stipulation of Settlement and Order.

63. Plaintiffs are entitled to attorneys' fees pursuant to 42 U.S.C. § 1988 as prevailing parties. Plaintiffs are also entitled to costs and expenses pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1920.

64. With respect to fees, costs, and disbursements, Plaintiffs will submit a fee application(s) to the Court for the work of Gibson Dunn & Crutcher LLP and DerOhannesian & DerOhannesian, and Plaintiffs' expert fees.

65. The County will not submit any documents or other materials in opposition to the application(s), except stating that it does not consent to the application and allow the Court to determine the application in its sole discretion.

66. Plaintiffs and the County agree that regardless of the Court-ordered fee award, the County is not required to pay more than $850,000 for the fees, costs, and disbursements of Gibson Dunn & Crutcher LLP and DerOhannesian & DerOhannesian, and Plaintiffs' expert fees.

67. Plaintiffs and the County further agree to waive their rights to appeal the entry of this Court's decision regarding Plaintiffs' fee application(s).

## V. JUDICIAL OVERSIGHT

68. The Court will retain jurisdiction of this matter to determine if any further remedial action is necessary in the event any of the above terms of this Stipulation of Settlement and Order are not complied with. If Plaintiffs believe that the County has failed to comply with this Stipulation of Settlement and Order, Plaintiffs may, upon notice to the County, file a motion with the Court for an order compelling compliance.

69. The Court will also retain jurisdiction of the issue of attorneys' fees and costs.

70. Upon approval of this Stipulation of Settlement and Order, as set forth in paragraphs 23 and 24, the Plaintiffs will discontinue this proceeding against the Albany County Board of Elections.

[this section intentionally left blank]

*signature: Bryan Goldberger*

Bryan J. Goldberger
SPECIAL COUNSEL TO THE
LEGISLATURE
bgoldberger@goldbergerandkremer.com
112 State Street, Room 710
Albany, New York 12207
Telephone: 518. 447.7168
Fax: 518.447.5683
Bar Roll No. 101807

*signature: Paul DerOhannesian II*

Paul DerOhannesian II
DEROHANNESIAN & DEROHANNESIAN
paul@derolaw.com
677 Broadway, Suite 707
Albany, New York 12207
Telephone: 518.465.6420
Fax: 518.427.0614
Bar Roll No. 104792

Mitchell A. Karlan
GIBSON, DUNN & CRUTCHER LLP
mkarlan@gibsondunn.com
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Fax: 212.351.4035
Bar Roll No. 511874

*Attorney for Defendant*
*County of Albany*

*Attorneys for Plaintiffs*

It is hereby ordered, adjudged, and decreed, that the above terms of settlement are approved and the County of Albany is authorized and directed to act pursuant to the terms of this Stipulation of Settlement and Order.

ENTERED and ORDERED this 1st day of Dec, 2014.

*signature: Lawrence E. Kahn*

LAWRENCE E. KAHN
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

