UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

───────────────────────────────────────

ANNE POPE, JANIS GONZALEZ AND
WANDA WILLINGHAM,

                    Petitioners,

    -against-

COUNTY OF ALBANY AND THE ALBANY COUNTY
BOARD OF ELECTIONS,

                    Respondents.

Index No.: 1:11-cv-0736
(LEK/DRH)

───────────────────────────────────────

## DECLARATION OF GEORGE F. CARPINELLO, ESQ.

**George F. Carpinello** declares under penalty and perjury the following:

1.    I am a partner of the firm Boies, Schiller & Flexner, LLP ("BSF"), attorneys for County Executive Daniel P. McCoy. I make this Declaration in support of Mr. McCoy's motion to vacate the settlement agreement entered into between special counsel to the Albany County Legislature and counsel for the Plaintiffs on or about November 25, 2014 and approved by this Court on December 1, 2014 or, in the alternative, to stay this proceeding pending a determination by this Court or by a state court as to the proper party to enter into such a settlement agreement.

2.    I make this Declaration based upon my review of the relevant papers and discussions with persons having direct knowledge of the events set forth herein.

3.    This matter is brought by order to show cause rather than the normal motion practice because members of the Albany County Legislature intend to introduce a resolution at a meeting of the Albany County Legislature on December 2, 2014, purporting to approve the settlement agreement entered into by special counsel for the Legislature.

4. Pursuant to the Albany County charter and New York State law, neither individual members of the Albany County Legislature, the Legislature acting as a whole, nor the Legislature's purported special counsel has the authority to enter into a settlement agreement. Only the County Attorney, acting under direction of the County Executive, has the power to enter into a settlement of this action.

5. Binding precedent from this Court, *Orange Environment Inc. v. Orange County Legislature*, 2 F.3d 1235 (2d Cir. 1993) confirms that members of the Legislature have no power to enter into an agreement settling this action.

## FACTS

6. Pursuant to the Albany County Charter, Albany County established a redistricting committee to reapportion the County Legislature based upon the 2010 census.

7. On May 23, 2011, the Albany County Legislature adopted Local Law C which enacted the County's redistricting plan.

8. Local Law C contained thirty-nine single member districts and included four districts where African-Americans represented a majority of the voting age population — these four districts are known as majority minority districts.

9. On June 6, 2011 then County Executive Michael Breslin signed Local Law C into law.

10. On June 29, 2011, a group of individuals commenced this action in the United States District Court for the Northern District of New York alleging that the County failure to create five majority minority district in violation of § 2 of the Voting Rights Act.

11. Plaintiffs thereafter on July 15, 2011 filed a motion for preliminary injunction to stay the upcoming 2011 elections for Albany County Legislature.

12. On August 3 and 4, this Court presided over the preliminary injunction hearing and received the evidence.

13. After hearing all of the evidence, in a Memorandum-Decision dated August 18, 2011, this Court denied Plaintiffs' motion for preliminary injunction finding that Plaintiffs "have not established a likelihood of success on the merits with respect to the three Gingles preconditions."

14. Plaintiffs appealed this Court's decision to the Second Circuit Court of Appeals.

15. The parties submitted their respective briefs to the Second Circuit and oral argument was heard in New York City by the three-judge panel on December 16, 2011.

16. Approximately five months later, the Second Circuit issued a decision affirming the Court's judgment.

17. After the conclusion of discovery, both sides moved for summary judgment.

18. In its Memorandum-Decision dated January 28, 2014, this Court denied the County's motion and denied in part and granted in part Plaintiffs' motion.

19. On November 6, 2014 trial commenced and is still proceeding.

20. The parties maintained settlement discussions from the commencement of the litigation through trial.

21. The Albany County Attorney had conducted all settlement discussions until November 25, 2014.

22. A disagreement arose between the County Legislature leadership (Shawn Morse, chair; Frank Commisso, Majority Leader) and the County Executive with respect to the grounds of settlement.

23. On November 25, the United States Magistrate had the County Executive and the County Legislature leadership appear in his court for settlement discussions.

24. The County Executive asserted his executive authority, indicated to the Magistrate that he alone possessed the power to settle and requested that Legislature leadership be excused from settlement discussions. The Magistrate Judge denied the request.

25. By order of the Magistrate Judge, County Attorney Thomas Marcelle was recused from further settlement negotiations.

26. Plaintiffs thereafter bargained with the County Executive and the Legislative leadership separately with respect to settlement terms.

27. Plaintiffs purportedly struck a settlement with agreement with the Legislative leadership.

28. Plaintiffs and special counsel for the Legislature (Brian Goldberger, Esq.) memorialized the purported settlement agreement, attached hereto as Exhibit A.

29. Thereafter, a purported agreement was signed by special counsel for the Legislature and Plaintiffs. That agreement was signed by this Court on December 1, 2014.

30. At no time did either the County Attorney or the County Executive assent or consent to the leadership's purported settlement agreement.

31. The leadership has noticed a special meeting of the Legislature for December 2, 2014.

32. The agenda for the special meeting contains a single item — the adoption of the proposed agreement that the Legislative leadership reached with the Plaintiffs. *See* Exhibit B attached hereto.

33. Albany County is governed by the Albany County Charter.

34. The Charter has separated the legislative and executive functions. Specifically, Article 2 of the Charter establishes the County Legislature as "the legislative, appropriating, and policy determining body of the County." *See* County Charter Section 201, attached hereto as Exhibit C.

35. Article 3 establishes the County Executive as the "chief executive officer and administrative head of the county government." Charter § 302(a), Exhibit C.

36. The County Attorney is the head of the Department of Law under the Charter. Charter Section 1501, Exhibit C.

37. The Charter provides that the County Attorney alone shall defend the County against all civil action and "[s]he shall prepare all necessary papers and written instruments in connection with such representation." County Charter Section 1502, Exhibit C.

38. In unambiguous terms, Article 3 charges the County Executive with the responsibility of "supervising the structure and organization of each Department and Administrative Unit under [his] control." Section 302(a), Exhibit C.

39. This power includes the supervision of the Department of Law.

40. The County Executive alone possesses the power to "execut[e] contracts and agreements for the County." Charter § 302(e), Exhibit C.

41. This power expressly encompasses settlement agreements that bind the County.

42. Moreover, the Charter provides the Executive with a reservoir of power that allows to him to "exercise[e] all executive and administrative powers in relation to any and all functions of County government not otherwise specified in this Charter." Charter § 302(f), Exhibit C.

43.     In addition, state law provides that the County Executive shall be the "administrative head of the county government." Alternative County Government Law § 155(1)(a). Further, under state law, the County Attorney is charged with prosecuting and defending all civil actions against the County pursuant to County Law § 501.

44.     In entering into the Settlement Agreement, the individual members of the Legislature and the special counsel of the Legislature proceeded without jurisdiction and acted beyond the scope of their authority.

45.     The settlement agreement is therefore an *ultra vires* act and is void.

46.     Members of the Legislature are about to proceed without jurisdiction and act by voting on a purported settlement agreement that was entered into without authority of the County and the County Executive.

## RELIEF REQUESTED

47.     This Court should therefore vacate the settlement agreement and order or, in the alternative, stay any proceedings herein pending determination by this Court or by an appropriate state court of the proper party to represent the County in the proceeding.

I hereby declare under penalties of perjury that the foregoing is true and correct.

Dated:  December 2, 2014

_____
George F. Carpinello