UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANNE POPE, JANIS GONZALEZ, AND
WANDA WILLINGHAM

            Plaintiffs,   Index No.:  1:11-cv-0736
                        (LEK/DRH)

 -against-

COUNTY OF ALBANY, AND THE ALBANY COUNTY
BOARD OF ELECTIONS,

            Defendants.

---

## MEMORANDUM OF LAW TO VACATE THE SETTLEMENT AGREEMENT

 Movant Daniel P. McCoy, Albany County Executive respectfully submits this Memorandum of Law in Support of his Motion to Vacate the Settlement Agreement.

### PRELIMINARY STATEMENT

 The settlement agreement should be vacated because neither the Albany County legislative leaders nor their special counsel had any power or capacity to enter into it.  The Albany County Attorney, acting under the authority of the County Executive is the only party that has capacity to do so.

 Because the legislative leaders had no capacity to bind Albany County, the settlement agreement is void and invalid.  It has no force nor effect.

### FACTS

 Pursuant to the Albany County Charter, Albany County established a redistricting committee to reapportion the County Legislature based upon the 2010 census.

On May 23, 2011, the Albany County Legislature adopted Local Law C which enacted the County's redistricting plan. Local Law C contained thirty-nine single member districts and included four districts where African-Americans represented a majority of the voting age population — these four districts are known as majority minority districts. On June 6, 2011 then County Executive Michael Breslin signed Local Law C into law.

On June 29, 2011, a group of individuals commenced this action alleging that the County failure to create five majority minority district in violation of § 2 of the Voting Rights Act. Plaintiffs thereafter on July 15, 2011 filed a motion for preliminary injunction to stay the upcoming 2011 elections for Albany County Legislature. On August 3 and 4, this Court presided over the preliminary injunction hearing and received the evidence. After hearing all of the evidence, in a Memorandum-Decision dated August 18, 2011, this Court denied Plaintiffs' motion for preliminary injunction finding that Plaintiffs "have not established a likelihood of success on the merits with respect to the three Gingles preconditions."

Plaintiffs appealed this Court's decision to the Second Circuit Court of Appeals. The parties submitted their respective briefs to the Second Circuit and oral argument was heard in New York City by the three-judge panel on December 16, 2011. Approximately five months later, the Second Circuit issued a decision affirming the Court's judgment.

After the conclusion of discovery, both sides moved for summary judgment.

In its Memorandum-Decision dated January 28, 2014, this Court denied the County's motion and denied in part and granted in part Plaintiffs' motion.

On November 6, 2014 trial commenced and is still proceeding.

The parties maintained settlement discussions from the commencement of the litigation through trial. The Albany County Attorney had conducted all settlement discussions until

November 25, 2014. A disagreement arose between the County Legislature leadership (Shawn Morse, chair; Frank Commisso, Majority Leader) and the County Executive with respect to the grounds of settlement.

On November 25, the United States Magistrate had the County Executive and the County Legislature leadership appear in his court for settlement discussions. The County Executive asserted his executive authority, indicated to the Magistrate that he alone possessed the power to settle and requested that Legislature leadership be excused from settlement discussions. The Magistrate Judge denied the request. In addition, County Attorney Thomas Marcelle was recused from representing the County in further settlement negotiations.

Plaintiffs thereafter bargained with the County Executive and the Legislative leadership separately with respect to settlement terms. Plaintiffs purportedly struck a settlement with agreement with the Legislative leadership. Plaintiffs and special counsel for the Legislature (Brian Goldberger, Esq.) memorialized the purported settlement agreement.

Thereafter, a purported agreement was signed by special counsel for the Legislature and Plaintiffs. That agreement was signed by this Court on December 1, 2014. At no time did either the County Attorney or the County Executive assent or consent to the leadership's purported settlement agreement.

The leadership has noticed a special meeting of the Legislature for December 2, 2014. The agenda for the special meeting contains a single item — the adoption of the proposed agreement that the Legislative leadership reached with the Plaintiffs.

## ARGUMENT

This Court should vacate the settlement agreement under Rule 60(b)(4) and (6) because it is void and entered into by a party without capacity. Neither members of the Legislature, nor the

Legislature as a whole has the power to enter into the settlement in the first instance. The Order is void *ab initio*.

Rule 60(b)(4) and (6) provides that "[o]n a motion, and just terms, the court may relive a party . . . . from a judgment [or] order . . . . [that is] void [and] for any other reason that justifies relief." The party moving under Rule 60(b) bears the burden of demonstrating that the judgment should be vacated. A judgment is void under Rule 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a matter inconsistent with due process of law." *McConnell v. Colvin*, 2014 WL 5660377 at * 2 (N.D.N.Y. Sept. 5, 2014) (*quoting Grace v. Bank Leumi Trust Co.,* 443 F.3d 180, 193 (2d Cir. 2006) (citations omitted)). Rule 60(b)(6) permits relief from judgment for any other reason.

