UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

ANNE POPE, et al.,

                Plaintiffs,

    -against-                             No. 11-cv-736 (LEK/CFH)

COUNTY OF ALBANY, et al.,

                Defendants.
----------------------------------------------------------x

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs Anne Pope, Wanda Willingham, Geraldine Bell, Samuel Coleman, Lee Pinckney, Vicente Alfonso, and Elaine Frazier (the "Plaintiffs") respectfully submit this memorandum of law in support of their Renewed Motion for a Preliminary Injunction. In light of past delays and the possibility of future delays, including any necessary appeals, Plaintiffs make this application in an abundance of caution to ensure any delays do not cause further prejudice.

### LEGAL STANDARD

In Voting Rights Act litigation, a preliminary injunction is appropriate when the moving party demonstrates a likelihood of success on the merits and irreparable harm absent injunctive relief. *See Pope v. Cnty. of Albany*, 687 F.3d 565, 570 (2d Cir. 2012); *Bridgeport Coal. for Fair Representation v. City of Bridgeport*, 26 F.3d 271, 274 (2d Cir. 1994), *rev'd on other grounds*, 512 U.S. 1283 (1994); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 281 F. Supp. 2d 436, 442 (N.D.N.Y. 2003) ("*Arbor Hill II*") (granting preliminary injunction).

Based on the proceedings to date and the evidence currently before the Court,[1] Plaintiffs meet this standard, and this Court should issue the preliminary injunction that Plaintiffs request.

## ARGUMENT

*Likelihood of Success on the Merits.*  The current Albany County legislative district map, the product of Local Law C, violates Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, because it provides for only four MMDs, when five are warranted.  For almost four years, Defendants have vigorously contested the feasibility of creating a fifth majority-minority district ("MMD").  But Defendants' recent actions and public statements have firmly established a critical reality:  all parties now agree that five MMDs are not only feasible, but warranted.  In other words, there is no dispute about the central issue in this case.  Plaintiffs have ample evidence to support a finding that the three *Gingles* preconditions are satisfied, and that the totality of circumstances are present.  *See Thornburg v. Gingles*, 478 U.S. 30, 50–51 (1986).  Therefore, Plaintiffs are likely to succeed on the merits of their Voting Rights Act claims.

Moreover, since bringing their initial preliminary injunction in 2011, Plaintiffs have gathered additional evidence, as described in Plaintiffs' proposed findings of fact and conclusions of law and pre-trial brief.  Dkts. 323, 324.  The Plaintiffs also present substantial additional testimony from the time of their initial preliminary injunction in 2011, including additional expert analysis regarding racially polarized voting.  *See, e.g.*, *id*.  The Second Circuit has provided additional guidance on the *Gingles* preconditions, *see Pope*, 687 F.3d at 574, 577 n.11 ("[P]laintiffs satisfy the first *Gingles* factor."), and this Court has found that Plaintiffs

---

[1] Given the breadth of proceedings to date, Plaintiffs do not wish to burden the Court with additional factual background and briefing.  Plaintiffs respectfully refer the Court to, and incorporate herewith, the submissions currently before the Court, including Plaintiffs' proposed findings of fact and conclusions of law (Dkt. 323) and pre-trial brief (Dkt. 324).

satisfied the first *Gingles* precondition. *See Pope v. Cnty. of Albany*, No. 11-cv-736, 2014 WL 316703, at *12, *15 (N.D.N.Y. Jan. 28, 2014) (Dkt. 253). Defendants offer little affirmative evidence to rebut Plaintiffs' claims, instead, seeking to relitigate issues that have already been decided or that they have effectively conceded.

    *Irreparable Harm*. Absent a preliminary injunction, Defendants will commence the 2015 election cycle based on an illegal election map—one that deprives Plaintiffs and minorities residing in Albany County of their right to have the opportunity to elect the candidate(s) of their choosing. Permitting elections to proceed in a manner that violates the Voting Rights Act, and the constitutional rights of voters, is an irreparable harm. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, No. 03-CV-502, 2003 U.S. Dist. LEXIS 11386, at *9 (N.D.N.Y. July 7, 2003) ("*Arbor Hill I*"); *United States v. Berks Cnty.*, 250 F. Supp. 2d 525, 540 (E.D. Pa. 2003). The Defendants did not contest that an irreparable harm was present during the preliminary injunction proceedings before this Court in 2011. *See* Dkt. 40. In addition, absent a preliminary injunction, Defendants may initiate the unauthorized Downsizing. *See Wright v. Cnty. of Cattaraugus*, 41 A.D.3d 1303, 1303–04, 838 N.Y.S.2d 301, 302 (4th Dept. 2007); *Matter of Rock v. Murphy*, 111 A.D.2d 593, 594, 494 N.Y.S.2d 429, 430 (3d Dept. 1985); *see also* N.Y. Mun. Home Rule Law § 10(1)(ii)(a)(13)(f).

    *Balance of the Hardships*. The balance of the hardships weighs heavily in Plaintiffs' favor. On the one hand, Defendants face a *de minimis* delay in the start of their political calendar for the 2015 election cycle, one that is of their own making given their repeated efforts to delay this trial thus far. On the other hand, Plaintiffs face severe prejudice: the incommensurable deprivation of their right to have a meaningful opportunity to elect the candidate(s) of their choosing in the 2015 election cycle. *See Arbor Hill I*, 2003 U.S. Dist. LEXIS 11386, at *53.

Thus, the public interest here strongly favors the issuance of a preliminary injunction that merely temporarily enjoins the initiation of the 2015 election cycle only until final judgment in this action is entered.  *See Arbor Hill II*, 281 F. Supp. 2d at 456; *Quick Bear Quiver v. Nelson*, 387 F. Supp. 2d 1027, 1034 (D.S.D. 2005); *United States v. Charleston Cnty.*, 318 F. Supp. 2d 302, 327 (D.S.C. 2002).

    For all these reasons, Plaintiffs respectfully request that the Court grant its Renewed Motion for a Preliminary Injunction.

Dated: New York, New York  
December 22, 2014

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

 /s/ Mitchell A. Karlan

Mitchell A. Karlan  
mkarlan@gibsondunn.com  
200 Park Avenue  
New York, New York 10166-0193  
Telephone: 212.351.4000  
Fax: 212.351.4035  
Bar Roll No. 511874

DEROHANNESIAN & DEROHANNESIAN  
Paul DerOhannesian II  
paul@derolaw.com  
677 Broadway, Suite 707  
Albany, New York 12207  
Telephone: 518.465.6420  
Fax: 518.427.0614  
Bar Roll No. 104792

*Attorneys for Plaintiffs*