```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANNE POPE, et al.,                          :
                                            :
                    Plaintiffs,             :
                                            :
       -against-                            :   No. 11-CV-736 (LEK/CFH)
                                            :
COUNTY of ALBANY, et al.,                   :
                                            :
                    Defendants.             :
------------------------------------------------------------x
```

## STIPULATION OF SETTLEMENT AND ORDER

**I.     INTRODUCTION**

1.     This action, brought by minority voters in Albany County against the County of Albany (the "County") and the Albany County Board of Elections (together, the "Defendants"), seeks declaratory and injunctive relief against the current configuration of the legislative election districts for the Albany County Legislature on the grounds that minority voting rights are diluted in violation of rights secured to the County's minority voters by Section 2 of the Voting Rights Act, as amended, 52 U.S.C. 10301(a) ("Section 2").

2.     In the interest of ensuring that minority voters in Albany County have an equal right to full electoral and political participation, and in order to avoid the risks and burdens of further protracted litigation and trial proceedings, the parties have agreed that this action should be resolved through the terms of this Stipulation of Settlement and Order.

**II.    BACKGROUND**

3.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4), and 52 U.S.C. § 10308.

1

4. Venue is proper pursuant to 28 U.S.C. § 1931(b) because this is the Federal District in which the events or omissions giving rise to Plaintiffs' claims occurred.

5. Pursuant to the County Charter, the County Legislature consists of single members elected from each of the County's 39 legislative districts, with elections to the County Legislature occurring every four years.

6. After receiving the 1990 U.S. Census data in 1991, the redistricting plan passed by the County Legislature contained one majority-minority district ("MMD"). Minority voters sued in the United States District Court for the Northern District of New York, alleging that the 1990 County legislative districts and the 1980 County legislative districts violated Section 2. The plaintiffs and Albany County entered into a consent decree on November 13, 1991. Pursuant to that consent decree, three MMDs were created and three minority legislators were ultimately elected from those districts.

7. After receiving the 2000 U.S. Census data in 2001, the redistricting plan passed by the County Legislature on December 2, 2002, Local Law J, contained three MMDs. Minority voters sued in the United States District Court for the Northern District of New York, alleging that Local Law J violated Section 2. The Honorable Norman A. Mordue, United States District Court Judge for the Northern District of New York, enjoined the County Legislature's elections scheduled to occur under Local Law J, pending adoption of a redistricting plan with four MMDs. The plaintiffs and Albany County entered into a consent decree and judgment on August 19, 2004. Pursuant to that consent decree, the County Legislature passed Local Law No. 4 for 2004, which created four MMDs, from which minority legislators are generally elected.

8. After receiving the 2010 U.S. Census data in 2011, the redistricting plan passed by the County Legislature on May 23, 2011, Local Law C of 2011 ("Local Law C"), contained four MMDs.

9. On June 29, 2011, Plaintiffs Anne Pope, Janis Gonzalez, and Wanda Willingham filed the complaint in this action against the County of Albany and the Albany County Board of Elections in this Court, alleging that Local Law C violates Section 2 by establishing an insufficient number of MMDs. Plaintiffs brought claims on behalf of the County's Black population, and the County's combined Black and Hispanic populations.

10. Trial proceedings began on November 6, 2014.

11. Plaintiffs allege, and this Court has found, that the County's minority population is sufficiently large and geographically compact to require five MMDs in the County Legislature.

12. Plaintiffs allege that the County's Black population is politically cohesive, and that the County's Black and Hispanic populations are politically cohesive.

13. Plaintiffs allege that the County's white majority votes sufficiently as a bloc to enable it, absent special circumstances, usually to defeat the minority population's preferred candidate.

14. While none of the parties concede the validity of the conflicting claims asserted in this litigation, all consent to settlement on the terms set forth herein, to avoid the uncertainties of litigation and to avoid additional cost to the parties.

### III. TERMS AND CONDITIONS

#### A. Timely Agreement to the Terms of This Stipulation of Settlement and Order

15. To ensure that the parties timely agree to the terms of this Stipulation of Settlement and Order, the following conditions must be met:

16. The County Legislature must vote to adopt the terms of this Stipulation of Settlement and Order by December 29, 2014. Should the County Legislature fail to vote on this Stipulation of Settlement and Order, Plaintiffs shall be entitled to request sanctions upon application to the court.

17. In the event the terms of this Stipulation of Settlement and Order are not adopted by the County Legislature by December 28, 2014, trial in this matter will resume as scheduled on Monday, December 29, 2014. Trial shall continue on December 30, 2014 and December 31, 2014. Defendants will not seek any delay of the trial of this matter in the event the Albany County Legislature does not approve this Stipulation of Settlement and Order, as set forth in paragraph 21.

