UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANNE POPE, *et al.*,

                                Plaintiffs,

      -against-                                                  1:11-cv-0736 (LEK/CFH)

COUNTY OF ALBANY; and ALBANY
COUNTY BOARD OF ELECTIONS,

                                Defendants.
_____

## DECISION and ORDER

**I.     INTRODUCTION**

       This matter returns to the Court on post-trial submissions from both parties. Presently before the Court are (1) Plaintiffs' Letter Motion addressing a number of evidentiary issues, Dkt. No. 394 ("Letter Motion"), and (2) Defendants' Objections to Plaintiffs' transcript designations and Defendants' counter-designations, Dkt. No. 393 ("Defendants' Objections and Counter-designations"). The Court also *sua sponte* reconsiders its previous ruling regarding the testimony of Matthew Clyne ("Clyne").[1] For the following reasons, Plaintiffs' Letter Motion is granted in part and denied in part, Defendants' Objections to Plaintiffs' transcript designations are overruled, Defendants' counter-designations are admitted into evidence, and portions of Clyne's testimony are stricken from the record.

**II.    PLAINTIFFS' LETTER MOTION**

       Plaintiffs filed a Letter Motion (1) stating that they do not intend to call any rebuttal

---

[1] On January 13, 2015, the Court orally overruled several objections by Plaintiffs to Clyne's testimony. See, e.g., Pope v. Cnty. of Albany, 11-cv-736, Transcript dated January 13, 2015 ("January 13 Transcript") at 1667, 1700-01.

witnesses on January, 27, 2015, and therefore request that the Court cancel proceedings for that date; (2) withdrawing Plaintiffs' objection to the introduction into evidence of the Preliminary Injunction hearing ("PI hearing") transcript, Dkt. Nos. 82; 84; 85 (collectively, "PI Transcript"); (3) requesting that declarations submitted in lieu of live direct examinations at the PI hearing be admitted into evidence; (4) withdrawing from evidence the deposition and PI hearing testimony designations from Samuel Coleman; and (5) requesting that the deadline for post-trial briefs be January 27, 2015, two weeks from the close of trial.  Letter Mot.  Defendants have filed a Response objecting in part to the Letter Motion to the extent it seeks to: (1) introduce into evidence declarations submitted in lieu of direct testimony at the PI hearing; and (2) set the deadline for post-trial briefs.  Dkt. No. 396 ("Response").[2]

At trial, Defendants offered into evidence the PI Transcript under Federal Rule of Civil Procedure 65(a)(2).  Plaintiffs have withdrawn their prior objection to this evidence, and request that the declarations submitted in lieu of direct examination at the PI hearing be admitted as part of the PI Transcript.[3]  Letter Mot.  Defendants argue that these declarations should not be admitted into evidence because Federal Rule of Civil Procedure 65(a)(2), which provides the basis for admitting the PI hearing testimony, "only extends to evidence 'that would be admissible at trial,'" Resp. (citing FED. R. CIV. P. 65(a)(2)), and the declarations constitute inadmissible hearsay.

---

[2] Defendants filed a separate Letter Motion requesting until January 16, 2015 to file a response to Plaintiffs' Letter Motion.  Dkt. No. 395.  Since the Court now considers Defendants' Response, that Motion is denied as moot.  Plaintiffs also filed a reply to Defendants' Response.  Dkt. No. 397 ("Reply").  Pursuant to Local Rule 7.1(b)(2), unauthorized reply memoranda are not permitted on non-dispositive motions.  Plaintiffs' Reply is therefore stricken.

[3] At the PI hearing, Plaintiffs introduced several declarations in lieu of live direct examination, to which Defendants consented.  See, e.g., PI Tr. at 5, 6.

As out of court statements submitted for the truth of the matters asserted therein, the declarations constitute hearsay. See FED. R. EVID. 801. Additionally, though the declarations were accepted in lieu of live testimony at the PI hearing, "[a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." FED. R. CIV. P. 43(a). However, the PI Transcript contains cross-examination of several witnesses for whom Plaintiffs submitted declarations in lieu of live direct examination.[4] See generally PI Tr. Because these cross-examinations are part of the PI Transcript, the Court will admit into evidence the declarations providing the direct testimony of these witnesses under the rule of completeness. See FED. R. EVID. 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time."); see also United States v. Coplan, 703 F.3d 46, 85 (2d Cir. 2012) ("The so-called 'rule of completeness' provides that even though a statement may be hearsay, an omitted portion of the statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.") (internal citation and quotation omitted).