The Rule "is a 'grand reservoir of equitable power to do justice in a particular case." *Id.* (quoting *Stevens v. Miller,* 676 F.3d 62, 67 (2d Cir.2012) (citations omitted)). Rule 60(b)(6) "provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Id.* (*quoting Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 864 (1988) (citations omitted)).

Here, members of the Legislature and their special counsel have entered into a settlement on behalf of Albany County in this action, without the approval or participation of the Albany County Executive or Albany Court Attorney. The Legislature has no power or authority to do so. The Albany County Attorney acting at the direction of the County Executive has the power to settle cases on behalf of Albany County.

The Albany County charter is clear that the Albany County Executive is the "chief executive officer" and administrative head of the county government. Charter § 302(a). Article 3 of the Charter charges the County Executive with the responsibility of "supervising the

4

structure and organization of each Department and any other Administrative Units under [his] control". This includes the Executive's supervision of the Department of Law. *Id*. § 302(a). Further, the County Executive alone possesses the power to "[e]xecute contracts and agreements for the county." *Id*. § 302(e). The County Executive also possesses "all necessary incidental powers to perform and exercise any of the duties and functions specified" in the other sections of the Charter or that are lawfully delegated to the County Executive. § 302(g). In addition, New York State law provides that the County Executive shall be the "administrative head of the government." Alternative County Government Law § 155(1)(a). These powers clearly encompass the power to approve or disapprove settlement agreements that bind the County in federal litigation.

The Charter further provides that the County Attorney alone shall defend the County against any and all civil actions and "shall prepare all necessary papers and instruments in connection with such representation." *Id*. § 1502. Further, under state law, the County Attorney is charged with prosecuting and defending all civil actions against the County. *See* County Law § 501. Thus, only the County Attorney, acting pursuant to direction from the County Executive, can settle the federal litigation.

As the New York Court of Appeals has held, "it is a fundamental principle of the organic law that each department of government should be free from interference, in the lawful discharge of duties expressly conferred, by either of the other branches." *New York State Inspection, Security and Law Enforcement Employees v. Cuomo*, 64 N.Y.2d 233, 239 (1984). Further, where "policy matters have demonstrably and textually have been committed to a coordinate, political branch of the government, any consideration of such matters by a branch or body other

than that in which the power expressly is reposed, would, absent extraordinary and emergency circumstances, constitute an *ultra vires* act. *Id*. at 240 (internal citations omitted).

The very issue that is presented in this action was presented in *Orange Environment Inc. v. County of Orange*, 817 F. Supp. 1051 (S.D.N.Y.), *aff'd*, 2 F.3d 1235 (2d Cir. 1993), where the county executive chose to settle environmental litigation involving the county's landfill and the county legislature sought to intervene as a necessary party to continue the litigation. After reviewing the relevant county charter, which has provisions very similar, if not identical, to the Albany County Charter, the court concluded that the county was represented only by the county attorney and that only the county attorney could speak on behalf of the county in federal court. The court therefore concluded that the county legislature had no standing to intervene in the action. Similarly, here, the Legislature does not represent the county and has no power to settle the action.

In affirmance, the Second Circuit adopted the reasoning of the district court but emphasized that the Legislature would clearly have a role in any approval process especially if funds needed to be appropriated to fulfill the settlement. *Orange Environmental Inc. v. Orange County Legislature*, 2 F.3d 1235, 1235-36 (2d Cir. 1993). But as the district court found, the proper party to represent the county in the litigation was the County Attorney as directed by the County Executive, not the Legislature.

The Second Circuit's decision in *Orange Environment* is consistent with an earlier decision rendered by the same court in *United States v. Yonkers Bd. of Education*, 902 F.2d 213 (2d Cir. 1990) in which the Second Circuit denied intervention to the City of Yonkers's Recreation and Conservation Board to appeal an order the city itself was not appealing. The court denied intervention holding that the Board had no authority to represent the city in

litigation and the board members' alleged disagreement with other city officials about trial strategy was not a sufficient to allow them to intervene.

Similarly, in *Commack Self-Service Kosher Meats, Inc. v. Rubin*, 170 F.R.D. 93 (E.D.N.Y. 1996), an action challenging New York's Kosher laws, the court denied intervention by Sheldon Silver, Speaker of the New York State Assembly, in his official capacity because such intervention would violate the separation of powers principle since the state could only be defended by the Attorney General's office. The court allowed Silver to intervene only in his personal capacity as a consumer of kosher foods.

## CONCLUSION

For all the foregoing reasons, the Court should vacate the settlement agreement and order or, in the alternative, stay this action pending a determination by this Court or an appropriate state court of the proper person or party to enter into an agreement settling this action.

Dated: December 2, 2014              **BOIES, SCHILLER & FLEXNER LLP**

By: _____
George F. Carpinello
Adam R. Shaw
30 South Pearl Street, 11th Floor
Albany, NY 12207
Ph:    518-434-0600
Fax:   518-434-0665
gcarpinello@bsfllp.com
ashaw@bsfllp.com

*Attorneys for Daniel P. McCoy*