**B.     Creation of Five Majority-Minority Districts**

18. Pursuant to this Stipulation of Settlement and Order and directive of the District Court, the County agrees to immediately initiate the legislative process to amend Local Law C, by incorporating the changes set forth in the revised redistricting plan and population summary report identified in <u>Exhibit A</u> to this Stipulation of Settlement and Order (the "Settlement Map").

19. The Settlement Map contains five MMDs. The Settlement Map's five MMDs are based on a definition of the minority population that combines the Non-Hispanic DOJ Black and Hispanic individuals of voting-age population in the County.

**C.     Redistricting Process Reforms**

20. In addition to approving this Stipulation of Settlement and Order, and its accompanying Settlement Map, the County Legislature shall conduct a redistricting process, in time to not interfere with the regularly scheduled 2015 Legislature elections, in order to redistrict

the additional County legislative districts which are not MMDs. This redistricting process will be conducted pursuant to the provisions herein.

21.  The County Legislature shall appoint a special committee consisting of seven (7) members (the "Redistricting Commission"), who shall prepare a new redistricting plan for the Albany County Legislature pursuant to the provisions herein. The membership of the Redistricting Commission shall consist of one member appointed by the Majority Leader, one member appointed by the Chair of the Legislature, and two appointed by the Minority Leader. Within ten (10) days of that appointment, the four appointed commissioners shall select three additional commissioners and so notify the Clerk of the Legislature within ten days of the selection. If the four commissioners appointed by the leaders fail to timely select the other three commissioners, then the Majority Leader, Minority Leader and Chair of the Legislature shall select one additional commissioner each. The Commission must have two commissioners who are minorities (black and/or Hispanic). The minority commissioners shall be chosen from a pool of candidates, which the NAACP shall provide and shall contain no fewer than five (5) names and a non-elected minority from an MMD in the Settlement Map. The County Legislature shall pass a resolution approving the creation and appointment of the Redistricting Commission by January 15, 2015.

22.  The Redistricting Commission shall hold no less than six (6) public hearings, including at least four meetings in four of the five MMDs in the Settlement Map, not including at the Harold L. Joyce Albany County Office Building at 112 State Street in Albany. The Redistricting Commission's public hearings shall be noticed according to Public Meetings Law.

23.  By March 1, 2015 the Redistricting Commission shall create a plan proposing boundaries for all of the legislative districts.

24. By March 16, 2015 the Redistricting Commission shall hold a final public hearing and solicit public comment on the plan.

25. All of the Redistricting Commission's public hearings shall be open to the public, video recorded, and transcribed. All working sessions of the Redistricting Commission shall be open to the public and video recorded.

26. The timeline for the redistricting process will provide adequate time for input of the County's minority community. This includes the following:

    a. The County shall create and maintain a website announcing the date and location of (i) all public meetings and hearings of the Redistricting Commission, and (ii) all public meetings and hearings of the County Legislature or County Executive at which the County's redistricting is discussed. The website will also contain all U.S. Census figures for Albany County. The website shall be in both English and Spanish.

    b. The Redistricting Commission shall have a designated County e-mail address to collect feedback from the County's citizens.

    c. The County shall publish in English in a local English-language newspaper and in Spanish in a local Spanish-language publication, an article and/or advertisement announcing the date and location of (i) all public meetings and hearings of the Redistricting Commission, and (ii) all public meetings and hearings of the County Legislature or County Executive at which the County's redistricting is discussed. The Redistricting Commission will be properly funded to publish these notices.

>  The article and/or advertisement will also direct the reader to the above referenced website.

27. The Redistricting Commission will release at least one draft redistricting plan during the course of these public hearings, and will solicit public comment on the plan(s). This draft redistricting plan will be posted on the above referenced website, and will include a map of each district, population figures of the minority populations and voting-age populations in each legislative district, and the underlying files shall be made available to any citizen that requests such files.

28. The Redistricting Commission will vote to recommend a redistricting plan to the County Legislature by March 30, 2015. This recommended redistricting plan will be posted on the above referenced website, and will include a map of each district, population figures of the minority populations and voting-age populations in each legislative district, and the underlying files shall be made available to any citizen that requests such files.

29. The Redistricting Commission's recommended redistricting plan will not alter the MMDs in the Settlement Map, unless agreed to by a majority of the Plaintiffs.

30. The County Legislature and County Executive will hold all necessary public hearings and meetings to solicit public feedback on the recommended redistricting plan.

31. By April 13, 2015 the County Legislature will hold a public hearing on the recommended plan.

32. By May 4, 2015 the County Legislature will, based on comments at the public hearing, make any necessary amendments to the plan, which will not include any amendments to the MMDs, unless agreed to by a majority of the Plaintiffs, and will publish the plan in the form of a proposed Local Law redistricting the Legislature.