As to the remaining declarations submitted in lieu of direct testimony at the PI hearing, these declarations are not admissible, and Plaintiffs have not shown otherwise. Consequently, they will

---

[4] At the PI hearing, Defendants cross-examined the following individuals based on the direct testimony provided in their declarations: (1) William Cooper, PI Tr. at 8; (2) Dr. Baodong Liu, id. at 102; (3) Janis Gonzalez, id. at 149; (4) Carlos Gonzalez, id. at 157; (5) Lucille McKnight, id. at 162; (6) Wanda Willingham, id. at 165; (7) Joe Gomez, id. at 170; and (8) Samuel Coleman, id. at 172.

not be admitted into evidence simply because they were admitted into evidence at the PI hearing. See FED. R. CIV. P. 65(a)(2) ("[E]vidence that is received on the [preliminary injunction] motion *and that would be admissible at trial* becomes part of the trial record.") (emphasis added).

### III. TRANSCRIPT DESIGNATIONS

**A. Defendants' Objections**

On January 8, 2015, Plaintiffs introduced into evidence transcript designations from: (1) Carlos Gonzalez's PI hearing testimony (P307)[5]; (2) Janis Gonzalez's PI hearing testimony (P308); (3) Michael Perrin's deposition (P309); (4) Thomas Scarff's depositions on May 3 and April 12, 2012 (P310, P313); (5) Paula Wilkerson's depositions on February 28 and April 12, 2012 (P311, P312); (6) Shawn Morse's deposition (P314); (7) John Merrill's deposition (P315); (8) Daniel McCoy's deposition (P316); (9) Robert Conway's deposition (P317); (10) Eugenia Condon's deposition (P318); (11) Christine Benedict's deposition (P319); (12) Michael Breslin's deposition (P320); and (13) Frank Commisso's deposition (P321). Pope v. Cnty. of Albany, 11-cv-736, Transcript dated January 8, 2015 ("January 8 Transcript") at 1487-92. On January 12, 2015, Plaintiffs introduced designations from the PI hearing testimony of John Merrill (P322). Pope v. Cnty. of Albany, 11-cv-736, Transcript dated January 12, 2015 ("January 12 Transcript") at 1501.

As to designations from the former testimony or depositions of Christine Benedict, Frank Commisso, Eugenia Condon, Robert Conway, Daniel McCoy, John Merrill, Michael Perrin, Thomas Scarff, and Paula Wilkerson, Defendants' counsel stated specifically, "they are really admissions, they can put them in; however, we have no objection to that." Jan. 8 Tr. at 1486-87.

---

[5] Numbers in parentheses refer to the exhibit numbers attached to corresponding documents at trial.

Defendants also stated that they had no objection to designations from PI hearing testimony. Id. at 1489. Of the other designations offered, Defendants objected only to the designations from Janis Gonzalez's deposition. Id. at 1490-92; Jan. 12 Tr. at 1501.

The Court received into evidence without objection all of the designations listed *supra*, except those from the deposition of Janis Gonzalez. Jan. 8 Tr. at 1487-88, 1490-92; Jan. 12 Tr. at 1501. Defendants reserved the right to supplement the designations for context. Jan. 8 Tr. at 1490, 1492; Jan. 12 Tr. at 1501. As to designations from the deposition of Janis Gonzalez, the Court found that Janis Gonzalez was an unavailable witness and admitted the designations from her deposition (P323) into evidence. Jan. 12 Tr. at 1501-02. Defense counsel reserved the right to object to certain portions of these designations and to supplement for context. Id. at 1502.