33. The County Legislature shall vote on the final redistricting plan and proposed Local Law by May 11, 2015 in order to allow for the timely administration of the County Legislative elections during the regularly scheduled 2015 election cycle.

34. The County Executive shall hold a public hearing and act on the Local Law within 15 days after its passage in the County Legislature.

35. All records of the Redistricting Commission will be kept and maintained for at least ten (10) years by the clerk of the Albany County Legislature and/or Albany County Clerk and Hall of Records.

36. The County will retain an experienced and appropriately qualified consultant to assist in the creation and demarcation of district lines. The Redistricting Commission shall evaluate potential candidates for this position and determine which candidate is most qualified. The Redistricting Commission shall be properly funded to retain this consultant.

37. The parties recognize that a downsizing of the number of districts in the County Legislature is a possibility. As a result:

    a. All County legislative elections, both primary and general, shall be held on the regularly scheduled 2015 election cycle and shall not be altered regardless of whether the County Legislature downsizes. If the County Legislature is downsized prior to the regularly scheduled 2015 election cycle, the redistricting plan for the County Legislature still must be able to maintain five (5) MMDs. These MMDs shall be based on a definition of the minority population that combines the Non-Hispanic DOJ Black and Hispanic individuals of voting-age population in the County. Any downsizing of the County Legislature that will affect the County

legislative districts for the 2015 regularly scheduled election cycle shall be done under the appropriate State and local authority, and this Agreement shall not be construed as providing a justification or basis for otherwise.

b. Any downsizing of the County Legislature occurring after the regularly scheduled 2015 election cycle shall be done under the appropriate State and local authority. The new redistricting plan as a result of this downsizing shall ensure that the proportion of the MMDs as compared to the total number of districts shall not be diminished. If new MMDs are drawn as a result of a downsizing of the County Legislature occurring after the regularly scheduled 2015 election cycle, but before the release of the 2020 U.S. Census figures, these majority-minority districts shall be based on a definition of the minority population that combines the Non-Hispanic DOJ Black and Hispanic individuals of voting-age population in the County according to the 2010 U.S. Census figures.

c. Plaintiffs retain the ability and right to sue Defendants if Plaintiffs believe any future redistricting plan that is duly adopted by the County violates the Voting Rights Act, the United States Constitution, or any other applicable law.

38. The Plaintiffs agree that there are no specific requirements for or restrictions upon the boundaries of the other legislative districts for the County Legislature not established in the Settlement Map, so long as these do not infringe on the creation of the Settlement Maps' five MMDs.

D.  **Electoral Reforms**

39. The terms described in paragraphs 20 – 38 above shall not only apply to the next Redistricting Process, but to all future County Redistricting endeavors based on the 2020 U.S. Census.

40. In addition, the below reforms shall be made to the electoral process in the County.

41. In future redistricting endeavors, the consultant hired by the County in accordance with paragraph 36 shall be experienced and appropriately qualified to assist in the determination of the need for MMDs.

42. The County shall make all phases of the election process as accessible to Hispanic and Spanish-speaking citizens within the County of Albany as they are to the remainder of the County's population. Accordingly, the County shall provide information, publicity, and assistance in Spanish regarding all aspects of the electoral process, including but not limited to voter registration, voter registration cancellation, absentee voting, early voting, cumulative voting, fail safe voting, and procedures at the polls including translation of the ballot and training of polling officials and translators.

43. The County shall create and maintain a website containing information regarding the following: polling place location, voter information, absentee voting, and election inspectors. This information shall be in both English and Spanish.

44. The County shall publish in English in a local English-language newspaper and in Spanish in a local Spanish-language publication, an article and/or advertisement explaining the voting process with an accompanying sample ballot and instructions two (2) months prior to

10

Election Day. This article and/or advertisement will also give notice of Election Day and how voters can determine where to vote.

45. Bilingual Election Officials and/or Volunteers may be present at each polling place where more than 10% of the voting age population identifies as some portion Hispanic or Latino.

46. Spanish-language instructions on how to use voting equipment will be readily available at all polling places. Whatever information that the County provides in the voting booth, including, but not limited to, instructions on the casting of a ballot, shall appear in the booth bilingually in both Spanish and English.

47. The County shall ensure that all information that is provided by the County of Albany in English about "registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots," 52 U.S.C. § 10503(c), shall also be provided in Spanish. The County shall ensure that both English and Spanish language election information, materials, and announcements provided by the County of Albany are made equally available.

48. The County shall ensure that Spanish-language election information is translated accurately. To that end, all translation work shall be completed by a certified translator.