Defendants now object to the introduction of all designations listed *supra*.[6] See generally Defs.' Obj. and Counter-designations. With the exception of their objection to designations from Janis Gonzalez's deposition, Defendants waived all of these objections by failing to raise them in a timely manner. See FED. R. EVID. 103 ("A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and: . . . (1) if the ruling admits evidence, a party, on the record: (A) timely objects or moves to strike."). When Plaintiffs' designations were introduced at trial, Defendants only objected to the introduction of designations from Janis Gonzalez's deposition. As to the rest of Plaintiffs' designations, Defendants either did not raise an objection, or specifically stated that they had no basis on which to object. Indeed,

---

[6] Defendants also object to designations from the deposition and PI hearing testimony of Samuel Coleman. Defs.' Obj. and Counter-designations at 1. Because Plaintiffs withdrew the designations from Samuel Coleman, see Letter Mot., that objection is moot. However, as discussed *supra*, Samuel Coleman's PI hearing testimony and accompanying declaration in lieu of direct examination will be admitted as part of the PI Transcript.

5

Defendants did not raise any of these objections until after the close of trial, in the filing currently before the Court. Consequently, all objections except those as to the designations from Janis Gonzalez's deposition are overruled. Cf., United States v. Martinez, 962 F.2d 1161, 1164, 1166 (5th Cir. 1992) (denying party's motion to strike testimony at a charge conference where no objection was made at the time of the witness's testimony).

Defendants object to designations from the deposition of Janis Gonzalez because Plaintiffs have not shown that she is an "unavailable witness" under Federal Rule of Civil Procedure 32(a)(4) and portions of her deposition designations contain hearsay. Defs.' Obj. and Counter-designations at 2-3. Plaintiffs submitted a trial brief on January 11, 2015, offering designations from the deposition of Janis Gonzalez as an unavailable witness under Federal Rule of Civil Procedure 32(a)(4), Dkt. No. 387, and on January 12, the Court accepted Plaintiffs' designations from Janis Gonzalez's deposition on that basis, Jan. 12 Tr. at 1501-02. Additionally, in Plaintiffs' Response to Defendants' Objections and Counter-designations, Plaintiffs state that for each portion of the designation to which Defendants object as hearsay, Plaintiffs do not rely on the statement for the truth of the matter asserted. Dkt. No. 398 ("Plaintiffs' Response to Defendants' Objections") at 9-10. Consequently, Defendants' objections to the designations from Janis Gonzalez's deposition are overruled.

### B. Defendants' Counter-designations

Defendants offer counter-designations to Plaintiffs' designations under Federal Rule of Civil Procedure 32(a)(6). Defs.' Obj. and Counter-designations at 4-6. Plaintiffs object to several of Defendants' counter-designations as outside the scope of Plaintiffs' designations, irrelevant, or hearsay. See generally Pls.' Resp. to Defs.' Obj. After reviewing Defendants' counter-designations

6

and Plaintiffs' objections, the Court overrules Plaintiffs' objections.  To the extent Defendants seek to introduce counter-designations for the testimony or deposition of Samuel Coleman, those counter-designations are moot.[7]  All of Defendants' remaining counter-designations are admitted into evidence.

### IV.    CLYNE TESTIMONY

On January 13, 2015, Matthew Clyne testified in this matter.  Jan. 13 Tr. at 1663-1777.  Among other issues, Clyne offered his opinion on the circumstances and dynamics of several elections in Albany county.  See, e.g., id. at 1669, 1702-05, 1707, 1712.  Plaintiffs objected to this testimony as improper opinion testimony and the Court overruled the objections.  See, e.g., id. at 1667, 1700-01, 1713.  The Court now *sua sponte* reconsiders its ruling based on the need to correct a clear error.  See United States v. LoRusso, 695 F.2d 45, 53 (2d Cir. 1982) ("A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment").

Federal Rule of Evidence 701 allows opinion testimony by a lay witness "that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  FED. R. EVID. 701.  "The purpose of Rule 701(c) is to 'prevent a party from conflating expert and lay opinion testimony thereby conferring an aura of expertise on a witness without satisfying the reliability standard for expert testimony set forth in Rule 702 and the pre-trial disclosure requirements set forth' in Federal Rule of Civil Procedure 26."  DVL, Inc. v. Niagara Mohawk Power Corp., 490 F. App'x 378, 380-81 (2d Cir.