49. The parties recognize that regular and ongoing reassessment may be necessary to provide the most effective and efficient Spanish-language program and to ensure compliance with the Voting Rights Act. The County shall evaluate the implementation of these measures after each election to determine which aspects of the program are functioning well, whether any aspects need improvement, and how to affect needed improvements.

### E. Records Retention and Reporting Requirements

50. Throughout the duration of this Stipulation of Settlement and Order, the County shall make and maintain written records of all actions taken pursuant to this Stipulation of Settlement and Order sufficient to document its compliance with all of the requirements set forth herein. Such records shall be made available to the Plaintiffs upon their written request (including via e-mail) and upon reasonable notice.

51. Throughout the duration of this Stipulation of Settlement and Order, at least fourteen (14) days before each election, the County shall provide to counsel for Plaintiffs:

    a. The name, address, and election districts at each polling place;

    b. The name of each election inspector appointed and assigned to serve at each polling place;

    c. The names of those election inspectors who are fluent in English and Spanish;

    d. Copies of any signs or other written information provided at polling locations; and

    e. A set of all written materials to be provided to voters at the election.

52. Throughout the duration of this Stipulation of Settlement and Order, and within sixty (60) days after each election, the County shall provide to counsel for Plaintiffs an updated report regarding (1) any changes in these items; and (2) information about all complaints the County received before, during, or after the election regarding the subject matter of this Stipulation of Settlement and Order.

## IV. SEVERABILITY AND ATTORNEYS' FEES

53. In the event this Stipulation of Settlement and Order or of any of its terms or provisions is challenged in a Court, the County agrees to defend the Stipulation of Settlement and Order and its terms, adequately and in good faith, and to bear any and all fees and costs related to such defense.

54. In the event that any term or provision of this Stipulation of Settlement and Order is declared invalid for any reason by a Court of competent jurisdiction, said finding shall not affect the remaining provisions of this Stipulation of Settlement and Order.

55. Plaintiffs are entitled to attorneys' fees pursuant to 42 U.S.C. § 1988 as prevailing parties. Plaintiffs are also entitled to costs and expenses pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1920.

56. With respect to fees, costs, and disbursements, Plaintiffs will submit a fee application(s) to the Court for the work of Gibson Dunn & Crutcher LLP and DerOhannesian & DerOhannesian, and Plaintiffs' expert fees.

57. The County will not submit any documents or other materials in opposition to the application(s), except stating that it does not consent to the application and allow the Court to determine the application in its sole discretion.

58. Plaintiffs and the County agree that regardless of the Court-ordered fee award, the County is not required to pay more than $750,000 for the fees, costs, and disbursements of Gibson Dunn & Crutcher LLP and DerOhannesian & DerOhannesian, and Plaintiffs' expert fees.

59. Plaintiffs and the County further agree to waive their rights to appeal the entry of this Court's decision regarding Plaintiffs' fee application(s).

## V. JUDICIAL OVERSIGHT

60. The Court will retain jurisdiction of this matter to determine if any further remedial action is necessary in the event any of the above terms of this Stipulation of Settlement and Order are not complied with. If Plaintiffs believe that the County has failed to comply with this Stipulation of Settlement and Order, Plaintiffs may, upon notice to the County, file a motion with the Court for an order compelling compliance.

61. The Court will also retain jurisdiction of the issue of attorneys' fees and costs.

62. Upon approval of this Stipulation of Settlement and Order, as set forth in paragraphs 21 and 23, the Plaintiffs will discontinue this proceeding against the Albany County Board of Elections.

[this section intentionally left blank]

_Thomas Marcelle_ (signature)

Thomas Marcelle
thomas.marcelle@albanycounty.com
Albany County Attorney
112 State Street
Albany, New York 12207
Telephone: 518.447.7110
Fax: 518.477.5564
Bar Roll No. 117102

*Attorney for all Defendants*

_Paul DerOhannesian II_ (signature)

Paul DerOhannesian II
DEROHANNESIAN &
DEROHANNESIAN
paul@derolaw.com
677 Broadway, Suite 707
Albany, New York 12207
Telephone: 518.465.6420
Fax: 518.427.0614
Bar Roll No. 104792

Mitchell A. Karlan
GIBSON, DUNN & CRUTCHER LLP
mkarlan@gibsondunn.com
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.3827
Fax: 212.351.5254
Bar Roll No. 511874

*Attorneys for Plaintiffs*

It is hereby ordered, adjudged, and decreed, that the above terms of settlement are approved and the County of Albany is authorized and directed to act pursuant to the terms of this Stipulation of Settlement and Order.

ENTERED and ORDERED this 23 day of December, 2014.

_Lawrence E. Kahn_ (signature)
Lawrence E. Kahn
U.S. District Judge

101850975.6



Exhibit A