---

[7] As noted *supra*, Plaintiffs withdrew the designations from Samuel Coleman's deposition, and his full testimony from the PI hearing will be admitted as part of the PI Transcript.

2012) (citing United States v. Garcia, 413 F.3d 201, 215 (2d Cir. 2005)). In considering whether a witness's testimony is based on "scientific, technical, or other specialized knowledge," "a court must focus on 'the reasoning process' by which a witness reached his proffered opinion. If the opinion rests 'in any way' upon scientific, technical, or other specialized knowledge, its admissibility must be determined by reference to Rule 702, not Rule 701." Garcia, 413 F.3d at 215.

      The Court finds that portions of Clyne's testimony relied on Clyne's "specialized knowledge" based on his years of experience in Albany politics. Though Clyne testified that he had reviewed the results of elections "after the fact," Jan. 13 Tr. at 1666, Defendants stated explicitly that Clyne's testimony as to the "dynamics and circumstances" involved in Albany county and city elections was based on "his capacity as someone who's been involved in Albany politics for 40 years, . . . given his vast experience and vast knowledge in this arena," id. at 1713-14. Additionally, Clyne did not merely testify to factors he observed in political races; rather, he drew conclusions about why certain candidates won or lost elections. See, e.g., id. at 1705, 1707. These conclusions were not "the product of reasoning processes familiar to the average person in everyday life," Adams v. City of N.Y., 993 F. Supp. 2d 306, 324-25 (E.D.N.Y. 2014) (citing Garcia, 413 F.3d at 215), but rather relied on Clyne's specialized knowledge of the dynamics of political races in Albany county, cf., Bank of China, N.Y. Branch v. NBM LLC, 359 F.3d 171, 180-82 (2d Cir. 2004) (finding that it was error for district court to admit lay witness's testimony that was "based on [the witness's] experience and specialized knowledge in international banking"). Defendants did not seek to qualify Clyne as an expert witness. Consequently, the Court finds that the portions of Clyne's testimony in which he draws conclusions about the reasons for electoral outcomes constituted improper opinion testimony and is therefore stricken from the record.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiffs' Letter Motion (Dkt. No. 394) is **GRANTED in part** to the extent it requests that the Court cancel proceedings on January 27, 2015; withdraws Plaintiffs' objection to the introduction into evidence of the Preliminary Injunction hearing transcript (Dkt. Nos. 82; 84; 85); withdraws the designations from the testimony and deposition of Samuel Coleman; and seeks to introduce the declarations of witnesses who were cross-examined during the Preliminary Injunction hearing. The transcript of the Preliminary Injunction hearing (Dkt. Nos. 82; 84; 85) and the declarations in lieu of direct examination of Janis Gonzalez (Dkt. No. 17); Joe Gomez (Dkt. No. 18); Lucille McKnight (Dkt. No. 20); Samuel Coleman (Dkt. No. 22); Carlos Gonzalez (Dkt. No. 23); Dr. Baodong Liu (Dkt. No. 24); William Cooper (Dkt. No. 25); and Wanda Willingham (Dkt. No. 26) will be admitted into evidence; and it is further

**ORDERED**, that Plaintiffs' Letter Motion (Dkt. No. 394) is **DENIED in part** to the extent it seeks to introduce into evidence all other declarations submitted in lieu of direct testimony at the Preliminary Injunction hearing; and it is further

**ORDERED**, that Defendants' counter-designations (Dkt. No. 393) are admitted into evidence; and it is further

**ORDERED**, that portions of Matthew Clyne's testimony are stricken from the record consistent with this Decision and Order; and it is further

**ORDERED**, that Defendants' Letter Motion (Dkt. No. 395) is **DENIED as moot**; and it is further

**ORDERED**, that Plaintiffs' Reply (Dkt. No. 397) is **STRICKEN**; and it is further

**ORDERED**, that the parties submit post-trial briefs no later than two weeks from the date of this Decision and Order.  Should the briefs raise new issues, the parties may file response briefs one week later; and it is further

**ORDERED**, that the Clerk of the Court serve all parties with this Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   January 22, 2015
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge